Electronically Received 10/07/2021 01:59 PM
IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

1  Rodney S. Diggs, Esq. (SBN 274459)
2  **IVIE McNEILL WYATT PURCELL & DIGGS**
   A Professional Law Corporation
3  444 South Flower Street, Suite 1800
   Los Angeles, California 90071
4  Tel:   (213) 489-0028
   Fax:   (213) 489-0552
5
6  Maro Burunsuzyan, Esq. (SBN 175369)
   **LAW OFFICES OF MARO BURUNSUZYAN**
7  601 East Glenoaks Boulevard, Suite 210
   Glendale, California 91207
8  Tel:   (818) 507-5188
   Fax:   (818) 507-5199
9
   Attorneys for Plaintiff, TAMMY MURILLO

**FILED**
Superior Court of California
County of Los Angeles

**10/07/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ L. Marquez _____ Deputy

10        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 12  TAMMY MURILLO, an individual, and as Successor in Interest to JESSE MURILLO, deceased, <br><br> 14        Plaintiff, <br><br> 15        v. <br><br> 16  CITY OF LOS ANGELES, a GOV'T entity and DOES 1 to 50, inclusive, <br><br> 17        Defendants. | Case No: 18STCV09428 <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a)) (Based on Negligence)** <br> 2. **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a)) (Based on Battery)** <br> 3. **Violation of Cal. Civil Code § 52.1** <br> 4. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)** <br> 5. **Violations of Civil Rights (42 U.S.C. § 1983) (Substantive Due Process)** <br> 6. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)** <br><br> Complaint Filed: December 24, 2018 <br> Trial Date: TBA |

27  **COME NOW** Plaintiff Tammy Murillo, individually, and as Successor in Interest to

28

1
FIRST AMENDED COMPLAINT

Exhibit 82 - Page 533

JESSE MURILLO, deceased, for causes of action against Defendants CITY OF LOS ANGELES, OFFICER SIGMAN, OFFICER MONTAGUE, and DOES 1 through 50, inclusive, and complain and allege as follows:

## INTRODUCTORY ALLEGATIONS

1.    Plaintiff TAMMY MURILLO is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Plaintiff Tammy Murillo is the surviving biological mother of decedent JESSE MURRILO.

2.    Defendant CITY OF LOS ANGELES (herein "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

3.    Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER FRED SIGMAN (hereinafter "OFFICER SIGMAN") is, and at all times relevant was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant OFFICER SIGMAN was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of state law and in the course and scope of his employment with the Defendant CITY and the Los Angeles Police Department.

4.    Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER CHRISTOPHER MONTAGUE (hereinafter "OFFICER MONTAGUE") is, and at all times relevant was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant OFFICER MONTAGUE was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of state law and in the course and scope of his employment with the Defendant CITY and the Los Angeles Police Department.

5.    Plaintiff is informed, believes, and thereon alleges that the heretofore unknown Defendant DOE Offices are, and at all relevant times mentioned herein were, residents of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, said Defendant DOE Officers were police officers employed by the Defendant CITY and the Los Angeles Police Department.

6.    Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiff is informed,

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

2

Exhibit 82 - Page 534

believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendant proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter asset forth, or by reason of direct or imputed negligence of vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

7.    On or around June 20, 2018, a timely Claim for Damages was submitted to the City of Los Angeles in substantial compliance with California Government Code § 910, et seq. As of the date of filing this Complaint, said Claim has been denied.

8.    Each of the individual Defendants sued herein is sued both in his/her individual and personal capacity, as well as in his/her official capacity.

9.    Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

10.    This Complaint concerns a fatal officer-involved shooting incident which occurred during the evening hours of Saturday, December 23, 2017, on or around an alley at or near Strathern Street in the Canoga Park area of Los Angeles, California. Plaintiff is informed, believes, and thereon alleges that at approximately 7:20 p.m. on the evening of December 23, 2017, Defendants OFFICER SIGMAN and OFFICER MONTAGUE, and the heretofore unknown Defendant DOE Officers (hereinafter sometimes collectively referred to as the "Defendant OFFICERS"), while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, responded to a radio call regarding a suspect, later identified as JESSE MURILLO, who had reportedly been involved in what the call described as "battery in progress."

11.    Plaintiff is informed, believes, and thereon alleges that when the Defendant OFFICERS arrived on or around the alley near Strathern Street, Jesse Murillo (hereinafter "Mr.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

3

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 535

Murillo" or "Decedent") was standing and/or walking near an alley wearing a gas mask, and holding a metal tool and a hammer in his hands. Mr. Murillo was not threatening any person at the time of the Defendant OFFICERS arrival at or near the alley of Strathern Street. Plaintiff is further informed, and believes, and thereon alleges, that at the time that the Defendant OFFICERS first encountered Mr. Murillo, it was or should have been apparent to the Defendant OFFICERS that Mr. Murillo was mentally ill, emotionally disturbed, and/or undergoing mental health crisis.

12.     Without warning, Defendant OFFICERS proceeded to assault and batter Mr. Murillo by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at Mr. Murillo, inflicting multiple gunshot wounds to Mr. Murillo's person, which proved to be fatal. At no time during the course of these events did Mr. Murillo pose any reasonable or credible threat of death or serious bodily harm to Defendant OFFICERS, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Following the shooting, the Defendant OFFICERS denied medical care to JESSE MURILLO in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, JESSE MURILLO died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

13.     At no time during the course of these events did JESSE MURILLO pose any reasonable or credible threat of death or serious bodily injury to the Defendant OFFICERS who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, JESSE MURILLO posed no immediate threat of death or serious bodily injury to the Defendant OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead, JESSE MURILLO made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant OFFICERS shot and killed JESSE MURILLO, the Defendant OFFICERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JESSE MURILLO posed an immediate threat of death or serious bodily injury to any person.

/ / /

/ / /

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

4

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 536

**FIRST CAUSE OF ACTION**

**(By Plaintiff Tammy Murillo Against All Defendants**

**for Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a)) (Based on Negligence)**

14.    Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

15.    All claims asserted herein against Defendant CITY are presented pursuant to Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

16.    Plaintiff is informed, believes and thereon alleges that at approximately 7: 20 p.m. on the evening of Saturday, December 23, 2017, Defendant OFFICERS and the heretofore unknown Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, responded to a radio call regarding a suspect, later identified as JESSE MURILLO, who had reportedly been involved in what the call described as a "batter in progress."

17.    Plaintiff is informed, believes, and thereon alleges that when the Defendant OFFICERS arrived on or around the alley near Strathern Street, Jesse Perez (hereinafter sometimes referred to as "Mr. Murillo") was standing and/or walking near an alley wearing a gas mask, and holding a metal tool and a hammer in his hands. Mr. Murillo was not threatening any person at the time of the Defendant OFFICERS arrival at or near the alley of Strathern Street. Plaintiff is further informed, and believes, and thereon alleges, that at the time that the Defendant OFFICERS first encountered Mr. Murillo, it was or should have been apparent to the Defendant OFFICERS that Mr. Murillo was mentally ill, emotionally disturbed, and/or undergoing mental health crisis.

18.    Defendant OFFICERS approached JESSE MURILLO as he was walking and/or standing in an alley at or near Strathern Street with their department-issued firearm pointed directly at JESSE MURILLO'S person. Without warning, the Defendant DOE Officer proceeded to assault and batter JESSE MURILLO by acts which included, but were not limited to, repeatedly and unjustifiably assaulting JESSE MURILLO with their department-issued firearm, repeatedly and unjustifiably discharging their department-issued firearm at the person of JESSE MURILLO, and inflicting multiple gunshot wounds to the person of JESSE MURILLO, which proved to be fatal. Following the shooting, the Defendant OFFICERS denied medical care to

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

Exhibit 82 - Page 537

JESSE MURILLO in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, JESSE MURILLO died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

19.    At no time during the course of these events did JESSE MURILLO pose any reasonable or credible threat of death or serious bodily injury to the Defendant OFFICERS who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, JESSE MURILLO posed no immediate threat of death or serious bodily injury to the Defendant OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead, JESSE MURILLO made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant OFFICERS shot and killed JESSE MURILLO, the Defendant OFFICERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JESSE MURILLO posed an immediate threat of death or serious bodily injury to any person.

20.    Plaintiff is informed, believes, and thereon alleges that on and before December 23, 2017 the Defendant OFFICERS had a duty to exercise the reasonable and ordinary care that would be expected of similarly situated law enforcement officers in the use of deadly force, and a duty to exercise the reasonable and ordinary care that would be expected of similarly situated law enforcement officers in the execution of police tactics and police procedures in approaching and/or attempting to detain and/or arrest persons who do not pose an immediate threat of death or serious bodily injury to the officers or others. Notwithstanding each of these duties, the Defendant OFFICERS failed to exercise reasonable and ordinary care in committing the acts alleged herein, by acts and omissions which include, but are not limited to, negligently failing to utilize additional department personnel and resources during the incident involving JESSE MURILLO, negligently failing to utilize available forms of cover and concealment during the incident involving JESSE MURILLO, negligently failing to maintain a position of tactical advantage during the incident involving JESSE MURILLO, negligently failing to communicate and/or effectively communicate with other departmental personnel and resources, and with JESSE MURILLO, during the incident involving JESSE MURILLO, negligently failing to utilize and/or appropriately utilize less lethal force options and other alternatives less intrusive

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

Exhibit 82 - Page 538

than deadly force during the incident involving JESSE MURILLO, negligently failing to de-escalate the situation involving JESSE MURILLO, negligently employing a tactical response to the situation involving JESSE MURILLO that resulted in the unnecessary and preventable shooting of JESSE MURILLO, negligently failing to determine the fact that JESSE MURILLO posed no immediate threat of death or serious bodily injury to any person when he was shot, negligently inflicting physical injury upon JESSE MURILLO, as described herein, and negligently employing deadly force against JESSE MURILLO when the same was unnecessary and unlawful. All of these negligent acts proximately caused JESSE MURILLO'S death on December 23, 2017.

21.    As a proximate result of the above-described negligent conduct of the Defendant OFFICERS, JESSE MURILLO was shot and killed on December 23, 2017.

22.    As a direct and proximate result of the above-described negligent conduct of the Defendant OFFICERS, and the ensuing death of JESSE MURILLO, JESSE MURILLO'S heir, Plaintiffs TAMMY MURILLO, has sustained substantial economic and noneconomic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, financial support, and gifts and benefits of JESSE MURILLO in an amount according to proof at trial.

23.    As a further direct and proximate result of the above-described negligent conduct of the Defendant OFFICERS, and the ensuing death of JESSE MURILLO, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

**(By Plaintiff TAMMY MURILLO Against All Defendants for Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a)) (Based on Battery))**

24.    Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

25.    All claims asserted herein against Defendant CITY are presented pursuant to Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

26.    At approximately 7:20 p.m. on the evening of Saturday, December 23, 2017, JESSE MURILLO was at or around an alley near Strathern Street in the Canoga Park area in the City and County of Los Angeles when Defendant OFFICERS, while acting under color of state

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

7

Exhibit 82 - Page 539

1   law and in the course and scope of their employment with the Defendant CITY and the Los

2   Angeles Police Department, responded to a radio call regarding a suspect, later identified as

3   JESSE MURILLO, who had reportedly been involved in what the call described as a "batter in progress."

4       27.     Plaintiff is informed, believes, and thereon alleges that when the Defendant

5   OFFICERS arrived on or around the alley near Strathern Street, Mr. Perez was standing and/or

6   walking near an alley wearing a gas mask, and holding a metal tool and a hammer in his hands.

7   Mr. Murillo was not threatening any person at the time of the Defendant OFFICERS arrival at or

8   near the alley of Strathern Street. Plaintiff is further informed, and believes, and thereon alleges,

9   that at the time that the Defendant OFFICERS first encountered Mr. Murillo, it was or should

10  have been apparent to the Defendant OFFICERS that Mr. Murillo was mentally ill, emotionally

    disturbed, and/or undergoing mental health crisis.

11      28.     Defendant OFFICERS approached JESSE MURILLO as he was walking and/or

12  standing in an alley at or near Strathern Street with their department-issued firearm pointed

13  directly at JESSE MURILLO'S person. Without warning, the Defendant DOE Officer proceeded

14  to assault and batter JESSE MURILLO by acts which included, but were not limited to,

15  repeatedly and unjustifiably assaulting JESSE MURILLO with their department-issued firearm,

    repeatedly and unjustifiably discharging their department-issued firearm at the person of JESSE

16  MURILLO, and inflicting multiple gunshot wounds to the person of JESSE MURILLO, which

17  proved to be fatal. Following the shooting, the Defendant OFFICERS denied medical care to

18  JESSE MURILLO in a manner that demonstrated deliberate indifference to his constitutional

19  rights. After a significant and appreciable period of time had passed following the shooting,

20  JESSE MURILLO died as a direct and proximate result of the gunshot wounds inflicted upon his

    person by the Defendant OFFICERS.

21      29.     At no time during the course of these events did JESSE MURILLO pose any

22  reasonable or credible threat of death or serious bodily injury to the Defendant OFFICERS who

23  shot him, nor did he do anything to justify the force used against him, and the same was deadly,

24  excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot,

25  JESSE MURILLO posed no immediate threat of death or serious bodily injury to the Defendant

26  OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead,

    JESSE MURILLO made no aggressive movements, furtive gestures, or physical movements

27  which would suggest to a reasonable police officer that he had the will, or the ability, to inflict

28

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

8

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 540

substantial bodily harm upon any individual. Prior to and during the time in which the Defendant OFFICERS shot and killed JESSE MURILLO, the Defendant OFFICERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JESSE MURILLO posed an immediate threat of death or serious bodily injury to any person.

30.    Plaintiff is informed, believes, and thereon alleges that in shooting JESSE MURILLO, as described in the foregoing paragraphs of this Complaint, the Defendant OFFICERS acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive JESSE MURILLO of his protected rights and privileges, and did in fact violate JESSE MURILLO'S protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant OFFICERS in an amount to be proven at trial.

31.    As a direct and proximate result of the above-described conduct of the Defendant OFFICERS, and the ensuing death of JESSE MURILLO, JESSE MURILLO'S heir, Plaintiff TAMMY MURILLO has sustained substantial economic and noneconomic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, financial support, and gifts and benefits of JESSE MURILLO in an amount according to proof at trial.

32.    As a further direct and proximate result of the above-described conduct of the Defendant OFFICERS, and the ensuing death of JESSE MURILLO, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

### THIRD CAUSE OF ACTION

#### (By Plaintiff TAMMY MURILLO Against ALL Defendants
#### for Violation of Cal. Civil Code § 52.1)

33.    Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

34.    All claims asserted herein against Defendant CITY are presented pursuant to Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

35.    This cause of action is brought on behalf of decedent JESSE MURILLO, by and through Plaintiff TAMMY MURILLO in her capacity as Successors in Interest to JESSE

9

Exhibit 82 - Page 541

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

1   MURILLO, who would, but for his death, be entitled to bring this cause of action, and is set forth

2   herein to redress the deprivation of rights, privileges, and/or immunities secured to JESSE

3   MURILLO by the laws of the United States and the United States Constitution, the California

    Constitution, and the laws of the State of California, including California Civil Code § 52.1.

4       36.    At approximately 7:20 p.m. on the evening of Saturday, December 23, 2017,

5   JESSE MURILLO was at or around an alley near Strathern Street in the Canoga Park area in the

6   City and County of Los Angeles when Defendant OFFICERS, while acting under color of state

7   law and in the course and scope of their employment with the Defendant CITY and the Los

8   Angeles Police Department, responded to a radio call regarding a suspect, later identified as

    JESSE MURILLO, who had reportedly been involved in what the call described as a "batter in

9   progress."

10      37.    Plaintiff is informed, believes, and thereon alleges that when the Defendant

11  OFFICERS arrived on or around the alley near Strathern Street, Mr. Perez was standing and/or

12  walking near an alley wearing a gas mask, and holding a metal tool and a hammer in his hands.

13  Mr. Murillo was not threatening any person at the time of the Defendant OFFICERS arrival at or

14  near the alley of Strathern Street. Plaintiff is further informed, and believes, and thereon alleges,

    that at the time that the Defendant OFFICERS first encountered Mr. Murillo, it was or should

15  have been apparent to the Defendant OFFICERS that Mr. Murillo was mentally ill, emotionally

16  disturbed, and/or undergoing mental health crisis.

17      38.    As a direct and proximate result of the above-mentioned conduct of the Defendant

18  OFFICERS, JESSE MURILLO was shot on December 23, 2017. After surviving for an

19  appreciable period of time following the shooting, JESSE MURILLO died as a direct and

    proximate result of the gunshot wounds inflicted upon his person by the Defendant OFFICERS.

20

21      39.    At no time during the course of these events did JESSE MURILLO pose any

    reasonable or credible threat of death or serious bodily injury to the Defendant OFFICERS who

22  shot him, nor did he do anything to justify the force used against him, and the same was deadly,

23  excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot,

24  JESSE MURILLO posed no immediate threat of death or serious bodily injury to the Defendant

25  OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead,

    JESSE MURILLO made no aggressive movements, furtive gestures, or physical movements

26  which would suggest to a reasonable police officer that he had the will, or the ability, to inflict

27  substantial bodily harm upon any individual. Prior to and during the time in which the Defendant

28

10

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

Exhibit 82 - Page 542

OFFICERS shot and killed JESSE MURILLO, the Defendant OFFICERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JESSE MURILLO posed an immediate threat of death or serious bodily injury to any person.

40.    California Civil Code § 52.1 (the Bane Act) prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for that person's exercise of his or her constitutional rights.

41.    Plaintiff is informed, believes, and thereon alleges that the Defendant OFFICERS, while acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, intentionally committed and attempted to commit acts of violence against JESSE MURILLO, and/or acted with reckless disregard for JESSE MURILLO'S civil rights, by repeatedly and unjustifiably assaulting JESSE MURILLO with their department-issued firearm, repeatedly and unjustifiably discharging his department-issued firearm at the person of JESSE MURILLO, and inflicting multiple gunshot wounds to the person of JESSE MURILLO without justification or excuse.

42.    When the Defendant OFFICERS shot JESSE MURILLO, they interfered with JESSE MURILLO'S civil rights, including, but not limited to, JESSE MURILLO'S right to be free from unreasonable government seizures of his person under the Fourth Amendment to the United States Constitution, JESSE MURILLO'S right to be secure in his person against unreasonable seizures under Article I, Section 13 of the California Constitution, and JESSE MURILLO'S right of protection from bodily restraint and harm under California Civil Code § 43.

43.    Plaintiff is informed, believes, and thereon alleges that the Defendant OFFICERS intentionally and spitefully committed the above-described acts to discourage JESSE MURILLO from exercising his civil rights, retaliate against JESSE MURILLO for invoking his civil rights, and/or prevent JESSE MURILLO from exercising his civil rights, and/or acted with reckless disregard for JESSE MURILLO'S civil rights, which JESSE MURILLO was fully entitled to enjoy.

44.    Plaintiff is informed, believes, and thereon alleges that JESSE MURILLO reasonably believed and understood that the violent acts committed by the Defendant OFFICERS were intended to discourage him from exercising his above-described civil rights, retaliate against him for invoking his above-described civil rights, and/or prevent him from exercising his above-described civil rights.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

Exhibit 82 - Page 543

45.    Plaintiff is informed, believes, and thereon alleges that the Defendant OFFICERS successfully interfered with the above-described civil rights of JESSE MURILLO.

46.    The wrongful, intentional, and malicious conduct of the Defendant OFFICERS described herein were a substantial factor in causing JESSE MURILLO'S harms, losses, injuries, and damages.

47.    Plaintiff is informed, believes, and thereon alleges that in intentionally committing and attempting to commit acts of violence against JESSE MURILLO, and/or in acting with reckless disregard for JESSE MURILLO'S civil rights, and thereby interfering with JESSE MURILLO's civil rights, as described in the foregoing paragraphs of this Complaint, the Defendant OFFICERS acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JESSE MURILLO of his protected rights and privileges, and did in fact violate JESSE MURILLO'S protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant OFFICERS in an amount to be proven at trial.

48.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICERS, JESSE MURILLO was shot and killed on December 23, 2017, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

49.    As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICERS, JESSE MURILLO was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

50.    Plaintiff seeks treble damages, attorney's fees, and costs and expenses for this claim pursuant to California Civil Code §§ 52 and 52.1.

/ / /
/ / /
/ / /
/ / /

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

12
FIRST AMENDED COMPLAINT

Exhibit 82 - Page 544

## FOURTH CAUSE OF ACTION

**(By Plaintiff TAMMY MURILLO, as Successor in Interest to JESSE MURILLO,**

**Deceased, Against Defendants OFFICER NUNEZ and OFFICER VALASCO for**

**Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

51.     Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

52.     This cause of action is brought on behalf of decedent JESSE MURILLO, by and through Plaintiff TAMMY MURILLO in her capacity as Successors in Interest to JESSE MURILLO, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to JESSE MURILLO by the Fourth Amendment to the United States Constitution, including, but not limited to, JESSE MURILLO'S right to be free from unreasonable governmental seizures of his person.

53.     Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant CITY employed the individual Defendants named herein, including the Defendant OFFICERS. Defendant CITY provided its individual employees and agents, including the Defendant OFFICERS, with official badges and identification cards that designated and described the bearers as employees of Defendant CITY and the Los Angeles Police Department.

54.     Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS were employed by Defendant CITY and the Los Angeles Police Department, and were acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department.

55.     At approximately 7:20 p.m. on the evening of Saturday, December 23, 2017,

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

13

Exhibit 82 - Page 545

1  JESSE MURILLO was at or around an alley near Strathern Street in the Canoga Park area in the
2  City and County of Los Angeles when Defendant OFFICERS, while acting under color of state
3  law and in the course and scope of their employment with the Defendant CITY and the Los
4  Angeles Police Department, responded to a radio call regarding a suspect, later identified as
5  JESSE MURILLO, who had reportedly been involved in what the call described as a "batter in
6  progress."

7        56.    Plaintiff is informed, believes, and thereon alleges that when the Defendant
8  OFFICERS arrived on or around the alley near Strathern Street, Mr. Perez was standing and/or
9  walking near an alley wearing a gas mask, and holding a metal tool and a hammer in his hands.
10 Mr. Murillo was not threatening any person at the time of the Defendant OFFICERS arrival at
11 or near the alley of Strathern Street. Plaintiff is further informed, and believes, and thereon
12 alleges, that at the time that the Defendant OFFICERS first encountered Mr. Murillo, it was or
13 should have been apparent to the Defendant OFFICERS that Mr. Murillo was mentally ill,
14 emotionally disturbed, and/or undergoing mental health crisis.

15       57.    At no time during the course of these events did JESSE MURILLO pose any
16 reasonable or credible threat of death or serious bodily injury to the Defendant OFFCIERS who
17 shot him, nor did he do anything to justify the force used against him, and the same was deadly,
18 excessive, unnecessary, and unlawful.  Prior to and during the time in which he was fatally shot,
19 JESSE MURILLO posed no immediate threat of death or serious bodily injury to the Defendant
20 OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead,
21 JESSE MURILLO made no aggressive movements, furtive gestures, or physical movements
22 which would suggest to a reasonable police officer that he had the will, or the ability, to inflict
23 substantial bodily harm upon any individual. Prior to and during the time in which the
24 Defendant OFFICERS shot and killed JESSE MURILLO, the Defendant OFFCIERS, who
25 fired, were not faced with any circumstances which would have led a reasonable police officer
26 to believe that JESSE MURILLO posed an immediate threat of death or serious bodily injury to
27 any person.

28

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

14

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 546

58.     At all times mentioned herein, the Defendant OFFICERS acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and Defendant CITY. The Defendant OFFICERS deprived JESSE MURILLO of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

59.     JESSE MURILLO had the right to be free from unreasonable governmental seizures of his person, a right which was secured to JESSE MURILLO by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant OFFFICERS, which proximately caused the death of JESSE MURILLO.

60.     Plaintiff is informed, believes, and thereon alleges that in unreasonably seizing the person of JESSE MURILLO, as described in the foregoing paragraphs of this Complaint, the Defendant OFFICERS acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JESSE MURILLO of his constitutionally protected rights and privileges, and did in fact violate JESSE MURILLO'S constitutionally protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant OFFICERS in an amount to be proven at trial.

61.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICERS, JESSE MURILLO was shot and killed on December 23, 2017, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

62.     As a further direct and proximate result of the wrongful, intentional, and

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 547

1   malicious acts and omissions of the Defendant OFFICERS, JESSE MURILLO was required to

2   employ, and did in fact employ, health care providers and/or medical practitioners to examine,

3   treat, and care for him and incurred expenses for emergent medical services and medical

4   treatment and care prior to his death in an amount according to proof at trial.

5        63.    Plaintiff is entitled to and hereby demands costs, attorney's fees, and expenses

6   pursuant to 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION

**(By Plaintiff TAMMY MURILLO Against Defendants OFFICER SIGMAN and**

**OFFICER VMONTAGUE for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Substantive Due Process)**

11       64.    Plaintiff incorporates herein by reference all prior paragraphs of this Complaint

12  as though fully set forth herein.

13       65.    This cause of action is brought by Plaintiff TAMMY MURILLO in her

14  individual capacity, and is set forth herein to redress the deprivation, under color of statute,

15  ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or

16  immunities secured to Plaintiff by the Fourteenth Amendment to the United States

17  Constitution, including, but not limited to, Plaintiff's right to substantive due process and

18  privacy, Plaintiff's right to associate with her son, JESSE MURILLO, Plaintiff's right to enjoy

19  the care, companionship, familial relationship, and society of her son, JESSE MURILLO, and

20  Plaintiff's right to be free from arbitrary and unreasonable governmental intrusions into her

21  family unit.

22       66.    Plaintiff's is informed, believes, and thereon alleges that at all times mentioned

23  herein, Defendant CITY employed the individual Defendants named herein, including the

24  Defendant OFFICERS. Defendant CITY provided its individual employees and agents,

25  including the Defendant OFFICERS, with official badges and identification cards that

26  designated and described the bearers as employees of Defendant CITY and the Los Angeles

27  Police Department.

28

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

Exhibit 82 - Page 548

67.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS were employed by Defendant CITY and the Los Angeles Police Department, and were acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department.

68.    At approximately 7:20 p.m. on the evening of Saturday, December 23, 2017, JESSE MURILLO was at or around an alley near Strathern Street in the Canoga Park area in the City and County of Los Angeles when Defendant OFFICERS, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, responded to a radio call regarding a suspect, later identified as JESSE MURILLO, who had reportedly been involved in what the call described as a "batter in progress."

69.    Plaintiff is informed, believes, and thereon alleges that when the Defendant OFFICERS arrived on or around the alley near Strathern Street, Mr. Perez was standing and/or walking near an alley wearing a gas mask, and holding a metal tool and a hammer in his hands. Mr. Murillo was not threatening any person at the time of the Defendant OFFICERS arrival at or near the alley of Strathern Street. Plaintiff is further informed, and believes, and thereon alleges, that at the time that the Defendant OFFICERS first encountered Mr. Murillo, it was or should have been apparent to the Defendant OFFICERS that Mr. Murillo was mentally ill, emotionally disturbed, and/or undergoing mental health crisis.

70.    At no time during the course of these events did JESSE MURILLO pose any reasonable or credible threat of death or serious bodily injury to the Defendant OFFICER who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, JESSE MURILLO posed no immediate threat of death or serious bodily injury to the Defendant OFFICERS, nor to any other person. Prior to and during the time in which he was shot dead, JESSE MURILLO made no aggressive movements, furtive gestures, or physical

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

17

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 549

movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant OFFICERS shot and killed JESSE MURILLO, the Defendant OFFICERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JESSE MURILLO posed an immediate threat of death or serious bodily injury to any person.

71.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS were faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the rights and safety of JESSE MURILLO, and with a conscious disregard for the risks posed to the safety of JESSE MURILLO when they shot JESSE MURILLO. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS acted with a purpose to harm unrelated to any legitimate law enforcement objective when they shot JESSE MURILLO. At all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS' actions in shooting JESSE MURILLO would be considered to "shock the conscience."

72.    At all times mentioned herein, the Defendant OFFICERS acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and Defendant CITY. The Defendant OFFICERS deprived Plaintiffs of the rights, privileges, and/or immunities secured to them by the Fourteenth Amendment to the United States Constitution and the laws of the United States, including, but not limited to, Plaintiff's right to substantive due process and privacy, Plaintiff's right to associate with her son, JESSE MURILLO, Plaintiff's right to enjoy the care, companionship, familial relationship, and society of her son, JESSE MURILLO and Plaintiff's right to be free from arbitrary and unreasonable governmental intrusions into their family unit.

73.    Plaintiff had a right to substantive due process and privacy, as well as a right to associate with her son, JESSE MURILLO, a right to enjoy the care, companionship, familial

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

18

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 550

1  relationship, and society of her son, JESSE MURILLO, and a right to be free from arbitrary

2  and unreasonable governmental intrusions into her family, all of which were secured to

3  Plaintiff by the provisions of the Fourteenth Amendment to the United States Constitution, and

4  by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the

5  Defendant OFFICERS, which proximately caused the death of JESSE MURILLO

6      74.    By causing the death of JESSE MURILLO, the actions of the Defendant

7  OFFICERS violated Plaintiff's Fourteenth Amendment right to substantive due process and

8  privacy, as well as Plaintiff's Fourteenth Amendment right to associate with her son, JESSE

9  MURILLO, Plaintiff's Fourteenth Amendment right to enjoy the care, companionship, familial

10  relationship, and society of her son, JESSE MURILLO, and Plaintiff's Fourteenth Amendment

11  right to be free from arbitrary and unreasonable governmental intrusions into her family unit.

12      75.    Plaintiff is informed, believes, and thereon alleges that in shooting and killing

13  JESSE MURILLO, the Defendant OFFICERS acted outside the scope of their jurisdiction and

14  without authorization of law, and acted willfully, maliciously, knowingly, with reckless

15  disregard for and callous indifference to the known consequences of their acts and omissions,

16  and purposefully with the intent to deprive Plaintiff and Plaintiff's decedent of their

17  constitutionally protected rights and privileges, and did in fact violate Plaintiff and Plaintiff's

18  decedent's constitutionally protected rights and privileges, thereby warranting punitive and

19  exemplary damages against the Defendant OFFICER in an amount to be proven at trial.

20      76.    As a direct and proximate result of the wrongful acts and omissions of the

21  Defendant OFFICERS, JESSE MURILLO was shot and killed on December 23, 2017, and

22  Plaintiff was thereby deprived of her constitutional right to a familial relationship with JESSE

23  MURILLO.

24      77.    As a further direct and proximate result of the wrongful acts and omissions of the

25  Defendant OFFICERS, and the ensuing death of JESSE MURILLO, Plaintiff has suffered

26  extreme and severe emotional distress, mental anguish, and pain, and have sustained

27  substantial economic and noneconomic damages resulting from the loss of the love,

28

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

19

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 551

1  companionship, comfort, care, assistance, protection, affection, society, moral support,

2  training, guidance, services, earnings, financial support, and gifts and benefits of JESSE

3  MURILLO in an amount according to proof at trial.

4         78.    As a further direct and proximate result of the wrongful acts and omissions of the

5  Defendant OFFICERS, and the ensuing death of JESSE MURILLO, Plaintiff has incurred

6  funeral and burial expenses in an amount according to proof at trial.

7         79.    Plaintiff is entitled to and hereby demands costs, attorney's fees, and expenses

8  pursuant to 42 U.S.C. § 1988.

9                           **SIXTH CAUSE OF ACTION**

10  **(By Plaintiffs TAMMY MURILLO, as Successor in Interest to JESSE MURILLO,**

11  **Deceased, Against Defendant CITY OF LOS ANGELES for Violations of Civil Rights [42**

12  **U.S.C. § 1983])**

13  **(Based on Unconstitutional Policy, Practice, or Custom)**

14         80.    Plaintiff incorporates herein by reference all prior paragraphs of this Complaint

15  as though fully set forth herein.

16         81.    This cause of action is brought on behalf of decedent JESSE MURILLO, by and

17  through Plaintiff TAMMY MURILLO in her capacity as Successors in Interest to JESSE

18  MURILLO, who would, but for his death, be entitled to bring this cause of action, and is set

19  forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy,

20  custom, practice, and/or usage, of rights, privileges, and/or immunities secured to JESSE

21  MURILLO by the Fourth Amendment to the United States Constitution, including, but not

22  limited to, JESSE MURILLO'S right to be free from unreasonable governmental seizures of

23  his person.

24         82.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned

25  herein, Defendant CITY employed the individual Defendants named herein, including the

26  Defendant OFFICERS. Defendant CITY provided its individual employees and agents,

27  including the Defendant OFFICERS, with official badges and identification cards that

28

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

20

Exhibit 82 - Page 552

1  designated and described the bearers as employees of Defendant CITY and the Los Angeles

2  Police Department.

3       83.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to the

4  acts and omissions alleged herein, the Defendant OFFICERS were employed by Defendant

5  CITY and the Los Angeles Police Department, and were acting under color of state law and

6  within the course and scope of their employment with Defendant CITY and the Los Angeles

7  Police Department.

8       84.    As set forth in the foregoing paragraphs of this Complaint, the Defendant

9  OFFICERS, while acting under color of state law and within the course and scope of their

10 employment with Defendant CITY and the Los Angeles Police Department, violated the

11 Fourth Amendment rights of JESSE MURILLO by acts which included, but were not limited

12 to, using excessive and unreasonable force against JESSE MURILLO As described in this

13 Complaint, the shooting of JESSE MURILLO was an unconstitutional display of an

14 unreasonable seizure, and of the use of excessive force, which violated JESSE MURILLO'S

15 Fourth Amendment right to be free from unreasonable governmental seizures of his person.

16      85.    Plaintiff is informed, believes, and thereon alleges that the Defendant

17 OFFICERS' shooting of JESSE MURILLO, a man who posed no immediate threat of death or

18 serious bodily to the Defendant OFFICERS, nor to any other person, demonstrated that the

19 training policies of Defendant CITY were not adequate to train Los Angeles Police Department

20 officers to handle the usual and recurring situations with which they must deal, as evidenced by

21 the following specific acts and omissions of the Defendant OFFICERS in their response to the

22 incident that occurred on January 27, 2021:

23      a.     The tactical standard of care for law enforcement agencies similarly situated to

24             the Los Angeles Police Department is for law enforcement officers employed by

25             such agencies to utilize additional officers, departmental personnel, and/or

26             departmental resources to assist them when approaching and/or attempting to

27             detain and/or arrest suspects and/or potential detainees and/or arrestees whom the

28

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

Exhibit 82 - Page 553

officers believe may possibly pose a threat to the safety of the officers or third parties. Prior to and during the time in which the Defendant OFFICERS shot JESSE MURILLO, they acted in flagrant contravention of this well-established standard of care.

b.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential detainees and/or arrestees prior to using deadly force. Prior to and during the time in which the Defendant OFFICERS shot JESSE MURILLO, they acted in flagrant contravention of this well-established standard of care.

c.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to use all available forms of cover and concealment when confronted with the possibility of using deadly force. Prior to and during the time in which the Defendant OFFICERS shot JESSE MURILLO, they acted in flagrant contravention of this well-established standard of care.

d.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to keep a safe distance from suspects and/or potential detainees and/or arrestees whom the officers believe may possibly pose a threat to their safety so as to obtain the tactical advantage of distance from a potential threat. Prior to and during the time in which the Defendant OFFICERS shot JESSE MURILLO, they acted in flagrant contravention of this well-established standard of care.

e.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

22

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 554

such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect and/or potential detainee and/or arrestee prior to using deadly force. Prior to and during the time in which the Defendant OFFICERS shot JESSE MURILLO, they acted in flagrant contravention of this well-established standard of care.

f.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to attempt to control an incident by using time, distance, communication, and available resources in an effort to de-escalate the situation, reduce the intensity of the encounter, and enable the officers to have additional options to mitigate the need to use force. Prior to and during the time in which the Defendant OFFICERS shot JESSE MURILLO, they acted in flagrant contravention of this well-established standard of care.

g.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to fire in controlled bursts when using deadly force so as to avoid exposing persons and property to unnecessary fire. Prior to and during the time in which the Defendant OFFICERS shot JESSE MURILLO, they acted in flagrant contravention of this well-established standard of care.

86.    Plaintiff is informed, believes, and thereon alleges that prior to December 23, 2017, the Defendant OFFICERS received training and instruction in police tactics and procedures from Defendant CITY and the Los Angeles Police Department in ways which included, but were not limited to, their attendance at a police academy, their attendance at department briefings, their attendance at mandatory and voluntary training seminars, their attendance at roll call at their station(s) prior to their assigned shift(s), their receipt of

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

Exhibit 82 - Page 555

1  departmental policy and training manuals, their receipt of departmental training bulletins, and

2  their receipt of departmental correspondence, including electronic mail.

3      87.    Plaintiff is informed, believes, and thereon alleges that on and before December

4  23, 2017, encounters with persons like JESSE MURILLO were common among Los Angeles

5  Police Department officers similarly situated to the Defendant OFFICERS, and such

6  encounters were a recurring situation faced by Los Angeles Police Department officers

7  similarly situated to the Defendant OFFICERS.

8      88.    Plaintiff is informed, believes, and thereon alleges that the persons responsible

9  for training the Defendant OFFICERS, including, but not limited to, their field training

10  officers, watch commanders, shift commanders, training officers, firearms instructors,

11  defensive tactics instructors, sergeants, captains, lieutenants, higher-ranking officers, and

12  authorized policymakers and decision makers within the Los Angeles Police Department, the

13  identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable

14  diligence should have known, that the obvious consequence of the failure to implement,

15  institute, enact, communicate, teach, and/or cause the above-referenced tactical training to be

16  taught to the Defendant OFFICERS and officers similarly situated to the Defendant

17  OFFICERS would be that persons who do not pose an immediate threat of death or serious

18  bodily injury to the officers or others, such as JESSE MURILLO, would suffer constitutional

19  deprivations from the unreasonable and excessive use of deadly force.

20      89.    Plaintiff is informed, believes, and thereon alleges that notwithstanding the fact

21  that the training personnel responsible for training the Defendant OFFICERS knew, or in the

22  exercise of reasonable diligence should have known, that the obvious consequence of the

23  failure to implement, institute, enact, communicate, teach, and/or cause the above-referenced

24  tactical training to be taught to the Defendant OFFICERS and officers similarly situated to the

25  Defendant OFFICERS would be that persons who do not pose an immediate threat of death or

26  serious bodily to the officers or others, such as JESSE MURILLO, would suffer constitutional

27  deprivations from the unreasonable and excessive use of deadly force, said training personnel,

28

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 556

1  and each of them, deliberately and consciously failed to provide adequate tactical training in

2  the above-enumerated areas.

3       90.    Plaintiff is informed, believes, and thereon alleges that Defendant CITY was

4  deliberately indifferent to the obvious consequences of its failure to adequately train Los

5  Angeles Police Department officers, including the Defendant OFFICERS.

6       91.    Plaintiff is informed, believes, and thereon alleges that the failure of Defendant

7  CITY and the Los Angeles Police Department training personnel responsible for training Los

8  Angeles Police Department officers, including the Defendant OFFICERS, to provide adequate

9  training to Los Angeles Police Department officers, including the Defendant OFFICERS,

10  caused JESSE MURILLO to suffer Fourth Amendment violations resulting from the

11  unreasonable and excessive use of deadly force, and is so closely related to the deprivation of

12  JESSE MURILLO'S Fourth Amendment rights as to be the moving force that caused the

13  ultimate injury.

14       92.    As a direct and proximate result of the wrongful, intentional, and malicious acts

15  and omissions of the Defendant OFFICERS, JESSE MURILLO was shot and killed on

16  December 23, 2017, and suffered great mental and physical pain, suffering, anguish, fright,

17  nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and

18  loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

19       93.    As a further direct and proximate result of the wrongful, intentional, and

20  malicious acts and omissions of the Defendant OFFICERS, JESSE MURILLO was required to

21  employ, and did in fact employ, health care providers and/or medical practitioners to examine,

22  treat, and care for him and incurred expenses for emergent medical services and medical

23  treatment and care prior to his death in an amount according to proof at trial.

24       94.    Plaintiff is entitled to and hereby demands costs, attorney's fees, and expenses

25  pursuant to 42 U.S.C. § 1988.

                         **PRAYER**

26    **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

27       1.    For damages in excess of the minimum jurisdictional requirements of this Court

28

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

Exhibit 82 - Page 557

for the loss of society, love, companionship, comfort, affection, solace, moral support, services, guidance, retirement earnings, and earning capacity of, and loss of inheritance from, decedent JESSE MURILLO;

2.    For attorneys' fees;

3.    For funeral and burial related expenses according to proof at trial;

4.    For general damages in an amount according to proof at trial;

5.    For cost of suit incurred herein; and

6.    For such other funeral relief as the Court deems just and proper

Dated: October 7, 2021                    IVIE McNEILL WYATT PURCELL & DIGGS

By: _____

**RODNEY S. DIGGS**
**Attorneys for Plaintiff TAMMY MURILLO**

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

26

FIRST AMENDED COMPLAINT

Exhibit 82 - Page 558

## JURY DEMAND

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

Dated: October 7, 2021

IVIE McNEILL WYATT PURCELL & DIGGS

By: _____

**RODNEY S. DIGGS**
**Attorneys for Plaintiff TAMMY MURILLO**

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL A COURT ORDER TO PRODUCE
MEDICAL RECORDS OF THE DECEDENT FROM THE DEPARTMENT OF VETERANS AFFAIRS

Exhibit 82 - Page 559

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

Murillo v. City of Los Angeles, et al.
LASC Case No.: 18STCV09428

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 444 South Flower Street, Suite 1800, Los Angeles, California, 90071.

  On **October 7, 2021,** I served the foregoing document described as **FIRST AMENDED COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒  **ONLY BY ELECTRONIC SERVICE:** By e-mailing the document(s) to the persons at the e-mail address(es). Pursuant to California Code of Civil Procedure 1010.6 (a) (2) & (e).

[ ]  **BY MAIL**: I caused such envelope to be deposited in the mail at Los Angeles, California, with first class postage thereon fully prepaid. I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the Ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

[ ]  **BY FEDERAL EXPRESS/OR OTHER OVERNIGHT DELIVERY**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express or other overnight delivery service. Under that practice, it would be picked up by a representative on that same day, in the ordinary course of business and would be delivered the next business day.

[✓]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 7, 2021,** Los Angeles, California.

*/s/ Le Chaune Metoyer*
Le Chaune Metoyer

Exhibit 82 - Page 560

Murillo v. City of Los Angeles, et al.
LASC Case No.: 18STCV09428

## SERVICE LIST

| | |
|---|---|
| MICHAEL N. FEUER<br>KATHLEEN A. KENEALY<br>SCOTT MARCUS<br>CORY M. BRENTE<br>TY A. FORD<br>200 North Main Street, 6th Floor,<br>City Hall East<br>Los Angeles, CA 90012<br>Phone No.: (213) 978-7047<br>Fax No.: (213) 978-8785<br>Email: ty.ford@lacity.org | Attorneys for City of Los Angeles<br><br>VIA EMAIL ONLY |
| Maro Burunsuzyan, Esq.<br>Law Offices of Maro Burunsuzyan<br>*A Professional Law Corporation*<br>3500 West Olive Ave., Suite 300<br>Burbank, CA 91505<br>Tel: 818-507-5188<br>Fax: 818-507-5199<br>**8/30 – new address**<br>3575 Cahuenga Blvd., Suite 575<br>Los Angeles, CA  90068<br>Emails: **marob@marolaw.com**<br>Note: always cc:<br>Luna Kurdy: **lunak@marolaw.com**<br>Morris Chichyan: **morrisc@marolaw.com** | VIA EMAIL ONLY |

Exhibit 82 - Page 561