# EXHIBIT 1

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3              WESTERN DIVISION

4                 - - -

5   HONORABLE FERNANDO M. OLGUIN, DISTRICT JUDGE PRESIDING

6

7   TAMMY MURILLO,                    )
                                      )
8          Plaintiffs,               )
                                      )
9                                     )
                                      )
10         vs.                        ) No. CV 21-08738-FMO
                                      )
11                                    )
                                      )
12  CITY OF LOS ANGELES, et al.,      )
                                      )
13         Defendants.                )
    _____   )

14

15

          REPORTER'S TRANSCRIPT OF PROCEEDINGS
16
                  *PRETRIAL CONFERENCE*
17
               LOS ANGELES, CALIFORNIA
18
              FRIDAY, AUGUST 18, 2023
19

20  _____

21              MARIA R. BUSTILLOS
              OFFICIAL COURT REPORTER
22                C.S.R. 12254
            UNITED STATES COURTHOUSE
23            350 WEST 1ST STREET
                   SUITE 4455
24        LOS ANGELES, CALIFORNIA 90012
                (213) 894-2739
25

1                    **A P P E A R A N C E S**

2

3

4        **ON BEHALF OF THE PLAINTIFFS,**
         **TAMMY MURILLO:**                    LAW OFFICES OF DALE GALIPO
5                                              BY:  DALE K. GALIPO
                                               21800 BURBANK BOULEVARD
6                                              SUITE 310
                                               WOODLAND HILLS, CA 91367
7                                              (818)347-3333

8

                                               LAW OFFICES OF DALE GALIPO
9                                              BY:  RENEE V. MASONGSONG,
                                               ESQ.
10                                             21800 BURBANK BOULEVARD
                                               SUITE 310
11                                             WOODLAND HILLS, CA 91367
                                               (818)347-3333

12

13                                             LAW OFFICES OF DALE GALIPO
                                               BY:  SHANNON J. LEAP
14                                             21800 BURBANK BOULEVARD
                                               SUITE 310
15                                             WOODLAND HILLS, CA 91367
                                               (818)347-3333

16

17                                             LAW OFFICES OF MARO
                                               BURUNSUZYAN
18                                             BY:  MARO BURUNSUZYAN
                                               2600 WEST OLIVE AVENUE
19                                             SUITE 500
                                               BURBANK, CA 91505
20                                             (818)507-5188

21

22

23

24

25

                    UNITED STATES DISTRICT COURT

1               **A P P E A R A N C E S**

2

3

4       **ON BEHALF OF THE DEFENDANTS,**
        **CITY OF LOS ANGELES, et al.:**   OFFICE OF THE LOS ANGELES
5                                          CITY ATTORNEY
                                           BY:  TY A. FORD
6                                          CITY HALL EAST
                                           200 NORTH MAIN STREET
7                                          SIXTH FLOOR
                                           LOS ANGELES, CA 90012
8                                          (213)978-7047

9
                                           OFFICE OF THE LOS ANGELES
10                                         CITY ATTORNEY
                                           BY:  SASHA O. LAZAREVICH
11                                         CITY HALL EAST
                                           SIXTH FLOOR
12                                         LOS ANGELES, CA 90012
                                           (213)978-7025

13

14    ALSO APPEARING:  ARMAN YURMAN, BENJAMIN LEVINE

15

16

17

18

19

20

21

22

23

24

25

1                        **I N D E X**

2

3                                                              PAGE

4    PRETRIAL CONFERENCE:                                        5

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1              LOS ANGELES, CALIFORNIA; FRIDAY, AUGUST 18, 2023

2                              -o0o-

3                  (COURT IN SESSION AT 10:12 A.M.)

4              THE COURTROOM DEPUTY:  Calling CV 21-08738-FMO:

5    Tammy Murillo v. City of Los Angeles, et al.

6              Counsel, please state your appearances.

7              MR. GALIPO:  Dale Galipo, appearing

8    telephonically.

9              MS. MASONGSONG:  Renee V. Masongsong.  I'm

10   appearing on behalf of the plaintiff.

11             MS. LEAP:  Shannon Leap on behalf of the

12   plaintiffs.

13             MR. YURMAN:  Good morning, Your Honor.

14   Arman Yurman on behalf of plaintiffs.

15             MR. LEVINE:  Good morning.

16   Benjamin Levine on behalf of plaintiffs.

17             MS. BURUNSUZYAN:  Good morning, Your Honor.

18   Maro Burunsuzyan on behalf of Ms. Murillo, plaintiff.

19             THE COURT:  Good morning.

20             MR. FORD:  Good morning, Your Honor.  Ty Ford

21   for the defendants.

22             THE COURT:  Okay.  So we're here for the next

23   pretrial conference in this case.  So I -- you know, the

24   current set of paperwork is -- is better, but there's

25   still -- there's still some work to do.  And so we're
```

```
 1    going to go through it and some of the stuff is going to

 2    be stricken and have to be re-filed by Monday at

 3    10:00 a.m.  You will have to do another meet-and-confer

 4    which -- on the record with a court reporter by tomorrow

 5    morning at 9:00 a.m.  And so one thing I -- I am

 6    concerned about is that I ordered you to submit a

 7    transcript of your meet-and-confer as to each disputed

 8    transcript; however, the transcript you provided doesn't

 9    contain the discussions you had.  Instead, in a

10    parenthetical, the transcript states for each dispute

11    that "discussion among counsel was held off the record."

12    And then counsel for each party describes their

13    position.  That's not sufficient.  I need to hear the

14    whole discussion.  I want to know whether you've engaged

15    in good faith.  So the purpose of the transcript is to

16    enable me to see whether the parties are meeting and

17    conferring in good faith.

18           Holding discussions off the record and simply

19    summarizing on the record, as far as I'm concerned

20    undermines the purpose of my order.  So why don't we

21    start with the pretrial stipulation.  And I noticed that

22    you filed a second amended.  I did try to look at it.

23    It seems like there's a little bit -- there was a few

24    exhibits that I think the plaintiff is stipulating to,

25    but I do want to just note for the record that the --
```

1      the second amended pre -- the first and second amended

2      pretrial stipulations which are document numbers 88 and

3      98 are stricken.  So I -- I don't -- you know, we'll see

4      what everything looks like, but I do want you to prepare

5      your witnesses and everyone that there's a chance I may

6      just issue an order and say the trial is off calendar,

7      and I've done that, because I won't go to trial until

8      it's ready.  And so it's -- it's really up to you.

9      Comply with my orders or we'll just go to trial when

10     it's finally ready.  And at this point, if I end up

11     doing that, it may not be until November or December the

12     next time we can go to trial.  So look, plaintiffs

13     continue to make boilerplate objections to the majority

14     of defendant's listed exhibits, although, the parties'

15     most recent filing removed some of those objections.

16     Plaintiff lists virtually identical objections to

17     Exhibits 109 and 114, 116 to 118, 122 to 125, 129, 132

18     to 136 and 139 to 142.

19             Each objection simply lists several

20     Rules of Evidence without any explanation as to the

21     substance of the objection.  The Court's case management

22     order clearly states that each objection must include

23     the grounds for the objection, an explanation of why the

24     disputed exhibit is not admissible.

25             The order then states in bold letters that the

1   parties may not submit boilerplate objections.  The

2   Court admonished plaintiff for failing to comply with

3   the instruction at the last pretrial conference and

4   repeated this instruction again in the Court's order of

5   August 12th, 2023.  And -- and so I -- I -- I don't know

6   what else to do, because plaintiff doesn't seem to -- to

7   want to follow my order.

8        What's more troubling is that plaintiff lists

9   these boilerplate objections to exhibits that she --

10  that she also stipulates are admissible.  Exhibits 109

11  to 111, 117 and 123 to 125 all have the word "yes" in

12  the column that asks whether plaintiff stipulates that

13  the exhibit is admissible, but plaintiff, nevertheless,

14  lists boilerplate objections as to each one.

15       With the column that says "stipulate to

16  admission," it's either a "yes" or "no."  And if it's a

17  "yes," then there should be nothing in the other two

18  columns.  It's done.  If it's "no," then you put your

19  objection in.  You don't say "yes" and then put your

20  objections in.  What does that tell me?  The only -- the

21  only qualification when you put "yes" to the

22  stipulation, is if you have an objection to the exhibit,

23  but you -- but you should say "yes" to -- to

24  authenticity and foundation.  That, I get.  And then you

25  can go through and set out what your substantive

1    objection is, but generally speaking, it should be "yes"

2    and then nothing in the other two columns.  And I notice

3    that Defense counsel even when they did stipulate, you

4    still kept putting in some response to it.  So your

5    columns should be -- there should be nothing in your

6    column.  And -- at all.  So -- so keep that in mind.

7    And so -- and the -- the -- at the -- so according to

8    the Court's review of the pretrial exhibit stipulation,

9    plaintiff raised several boilerplate objections and a

10   mini case that raised the objections, despite

11   purportedly stipulating to the admission of the exhibit.

12   I do want to ask -- I did want to note one thing:  So if

13   it's subject to an MIL, all you need to put is "no" --

14   "no," subject to MIL, and I want to know which number

15   and then leave the rest of the columns blank.  I want to

16   know which MIL the exhibit is subject to.

17          Well, let me ask a question:  What's the

18   purpose of the exhibits that say "identification only"?

19          MR. FORD:  Your Honor --

20          THE COURT:  Are they going to be shown to the

21   jury?  Are they going to be admitted as part of the

22   case?

23          MR. FORD:  Some of them are disputed, but some

24   of them -- for example, the expert reports, I don't

25   think they would be shown to the jury, but we would want

1    to have them in the binder for the witnesses to refer

2    to.  So that's why we marked those for identification

3    only, meaning that they wouldn't necessarily go to the

4    jury.

5              THE COURT:  Okay.  Well, then put those in a

6    separate list.  I only want on the pretrial exhibit

7    stipulation, make a separate list -- a separate document

8    that says, "list of exhibits for identification only."

9    And take all those out of the pretrial exhibit

10   stipulation.  I only want the exhibits that are going to

11   go to the jury -- that you want to go to the jury in the

12   pretrial exhibit stipulation.

13             MR. FORD:  So they -- should they be filed in a

14   separate document or just not --

15             THE COURT:  Separate document -- a separate

16   document.  Then you can follow the same format.  And if

17   you have any issues with that, then, you know, that's

18   not a problem, but -- so you should remove all of them.

19             Now, there are new exhibits that were added:

20   145 to 148.  And I don't allow that.  So they're

21   stricken.  So make sure that those aren't included in

22   the next version of the pretrial stipulation.  The

23   defendant did not seek leave from the Court, and the

24   Court does not allow the new addition of exhibits.

25             So let me go through the different types of

1    objections that I saw:  There's these objections that

2    plaintiff raised that are just summarized as, "Plaintiff

3    reserves the right to object to certain portions or

4    images."  This objection appears to have been raised in

5    Exhibit Numbers 108 through 110, 116 through 118, and

6    122 to 125.  For some of these exhibits, the issue

7    appears to be that the proposed exhibit is recording a

8    series of images and plaintiff may object to some but

9    not all of the exhibits' images; however, the burden is

10   on plaintiff to specifically identify which portions of

11   each exhibit she objects to.  It is insufficient to

12   simply state that she may object to some -- some of it

13   through boilerplate rule citations during the

14   meet-and-confer.  And in the revised pretrial exhibit

15   stipulation, plaintiff will have to specify which

16   portions and images she objects to and provide more than

17   vague rule citations as to the basis for these

18   objections.

19          This is another boilerplate objection that was

20   raised.  The more prejudicial than probative:  Plaintiff

21   asserts its objection to Exhibit Numbers 111 through

22   114, 132 through 135 and 142, which also includes a

23   misleading objection.  That is one -- Exhibit 142 does.

24   Plaintiff must explain why each of these exhibits is

25   unfairly prejudicial or misleading and provide authority

1    to support its position.

2             And -- and there's -- another boilerplate

3    objection:  Relevance and hearsay.  Plaintiff objects to

4    Exhibit Numbers 136 and 139.  Plaintiff must explain and

5    provide supporting authority as to why the exhibit is

6    irrelevant and why it constitutes hearsay.  Then there's

7    the objection that the -- it doesn't qualify as a

8    business record.  Plaintiff raised this objection to

9    exhibit Numbers 126 to 131.  Plaintiff must explain and

10   provide supporting authorities as to why these exhibits

11   don't qualify as business records.

12             In other words, set out the elements of what

13   the business records exception are and explain why this

14   exhibit doesn't meet those elements.  And then

15   they'll -- the same exhibit -- now, this is -- this is a

16   different sort of category:  Defendant in there responds

17   to some of plaintiff's exhibits objections; states that

18   it's the same objection as plaintiff's exhibit.  So in

19   other words, plaintiff is objecting to some of its own

20   exhibits that it wants introduced.  I don't know if

21   that's accurate or not, but according to defendant,

22   plaintiff is objecting to Exhibits 122 through 125, even

23   though they appear to be the same exhibit as one of the

24   exhibits plaintiff is seeking to introduce.

25             Plaintiff should explain why it's objecting to

1    its own exhibit.  Also, defendants should remove its

2    response to Exhibits 102 through 127 and 120 and 121

3    since plaintiff is stipulating to those exhibits.  If a

4    party stipulates -- if you write "yes," the box -- the

5    rest of it should be emptied, all the other boxes.

6    There should be nothing in the boxes.  The only caveat

7    is if you're only stipulating to authenticity and

8    foundation.  And then you -- you have an objection.

9           So finally, with respect to Exhibits 132 to

10   135, defendants continue to cite plaintiff's Monell

11   claim as a basis for their admissibility.  But since

12   that claim has been removed, defendants must see their

13   revised or response, or withdraw the exhibits.

14          So with the exception of Exhibit Numbers 102

15   through 107, 115, 120, 121, 137, 138, 143, and 148, the

16   parties will need to meet-and-confer again on all the

17   other Defense exhibits -- well, actually, on plaintiff's

18   exhibits too, because there were definitely some issues

19   with some of Defense counsel's response on all the

20   exhibits.

21          As the Court explained in its case management

22   order at the last pretrial conference, objections that

23   merely set forth the Rule of Evidence without

24   explanation will be overruled.  And so I want the

25   parties to file the revised pretrial exhibit stipulation

1    no later than Sunday, August 20th at 5:00 p.m.  As

2    before, this must include a transcript of the parties'

3    meet-and-confer with no discussions off the record and

4    with citations to the record, showing where the parties

5    discuss each exhibit.  The meet-and-confer must include

6    the substance of your discussion as I have said.  It is

7    insufficient to discuss exhibits off the record.  Note

8    that this is not an opportunity to amend your objections

9    or to add new ones besides removing the objections to

10   the exhibits I've just talked about.  The only other

11   revisions you're permitted to make to the document are

12   the removal of exhibits that you know longer tend to

13   admit or the addition further stipulations to the

14   admissibility of exhibits.

15           And for any exhibits that are still in dispute

16   after the meet-and-confer, the parties shall no later

17   than Monday, August 21st at 10:00 a.m. submit a binder

18   with the copies of all the disputed exhibits and a joint

19   brief, re disputed exhibits.  The joint brief shall

20   refer to the exhibits in the binder and set forth a

21   one-page description of the objecting parties' Points

22   and Authorities in support of the parties' objection on

23   a separate page following the objecting parties'

24   contentions.  The propounding party will respond to the

25   objecting party's Points and Authorities.  And then the

1   objecting party shall reply to the propounding parties'

2   objection on a separate page.

3       So -- so are there any questions with respect

4   to what you're required to do with respect to the

5   pretrial exhibit stipulation?

6       MR. TY:  No.

7       THE COURT:  Okay.  Let's move on to motions in

8   limine.  With respect to defendants motion in limine to

9   exclude evidence of other alleged incidents:  Plaintiff

10   stated in her opposition that she generally does not

11   oppose defendant's motion, except unless -- and unless

12   defendant's open the door to the issue, the issues

13   arising jury selection or the information is relevant to

14   her Monell claim.  And she stated the same thing with

15   respect to motion in limine number three.  So the Court

16   will grant in part and deny in part motions in limine

17   numbers 2 and 3.  The Court will decide at trial as to

18   whether any particular piece of evidence is admissible

19   because defendants opened the door to the evidence or

20   the issue arises in jury selection.

21       With respect to the parties' remaining motions,

22   the Court will either issue written rulings or give you

23   its ruling on the morning of trial.

24       Let's move onto the jury instructions:  While

25   the joint jury instructions largely adhere to the model

1   instructions, the Court fond a handful of variations.

2   As I mentioned in our last pretrial conference, if there

3   is a pattern instruction, I will be giving the pattern

4   instruction without modification, unless the

5   modification must be made under Ninth Circuit or

6   California case law.  The Court does not -- you know,

7   will not adhere -- will adhere to the pattern

8   instructions, and will not modify them, unless it is

9   necessary.

10          With respect to the disputed instructions, the

11  Court appreciates that the parties have gone from 18

12  disputed instructions to 9 instructions.  Again, I

13  advised the parties last Friday that if there is a model

14  instruction, I will be giving the model instruction

15  without modification, unless a modification must be made

16  under Ninth Circuit of California case law.  As an

17  example, the parties have a dispute as to the

18  instruction on excessive force.  The parties cite to the

19  Ninth Circuit's model jury instruction number 9.25 and

20  disagree as to the language of number two in the least

21  of circumstances to consider.  Given that there's a

22  pattern instruction, I'll be utilizing the language in

23  the pattern instruction.  There really should be no

24  dispute here.

25          I will utilize CACI 3066 to instruct the jury

1    regarding plaintiff's Bane claim.  Just so the parties

2    are aware, the Court is inclined to give the instruction

3    on battery by a peace officer and will adhere to the

4    latest version of CACI.

5            With respect to the rest of the parties'

6    disputed instructions, the Court will review your

7    arguments and determine the appropriate jury

8    instructions.  With respect to the proposed pretrial

9    conference order, the Court has a few concerns.  The --

10   remove -- remove the MILs that have been ruled on --

11   in -- toward the end.  Parties also mis-numbered the

12   sections -- the two-section -- there are two section

13   eights I think.  And -- and the -- it's a -- file a

14   revised pretrial conference order no later than

15   Monday, August 21st, 2023, and don't forget to submit

16   it, via Word or WordPerfect, in one of those formats so

17   we can make whatever edits we need to.

18           I'm going to order defendant to re-file their

19   witness list.  The list we have, not -- only provides

20   last names for several witnesses.  And I need the first

21   and last name for each witness that is on your witness

22   list.  The statement of the case looks fine.

23           With respect to the verdict form, the Court

24   understands the parties' disputes and will review their

25   arguments and prepare an appropriate verdict form during

```
 1    the trial.
 2           Okay.  So any questions?  Or is there anything
 3    else in terms of deadlines or anything else?
 4           MR. GALIPO:  Your Honor, Dale Galipo.
 5           THE COURT:  Go ahead, Mr. Galipo.
 6           MR. GALIPO:  Yeah, thank you so much.  So I
 7    don't have any questions on what you stated, Your Honor.
 8    I don't know whether the Court has given any further
 9    thought to allowing some additional time for the
10    parties --
11           THE COURT:  I am inclined to give you more
12    time.  And I don't know whether I'll give you the full
13    eight, but I'm definitely going to give you more time.
14    I'll let you know on Monday after I review everyone's
15    responses, but I will give you more time.
16           MR. GALIPO:  Okay.  Thank you, Your Honor.
17    That's the only question I had.
18           THE COURT:  Yeah, yeah.  So the -- anything
19    else on any other -- any -- any exhibit or anything
20    else?
21           MR. FORD:  Your Honor, just two brief issues:
22    On the -- we did agree to some stipulated facts.  I
23    just --
24           THE COURT:  I saw that.  And appreciate that.
25           MR. FORD:  Right.  And we did our best in good
```

1    faith, Your Honor.  I just want for the record for

2    appellate purposes:  The Defense does object to those

3    stipulations, but we're, obviously, following the

4    Court's order in case that becomes appellate issue.

5    The -- another issue that I wanted to mention to the

6    Court:  We do have three exhibits that we have

7    stipulated to that are physical objects.  One is a

8    16-inch metal.

9              THE COURT:  You don't have to submit those.

10             MR. FORD:  What's that?

11             THE COURT:  You don't have to submit those for

12   purposes -- there were some blanks, by the way, there

13   were a few exhibits where there were just blanks, and --

14   and I wasn't sure.  There was no exhibit -- there was no

15   response, for example to Exhibits 4 and 16 of

16   plaintiff's exhibits from defendant.

17             MR. FORD:  So, Your Honor, if I'll address

18   those.  And then I need to come back to the other issue.

19             So number four is what I was trying to discuss.

20             THE COURT:  Uh-huh.

21             MR. FORD:  Both sides desire to bring in the

22   actual object.  So my -- my -- what I was trying to

23   raise to the Court, the bar, the gas mask and the

24   hammer, my understanding is, we need to seek court

25   approval to get those through security.  They are

```
 1    bagged --

 2            THE COURT:  Uh-huh.

 3            MR. FORD:  -- and secure, but I believe we need

 4    to inform the Court that we will be bringing those in.

 5    So that was the issue I wanted to raise.

 6            THE DEFENDANT:  Okay.  That's not a problem.

 7    Just submit a stipulation with the proposed order.

 8            MR. FORD:  Okay.  Very well.  So that addresses

 9    number four and -- and number 16, Your Honor, is --

10    these are still images which is the same as the one

11    that -- that the Court just struck of mine.  So I'll

12    talk to -- meet-and-confer about that.

13            THE COURT:  Well, if they're the same exhibits,

14    why refer -- why not just use their exhibit numbers?

15            MR. FORD:  Well, they're actually different

16    images but from the same source material.

17            THE COURT:  Okay.  Well, you can still use

18    theirs if it's in there.

19            MR. FORD:  We could.  We just -- we did it the

20    wrong way, but we'll revise that, Your Honor.

21            THE COURT:  Okay, okay.

22            MR. FORD:  I think that's all for today,

23    Your Honor.  Thank you.

24            THE COURT:  Okay.  That's fine.  I mean, you

25    guys are really close.  I think you guys can get it.
```

1    It's just a pretrial exhibit stipulation that you just

2    need to get -- you know, you need to just get that

3    going; but otherwise, you know, look, the jury

4    instructions, there's some issues, but those are easier

5    to -- we can work those out.  And I appreciate that you

6    reduced it from 18 to 9.  Pretrial conference order

7    looks much better.  I'm still, you know, a little --

8    defendant sort of had to lay out their own version of

9    the claims, but they are what they are.  And -- and, you

10   know, I'll be giving what I think is the appropriate

11   jury instruction anyway.  So I'm not going to -- I'm not

12   going to bother you guys over that, but the pretrial

13   exhibit stipulation, that really affects the pace of

14   trial.  That really -- because if you can stipulate to

15   that as much as possible, and then by also giving me

16   this joint brief, I will -- it will give me the

17   opportunity to look at the exhibits.  And, obviously,

18   you can't give me these three exhibits that you just

19   reference that we have to do a Court order for and to

20   have a tentative view in my mind how to rule on their

21   admissibility before the trial.  I mean what I use --

22   what I've done in the trials in the past, is every night

23   the parties will give me, like the -- like, they'll give

24   me a little -- a joint brief of all the -- that

25   discusses all the admissibility issues and the

1    objections of all the exhibits that are going to be

2    introduced the next day, so that in the morning before

3    trial starts, I give you a ruling on what -- whether the

4    exhibits are coming in or not.

5         And that's all I'm trying to do.  I want to be

6    as prepared as possible.  I don't like ruling on things

7    on the fly, not when I don't have to; but you guys

8    aren't helping me.  That's the whole purpose of pretrial

9    exhibit stipulation is helping me to rule on these

10   things ahead of time or so that I'm ready for them when

11   they come up during the trial.  And -- and -- so, you

12   know, but I -- but I think it -- it does take a lot of

13   effort on your part to get the pretrial exhibit

14   stipulation, but it'll make the trial run much smoother

15   once all the decisions are, you know -- have been made

16   as to all the exhibits.

17        So....  Any other -- other -- so that's -- I

18   mean -- so I think we're good as far as that goes.  I

19   can't think of anything else.  Mr. -- Mr. Galipo, since

20   you're not here, do you -- do you have any questions or

21   anything at this point as to any of the issues at all?

22   Anything?

23        MR. GALIPO:  No, I think we're good,

24   Your Honor.  I -- it sounds like the Court thinks we

25   did -- we did okay on some of the stuff.

1          THE COURT:  You did.  You did.

2                    (Laughter.)

3          THE COURT:  I just think on the -- I just --

4     you know, it just needs to be very -- it is very basic.

5     You either agree to it or not.  And if's it's not -- and

6     the thing is nobody puts "no."  The box is blank.  So if

7     you don't stipulate, put in "no," and then, you know,

8     it's -- it's either "yes" or "no."  And I said -- and

9     like I said, the only caveat where you can qualify your

10    answer is if you're not stipulating to it, you can say

11    "no," you know, except as to foundation or something

12    like that, because sometimes, no one disagrees that the

13    exhibit is authentic, but you disagree whether it should

14    come in at all.  So that helps -- even that helps.  And

15    then I know what to focus on.  Any other question?

16         MR. GALIPO:  What the Court -- yes -- no, no

17    other questions.  What the Court is saying makes perfect

18    sense.  And, obviously, if there's an agreement as to

19    the exhibit, there's no need to -- to list objections.

20    And if it's a "no," it's a "no."  And --

21         THE COURT:  Yep, exactly.  Then it helps me get

22    ready, but I'm going to now make you do this joint

23    brief.  So -- and in the joint brief, you know, it's

24    like, you're going to -- you -- each side is going to

25    give me their position on -- with cases and citations to

```
 1    the rules as to why the exhibit is admissible or not
 2    admissible.  So....
 3           Okay.
 4           MR. GALIPO:  Your Honor, I'm sorry.  On the
 5    joint, are those only related to the ones that we do not
 6    agree on?
 7           THE COURT:  Exactly, exactly.  Because I want
 8    to be able -- and, obviously, you can -- you can
 9    argue -- if you have any argument over the physical
10    exhibits, you don't have to submit them, obviously.  But
11    I do want a binder with the exhibits, because it's --
12    obviously it's hard to rule on exhibits in a vacuum if I
13    don't have -- if I don't have them in front of me.  So
14    if -- if you -- in the joint brief, you should also
15    submit a binder and -- and I don't know if you'll be
16    able to -- to upload the exhibits.  You might have to
17    deliver them to the -- you know, to the fourth floor, to
18    the clerk's office there in a binder, but once you --
19    but I just want to see the exhibits.  The reason I say
20    that is I assume some of these exhibits might be videos.
21           MR. FORD:  Right, Your Honor.  I think that's
22    really the biggest dispute that we have is that we all I
23    think agree that these exhibits should come in in some
24    form.
25           THE COURT:  Yeah.
```

1          MR. FORD:  But there are portions of it that

2     they want and portions that I want and that's where the

3     disagreement is.

4          THE COURT:  Okay.  Well, see, that's -- and

5     that is precisely the kind of thing that I would rather

6     be doing in the comfort of my chambers and looking at

7     it.  I have different screens.  And, you know, I don't

8     want to be doing that in the middle of trial.  And I

9     don't want to take a recess when you guys are fighting

10    over it, because then I'm really winging it.  And, you

11    know, winging it is just not my style.  And so if I --

12    and so I really need to know.  So you need to be very

13    specific in your brief as to what portions you object to

14    of the videos and things like that, because, you know,

15    that just -- that kind of stuff takes time.  And I'd

16    rather be extra careful with it and look at -- look at

17    the briefing.

18          So then you'll just -- that's why I said,

19    submit a binder, not file a binder, because I assume

20    there will be some flash drives or things like that.  So

21    make sure you're very specific on the date and the time

22    of the video and what you want in and what you want out

23    and things like that.  I've cited a lot of videos in a

24    lot of my Section 1983 orders.  And -- and, you know, it

25    takes time, but it's -- in this day and age, that's just

```
 1    another piece -- just becomes a regular piece of
 2    evidence now all the time now in these cases; but I
 3    appreciate that; that that's a lot of what is going on
 4    here, which is all the more reason why I want to know
 5    why and want to look at them.  So okay.  Any other
 6    questions at all?
 7            Yes?
 8            MS. BURUNSUZYAN:  Thank you.  Your Honor, just
 9    for clarity, the binder with the disputed exhibits --
10            THE COURT:  Yes?
11            MS. BURUNSUZYAN:  -- for example, if we have 10
12    or 15, does the Court want -- I'm confused about the one
13    page -- what the Court wanted.  One page and then
14    something else on the next page.
15            THE COURT:  It's a separate brief though.
16            MS. BURUNSUZYAN:  Sure.
17            THE COURT:  Yeah, it's a separate joint brief.
18    Yeah, what I'm envisioning is, think of it like the jury
19    instruction format in my case management order.  I want
20    to know what the exhibit is, and you can just refer to
21    me -- you know, refer -- refer me to the binder where
22    the exhibit is, and then you will have like on the next
23    page your objection to the exhibit.  And then they'll
24    have their response to the -- why it -- you know, to you
25    and then I've also given the proponent, you know, a
```

1    reply as to why the exhibit should come in.  If you want

2    to -- the reply I'll make -- given the time constraints,

3    I'll make -- I'll leave it up to you whether you want to

4    reply to the -- to the objection, but at least, I want

5    the objecting parties' position and then the -- the

6    responding party -- the proponent of the exhibit to

7    respond, okay?

8            MS. BURUNSUZYAN:  Yes.  And the order would be

9    each numbered exhibit with the disputed exhibit with the

10   briefing.

11           THE COURT:  Exactly.

12           MS. BURUNSUZYAN:  Thank you, Your Honor.

13           THE COURT:  Yeah, so the joint brief should

14   follow the binder, okay.

15           MS. BURUNSUZYAN:  Thank you, Your Honor.

16           THE COURT:  Okay.  And -- and then otherwise, I

17   will see you guys here on Tuesday at -- we'll start on

18   Tuesday.  Usually on the first day, I'll see you guys

19   here at 9:00 a.m.  The jury is usually, depending on the

20   panel and whether they're still with the magistrate

21   judges going through their excuses, we may get them

22   late, but we can at least do any housekeeping on Tuesday

23   at 9:00 a.m.  Okay.

24           So anything else?  Anything else at this time

25   from anybody?

1          MR. GALIPO:  I just wanted to say thank you,

2    Your Honor, and for your patience with us.  And we'll --

3    we'll get it right, and we'll note for our future cases

4    to make sure and get it right the first time.  And I

5    also want to thank you for allowing me to appear

6    telephonically today.

7          THE COURT:  Well, I'm glad you were able to

8    make the trip.  So....

9          Okay.  I know -- I would say, have a good

10   weekend, but I know you're going to be working all

11   weekend.  And I hear that we're going to get a serious

12   storm.  So you have to hunker down anyway.  We'll be

13   working too.  So we're always working here.  So I have a

14   few hundred other cases I have to deal with.  And I just

15   finished a criminal trial last week that fortunately

16   went much quicker than I expected it to be.  So that was

17   good.  Okay.  We'll see you then next Tuesday.

18          Thank you.  Thank you.

19          MS. BURUNSUZYAN:  Thank you, Your Honor.

20          THE COURT:  Thank you.

21          (Whereupon, proceeding adjourned.)

22                      - - -

23

24

25

**C E R T I F I C A T E**

TAMMY MURILLO                          :

                   vs.                 :  No. CV 21-08738-FMO

CITY OF LOS ANGELES, et al.        :

I, MARIA BUSTILLOS, OFFICIAL COURT REPORTER, IN AND FOR THE

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF

CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753,

TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND

CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED

PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE

TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS

OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE

REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE

REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

/S/_____          _10/16/2023_

MARIA R. BUSTILLOS                    DATE
OFFICIAL REPORTER