# EXHIBIT 2

|     |     |
| --- | --- |
| 1   | **UNITED STATES DISTRICT COURT** |
| 2   | **CENTRAL DISTRICT OF CALIFORNIA** |
| 3   | **WESTERN DIVISION** |
| 4   | - - - |
| 5   | **HONORABLE FERNANDO M. OLGUIN, DISTRICT JUDGE PRESIDING** |

```
 7        TAMMY MURILLO,              )
                                      )
 8             Plaintiffs,            )
                                      )
 9                                    )
                                      )
10        vs.                         )  No. CV 21-08738-FMO
                                      )
11                                    )
                                      )
12        CITY OF LOS ANGELES, et al.,)
                                      )
13             Defendants.            )
         _____)
14
```

REPORTER'S TRANSCRIPT OF PARTIAL JURY TRIAL PROCEEDINGS

*JURY TRIAL DAY ONE*

LOS ANGELES, CALIFORNIA

TUESDAY, AUGUST 22, 2023

_____

MARIA R. BUSTILLOS
OFFICIAL COURT REPORTER
C.S.R. 12254
UNITED STATES COURTHOUSE
350 WEST 1ST STREET
SUITE 4455
LOS ANGELES, CALIFORNIA 90012
(213) 894-2739

**A P P E A R A N C E S**

**ON BEHALF OF THE PLAINTIFFS,**
**TAMMY MURILLO:**　　　　　　　　　　LAW OFFICES OF DALE GALIPO
　　　　　　　　　　　　　　　　　　BY:　DALE K. GALIPO
　　　　　　　　　　　　　　　　　　21800 BURBANK BOULEVARD
　　　　　　　　　　　　　　　　　　SUITE 310
　　　　　　　　　　　　　　　　　　WOODLAND HILLS, CA 91367
　　　　　　　　　　　　　　　　　　(818)347-3333


　　　　　　　　　　　　　　　　　　LAW OFFICES OF DALE GALIPO
　　　　　　　　　　　　　　　　　　BY:　RENEE V. MASONGSONG, ESQ.
　　　　　　　　　　　　　　　　　　21800 BURBANK BOULEVARD
　　　　　　　　　　　　　　　　　　SUITE 310
　　　　　　　　　　　　　　　　　　WOODLAND HILLS, CA 91367
　　　　　　　　　　　　　　　　　　(818)347-3333


　　　　　　　　　　　　　　　　　　LAW OFFICES OF DALE GALIPO
　　　　　　　　　　　　　　　　　　BY:　SHANNON J. LEAP
　　　　　　　　　　　　　　　　　　21800 BURBANK BOULEVARD
　　　　　　　　　　　　　　　　　　SUITE 310
　　　　　　　　　　　　　　　　　　WOODLAND HILLS, CA 91367
　　　　　　　　　　　　　　　　　　(818)347-3333


　　　　　　　　　　　　　　　　　　LAW OFFICES OF MARO BURUNSUZYAN
　　　　　　　　　　　　　　　　　　BY:　MARO BURUNSUZYAN
　　　　　　　　　　　　　　　　　　2600 WEST OLIVE AVENUE
　　　　　　　　　　　　　　　　　　SUITE 500
　　　　　　　　　　　　　　　　　　BURBANK, CA 91505
　　　　　　　　　　　　　　　　　　(818)507-5188

**A P P E A R A N C E S**

**ON BEHALF OF THE DEFENDANTS,**
**CITY OF LOS ANGELES, et al.:**   OFFICE OF THE LOS ANGELES
CITY ATTORNEY
BY:  TY A. FORD
CITY HALL EAST
200 NORTH MAIN STREET
SIXTH FLOOR
LOS ANGELES, CA 90012
(213)978-7047

OFFICE OF THE LOS ANGELES
CITY ATTORNEY
BY:  SASHA O. LAZAREVICH
CITY HALL EAST
SIXTH FLOOR
LOS ANGELES, CA 90012
(213)978-7025

ALSO APPEARING:  ARMAN YURMAN, BENJAMIN LEVINE

**<u>I</u> <u>N</u> <u>D</u> <u>E</u> <u>X</u>**

<u>PAGE</u>

MOTION COLLOQUY........................                5

- -

**E X H I B I T S**

| PLAINTIFF'S | RECEIVED | MARKED |
|---|---|---|

(NONE)

```
 1            LOS ANGELES, CALIFORNIA; FRIDAY, AUGUST 18, 2023
 2                              -o0o-
 3                  (COURT IN SESSION AT 10:12 A.M.)
 4            THE COURTROOM DEPUTY:  This is CV 21-08738-FMO:
 5    Tammy Murillo v. City of Los Angeles.
 6            Counsel, please state your appearances.
 7            MR. GALIPO:  Good morning, Your Honor
 8    Dale Galipo with Ben Levine from my office on behalf of
 9    the plaintiff and I have my co-counsel.
10            MS. BURUNSUZYAN:  Good morning, Your Honor.
11    Maro Burunsuzyan for Ms. Murillo
12            THE COURT:  Good morning.
13            MR. FORD:  Good morning, Your Honor.
14    Ty Ford and Sasha O'Lazarevich for the Defense.
15            THE COURT:  Okay.
16            MS. O'LAZAREVICH:  Good morning, Your Honor.
17            THE COURT:  Okay.  So let's take a few
18    preliminary matters.  First, let's see here....  The --
19    I would like the parties to provide us at the break the
20    full names of the experts who will be testifying at
21    trial.  We need those names for that one jury
22    instruction that we need to put in.  In terms of the
23    time, the Court will give each side eight hours, plus
24    the one hour for closing, but the eight hours does
25    include each parties opening statement, okay?
```

|   |   |
|---|---|
| 1 | I -- I noticed on the docket, with respect to |
| 2 | the motions in limine, that for some reason, it looked |
| 3 | like -- well I haven't looked at it for a while, but the |
| 4 | order dealing with defendant's fourth motion in limine |
| 5 | had not been docketed yet.  Have you all received that? |
| 6 | That's the expert one?  Did you receive the decision? |
| 7 | No -- |
| 8 | MR. GALIPO:  We haven't received the order. |
| 9 | THE COURT:  -- on that one?  Okay.  Well, it'll |
| 10 | get on the docket.  I think we sent it out -- it was |
| 11 | late yesterday afternoon.  And I don't really know how |
| 12 | things get docketed or the process, but just to give you |
| 13 | my ruling then, I denied the defendant's motion in |
| 14 | limine number four.  So okay.  The -- with respect to |
| 15 | the pretrial exhibit stipulation, it looked much better. |
| 16 | I'm going to give you some rulings now on most of the |
| 17 | disputed exhibits.  With respect to Exhibits 100, 101, |
| 18 | and 108, which are recordings and transcription of the |
| 19 | 9-1-1 call placed shortly before the shooting, these |
| 20 | exhibits are covered by our ruling on plaintiff's third |
| 21 | motion in limine.  So those exhibits are not admissible. |
| 22 | With respect to Exhibits 109 and 110, the -- |
| 23 | which are radio transmissions made after the shooting, |
| 24 | the Court -- I want do clarify one point with the |
| 25 | parties:  Plaintiff takes the position that both |

| | |
|---|---|
| 1 | transmissions occurred after the shooting, but |
| 2 | defendants state that the exhibits are relevant because |
| 3 | they show the information that was broadcast to officers |
| 4 | before the shooting.  Were these transmissions made |
| 5 | before or after the shooting? |
| 6 |       MR. FORD:  The answer is both, Your Honor.  So |
| 7 | these are lengthy exhibits as I tried to explain in the |
| 8 | joint brief that begin before the incident and go on |
| 9 | until after the incident.  The parties have already |
| 10 | agreed and isolated the portions that we intend as of |
| 11 | now to play, but I was unwilling to withdraw these |
| 12 | exhibits for potential rebuttal or impeachment, should |
| 13 | something come up in the trial that I'm not expecting as |
| 14 | of now, but I don't -- I certainly don't intend to play |
| 15 | a lengthy exhibit. |
| 16 |       THE COURT:  You know, you can use anything you |
| 17 | want, so that's fine.  Okay. |
| 18 |       So, Mr. Galipo, what's your position?  So you |
| 19 | guys are all set on what's coming in on these exhibits |
| 20 | under 109 and 110? |
| 21 |       MR. GALIPO:  May I have one moment to confer? |
| 22 |       THE COURT:  Yes. |
| 23 |       MR. GALIPO:  It's my understanding we have |
| 24 | agreed on the portions. |
| 25 |       THE COURT:  Okay.  So then I'm going to just |

1  basically not rule on these -- on these exhibits since
2  it doesn't seem like I need to -- since you have an
3  agreement.  And then if there is anything that needs to
4  come in above or beyond and there's a dispute, we can
5  deal with it at that time.  And then the -- let's see,
6  what's the next one?  Exhibits 113 and 114 are video
7  recordings from several hours before the shooting that
8  defendant officers had not seen prior to their use of
9  force.  These exhibits are also subject to my ruling on
10 plaintiff's third motion in limine and will be excluded
11 for the reasons set forth in that order.
12         And with respect to Exhibits 115, 117, 119, and
13 123 to 124, the -- which are video excerpts from the
14 officers' body-worn camera from after the shooting, the
15 Court agrees with the plaintiff that the evidence is
16 inadmissible and also subject to the reasoning set forth
17 in the Court's order on plaintiff's third motion in
18 limine, because the information kept from the recording
19 was unknown to defendant officers at the time of the
20 shooting, is not admissible.
21         Exhibits 126 and 128, LAPD incident recall
22 documents, crime reports, and a death investigation
23 report:  Plaintiff objects to these documents on the
24 grounds that the documents contain hearsay and are
25 admissible under Rules 401, 403, 801, and 802.

```
 1    Defendants respond that the exhibits are business
 2    records, but they contain information that was excluded,
 3    pursuant to the Court's ruling on plaintiff's motion in
 4    limine.  In keeping with the Court's ruling on
 5    plaintiff's third motion in limine, Exhibit 126 is
 6    excluded.
 7              The Court agrees with plaintiff that
 8    Exhibit 127 is not subject to the business records
 9    exception and will exclude it; however, defendants may,
10    if necessary, use this exhibit to refresh the
11    recollection of testifying witnesses; however, as I
12    said, the Court will not admit or permit the witnesses
13    to testify about any portions of this exhibit that
14    contain information that defendant officers did not know
15    at the time of the shooting.  Subject to the same caveat
16    that the exhibit must be redacted to the extent that it
17    contains information that was unknown to the defendant
18    officers prior to the shooting, the Court will admit
19    Exhibit 128 which does appear to be a business record;
20    however, to the extent that the exhibit contains
21    statements from witness interviews, such statements are
22    hearsay within hearsay and are inadmissible, and must be
23    redacted.
24              Exhibits 130 and 131 are excluded, pursuant to
25    the Court's rulings on plaintiff's first and second
```

motions in limine.

With respect to Exhibits 132, 133, and 135, the Court will hear argument as to those exhibits at a later time.

Exhibit 134 is excluded, pursuant to Rules 401, 402, and 403 because the training bulletin regarding plaintiff's handcuffing is irrelevant, prejudicial, and will only confuse the jury.

With respect to Exhibit 136, which is the So Cal gas documents, the Court agrees with plaintiffs that the documents -- that the exhibit is inadmissible, pursuant to the Court's ruling on plaintiff's third motion in limine as it contains information that was unknown to defendant officers at the time of the shooting.

And Exhibit 139 is excluded, pursuant to plaintiff's first and second motions in limine.

Okay.  Is there anything further at this time?

MR. FORD:  Your Honor, yes.

THE COURT:  Yeah?

MR. FORD:  Your Honor, if I could just ask for clarification:  One of the -- I understand the Court has ruled on -- on certain exhibits, but one of the issues that the parties are heavily disputing is the admissibility of the fact that the decedent had a knife

1   in his back pocket.  We argue that that corroborates the
2   information that the officers were given.  And that is
3   seen on some of the other exhibits.  I think the Court
4   may have excluded it, but at least one document that the
5   Court is allowing does contain that information.  I
6   would like to refer to that in my opening statement.  So
7   what is the Court's ruling on the knife?
8           THE COURT:  Mr. Galipo?
9           MR. GALIPO:  Thank you, Your Honor.  The
10  plaintiff's position on the knife is that it was never
11  seen by any of the officers and never given as a reason
12  for the shooting.  The object in his hand that ended up
13  being a pull bar, they thought was a machete.  And there
14  is a dispute as to whether he had anything else in his
15  hand --
16          THE COURT:  Yeah.
17          MR. GALIPO:  -- but nobody said he had a knife
18  in his hand.
19          THE COURT:  I didn't see any reference to any
20  knife either in reading the briefing.  So I'm going to
21  exclude it -- the knife -- any reference to the knife.
22  Anything else?  Shall we take a break now to bring the
23  jury now?  We are apparently starting several trials
24  today in this courthouse.  So there is -- we may be a
25  delay on the jury --  getting the jury up here.

1  MR. FORD: One other housekeeping issue,
2  Your Honor: I do have a witness that's here under
3  subpoena. His name is Mark Guerrero. He's sitting
4  outside the courtroom. I don't think there's any chance
5  we will get to him today, and I was hoping to beg the
6  Court to order him on call to us. I think that he's
7  agreed to do that, and that would be more convenient for
8  him.
9  THE COURT: That's fine.
10  MR. FORD: Can I bring him in the courtroom
11  and --
12  THE COURT: Yes, you can bring him in the
13  courtroom.
14  Hi. Can can you state your name for the
15  record.
16  MR. GUERRERO: Mark Guerrero.
17  THE COURT: So, Mr. Guerrero, I understand
18  there's a subpoena for you to testify today. And I just
19  wanted to let you know, because we're having some delays
20  with the jury because there are so many people here,
21  there's a chance we we may not get to you today. So I
22  just want to tell you that you're ordered to be on call.
23  So they will -- the subpoena I think was served by the
24  City. So they will call you tonight. Let me ask
25  Defense counsel: Is it okay -- are you pretty sure he's

```
 1   not going to be today's?  So you'll call him tonight and
 2   have him come tomorrow?
 3           MR. FORD:  Certainly.  We can get to him
 4   tomorrow.
 5           THE COURT:  Okay.  So maybe what I'll do is,
 6   then I can excuse you now so you can leave today, but
 7   then tonight, they will call you and let you know about
 8   tomorrow, okay?  But you're still under subpoena.
 9   You're still under subpoena.  You're still under the
10   Court's order to be here.
11           MR. GUERRERO:  Okay.
12           THE COURT:  I just wanted to make that clear,
13   okay; but you can leave for today, and then they will
14   call you tonight and let you know whether you need to
15   come in tomorrow or the next day.
16           MR. GUERRERO:  All right.  Thank you.
17           THE COURT:  Thank you.  Thank you.  Have a good
18   day.
19           THE COURT:  Is there anything else at this
20   time?
21           MR. GALIPO:  No, thank you, Your Honor.
22           THE COURT:  Okay.  So we will -- we'll take a
23   recess until the jury gets here, and we'll get started.
24           Thank you.
25                            (Trial)
```

|   |   |
|---|---|
| 1 | (Whereupon, the following was held outside the |
| 2 | presence of the jury:) |
| 3 | THE COURT: Okay. So we'll see you all |
| 4 | tomorrow. I let them come in a little bit later than I |
| 5 | normally do, but I made them stay late today too. |
| 6 | MR. GALIPO: Thank you. |
| 7 | MR. FORD: Your Honor, I have a couple of |
| 8 | issues, if I could please have -- express them. |
| 9 | We are trying to bring in these exhibits, |
| 10 | the -- |
| 11 | THE COURT: Didn't we sign the order? |
| 12 | MR. FORD: Well, we haven't gotten it. Maybe |
| 13 | it has been docketed during the day. I just wanted to |
| 14 | make sure Your Honor was aware of that. |
| 15 | THE COURT: I was. And I did give |
| 16 | instructions. Go ahead and have it docketed. There's |
| 17 | an order that -- did you upload -- yeah, so you should |
| 18 | get it tonight. So you should have it tomorrow. |
| 19 | MR. FORD: Yes. Thank you so much, Your Honor. |
| 20 | And the other thing that I just wanted to mention and |
| 21 | put on the record, I have a bit of a witness problem |
| 22 | with my expert Flosi. I've discussed with Mr. Galipo |
| 23 | what his order of witnesses are, and I -- I think that |
| 24 | he probably wouldn't even get through all he plans |
| 25 | tomorrow, which means that I wouldn't be able to call |

1  Flosi until Thursday.  He's not available on Thursday.
2  He's available on Friday morning.  Mr. Galipo does not
3  have any objection to calling him.  It would be our very
4  last witness on Friday morning.  Is that agreeable to
5  the Court?
6         THE COURT:  Well, when you say -- Mr. Galipo,
7  are you -- do you have a problem with -- Mr. Galipo --
8  with him being put on tomorrow or do you want to do it
9  on Friday?  I guess we're not going to be done till
10 Thursday; right?
11        MR. FORD:  I don't think so, but be absolutely
12 is not available on Thursday.  He's in transit.  So
13 there is no way that I can get him on video.  And I
14 don't want to do it out of order.  I'd like to end with
15 him.  So I just want to give the Court notice.
16 Mr. Galipo has no objection to that --
17        THE COURT:  Okay.
18        MR. FORD:  - to call him on Friday.
19        THE COURT:  Okay.  Well, here's the thing:  The
20 reason I imposed a time limit is to finish; right?
21        MR. FORD:  Right.
22        THE COURT:  And I mean, I guess we could see
23 how tomorrow goes.  I don't have a problem with you
24 taking him out of order if Mr. Galipo doesn't and
25 bringing him in tomorrow.  Is he here -- available

1  tomorrow?
2          MR. FORD:  No, he's in a cabin in
3  Northern California.
4          THE COURT:  I see.
5          MR. FORD:  So in order for me to even get him
6  by video, which I think is prejudicial to us -- and I
7  would really like to call him live on Friday, he can be
8  here live in the courtroom on Friday, but he cannot do
9  it on Thursday.  He's in -- he's in transit.
10         THE COURT:  Okay.
11         MR. FORD:  So that's what I'm --
12         THE COURT:  Well....
13         MR. FORD:  -- pleading to with the Court.
14         THE COURT:  Well, I'm not going to decide one
15 way or the other, because I want to see what it's like,
16 you know, where we're going.  So I can't guarantee you
17 that -- I mean, I would tell him to get in transit
18 tomorrow.  I would get ahold of him tonight and tell him
19 to get on a plane and do what he needs to do to get here
20 for Thursday.
21         MR. FORD:  I've tried that, it's just not
22 possible.
23         THE COURT:  But we'll just see how tomorrow
24 goes and how much time you all have left.
25         MR. FORD:  Okay.

1    THE COURT: If it looks like we're going to
2  take most of the day on Thursday, then I guess I'm
3  okay -- I -- we can maybe do that, but yeah, it is --
4  but you can't get him here tomorrow though?
5    MR. FORD: I cannot. I tried when I raised
6  this last week. He is just not available.
7    THE COURT: Okay. Well, we'll deal with it
8  tomorrow then.
9    MR. FORD: Thank you.
10    THE COURT: Okay. Thank you. Thank you. Have
11  a good evening everyone.
12    MS. BURUNSUZYAN: Thank you, Your Honor.
13    THE COURTROOM DEPUTY: Court stands in recess.
14      (Whereupon, proceeding adjourned.)
15          - - -
16
17
18
19
20
21
22
23
24
25

```
                    C E R T I F I C A T E




    TAMMY MURILLO                       :

                 vs.                    :   No. CV 21-08738-FMO

    CITY OF LOS ANGELES, et al.         :
```

I, MARIA BUSTILLOS, OFFICIAL COURT REPORTER, IN AND FOR THE

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF

CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753,

TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND

CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED

PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE

TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS

OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE

REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE

REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.


/S/_____            _10/17/2023_

MARIA R. BUSTILLOS                      DATE
OFFICIAL REPORTER