**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA  91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff Tammy Murillo*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MURILLO, an individual and as successor in interest to JESSE MURILLO, deceased,<br><br>            Plaintiff,<br><br>      vs.<br><br>CITY OF LOS ANGELES, FRED SIGMAN; CHRISTOPHER MONTAGUE,<br><br>            Defendants. | Case No. 2:21-cv-08738 FMO (AGRx)<br><br>**DECLARATION OF JOHN FATTAHI IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Date:   December 7, 2023<br>Time:  10:00 a.m.<br>Crtrm: 6D<br><br>*The Honorable Fernando M. Olguin* |

## <u>DECLARATION OF JOHN FATTAHI</u>

I, JOHN FATTAHI, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and in the United States District Court for the Central District of California.  I make this Declaration in support of Plaintiff's Motion for Attorneys' Fees.  I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2.     **Hours Reasonably Expended.**  I have reasonably expended 7.4 hours of billable time on this matter.  Below is a table of my contemporaneous line-item billing entries from October 2022 through the present date:

| Date | Duration | Description |
|---|---|---|
| 10/4/22 | 0.1 | Review and execute protective order regarding discovery materials |
| 10/9/22 | 1.1 | Review case materials including video recording and investigative memo; draft strategy memo |
| 12/14/22 | 1.2 | Legal research re qualified immunity; draft memo re factual and legal strategy regarding qualified immunity; corresp to D Galipo and R Masongsong re same |
| 10/10/23 | 0.3 | Corresp with R Masongsong re opposing motion for new trial |
| 10/11/23 | 3.4 | Review Defs.' motion for new trial, MILs and rulings; draft memo to team re opposition strategy |
| 10/19/23 | 1.3 | Review, revise, and edit opposition to Defs.' motion for new trial |
| **Total:** | **7.4** | |

3.     I became involved in this matter in October 2022, at the request of Plaintiff's lead counsel Dale K. Galipo.  Initially, I was asked to provide input on Plaintiff's factual and legal strategies regarding liability issues, particularly qualified immunity.  Then, following the jury verdict, I was asked to provide strategic input and oversight on post-trial motions in preparation for assuming substantial responsibility for anticipated appellate proceedings.  I contemporaneously tracked my time in tenth-of-an-hour increments, and exercised billing judgment by excluding time spent on unproductive or administrative tasks.  All time was reasonably incurred and could have been billed to a private client.  I have already excluded at least 3 hours of time spent on this matter, including all time spent preparing the instant declaration and fee motion.

4.     **Reasonable Hourly Rate.**  As recently recognized by Judge Cormac J. Carney of this Court in *Valenzuela v. City of Anaheim*, No. 8:17-cv-00278-CJC

(DFMx), a reasonable year 2022[1] fee for my professional services in civil rights litigation of similar complexity is $850 per billable hour.  The *Valenzuela* fee order, Doc. No. 462, is available at https://ecf.cacd.uscourts.gov/doc1/031139515756.  The Declaration of fee expert Carol Sobel in support of my hourly rate in *Valenzuela* and exhibits 1-13, Doc. No. 459-1, is available at https://ecf.cacd.uscourts.gov/doc1/031139376662, and Mr. Galipo's declaration in further support for my rate, Doc. No. 459-2 at ¶ 22, is available at https://ecf.cacd.uscourts.gov/doc1/031139376663.

5.    I have been practicing law since 2006, and have almost exclusively practiced federal civil rights litigation since 2008.  I graduated from UCLA School of Law in 2006, where I was Senior Editor of the UCLA Law Review and spent one semester as a judicial extern to Judge Stephen Reinhardt of the U.S. Court of Appeals for the Ninth Circuit.  After graduation, I took and passed the California Bar Exam, then served for one year as a law clerk to U.S. District Judge Virginia A. Phillips in the Central District of California, where I gained invaluable insight into federal litigation, including civil rights litigation.  From October 2007 until February 2009, I was employed as a partnership-track litigation associate by one of the most prestigious and selective law firms in the world, Quinn Emanuel Urquhart & Sullivan, LLP (formerly Quinn Emanuel Urquhart Oliver & Hedges, LLP) in Los Angeles, California.  While at Quinn Emanuel, I litigated and tried to a plaintiff's verdict a prisoner lawsuit as a member of the Central District of California's pro bono civil rights panel.  In February 2009, I joined the Law Offices of Dale K. Galipo, where I practiced plaintiff's civil rights litigation.  In July 2011, I opened a

---

[1] I have not had the occasion to calculate my 2023 rate, but it would be substantially higher than my 2022 rate, due to an increase in market rates, high inflation, and my increased experience.  Because of the relatively limited number of hours I have spent on this case to date, and in the interest of efficiency and economy, I am applying my established 2022 rate in instead of current 2023 rates.

solo practice that exclusively handles civil rights litigation.  I have continued to work closely with Mr. Galipo on several matters on which we have achieved great success.  Further, since fall 2022, I have taken on a new role as "of counsel" to Mr. Galipo's firm, which includes providing strategic direction, overseeing affirmative appeals, and training new associates.

6.　　　With regard to civil rights litigation in federal court, I have had primary responsibility for several civil rights appeals before the Ninth Circuit and U.S. Supreme Court, resulting in published decisions that have clearly established several constitutional principles.  At the district court level, I have had primary responsibility for countless pleadings and motions, percipient, Rule 30(b)(6), and expert depositions, motions for summary judgment, pretrial documents, and post-trial motions.  I have also tried more than ten federal civil rights jury trials, usually as second chair but occasionally as lead trial counsel, obtaining a favorable result approximately 80% of the time.  I have obtained excellent results for my clients, including but not limited to the following since 2015:

- 2023: Opposed certiorari before the U.S. Supreme Court, after obtaining complete affirmance before the Ninth Circuit of $13.2 million jury verdict obtained by Mr. Galipo in fatal police chokehold case, including a published opinion, 6 F.4th 1098 (9th Cir. 2021), which established the entitlement to "loss of life" damages in § 1983 death cases, and an unpublished memorandum affirming the denial of post-trial motions including qualified immunity. (*Valenzuela v. City of Anaheim*, C.D. Cal., 9th Cir., U.S.)

- 2022: After overseeing legal strategy for course and scope and color of law, successfully defended against Ninth Circuit appeal and post-trial motions a $17 million jury verdict obtained by Mr. Galipo in fatal police shooting case by off-duty LAPD officer at a Costco in Riverside County. (*French v. City of Los Angeles*, C.D. Cal., 9th Cir.)

- 2022: Succeeded in obtaining Ninth Circuit affirmance on alternate grounds, which nullified district court's finding that restraint-related death was not the result of excessive force, thus permitting state tort and civil rights claims to be revived and litigated in state court. (*A.B. (Birtcher) v. County of San Diego*, 9th Cir.)

- 2020: Successfully opposed petition for a writ of certiorari to the U.S. Supreme Court challenging Ninth Circuit's denial of qualified immunity in fatal police restraint case. (*Deasey v. Slater*, U.S.)

- 2020: Successfully defended $4.5 million jury verdict obtained by Mr. Galipo in fatal police shooting case against post-trial motions for new trial and judgment as a matter of law, resulting in favorable settlement prior to appeal. (*L.D. (Frias) v. City of Los Angeles*, C.D. Cal.)

- 2019: Successfully defended $15.5 million jury verdict obtained by Mr. Galipo in fatal police shooting case against post-trial motions for new trial, remittitur, and judgment as a matter of law, resulting in settlement exceeding value of judgment prior to appeal. (*Archibald (Pickett) v. County of San Bernardino*, C.D. Cal.)

- 2018: Obtained $2.5 million jury verdict in McKinleyville, California, successfully opposed multiple post-trial motions, and negotiated $3.45 million settlement plus substantial policy and training reforms, in a federal civil rights action arising from jail officials' indifference to a schizophrenic arrestee's methamphetamine overdose.  There was no offer of settlement prior to disposition of the post-trial motions.  Before trial, I successfully advocated for the first application of an objective standard to a denial of a pretrial detainee's medical care under the Fourteenth Amendment Due Process Clause, which the district judge, on behalf of the Ninth Circuit, adopted shortly thereafter in a published opinion in *Gordon v. County of Orange*

*("Gordon I")*, 888 F.3d 1118 (9th Cir. 2018). (*Borges v. County of Humboldt*, N.D. Cal.)

- 2018: Obtained complete affirmance of both the verdict and attorney fee award before the Ninth Circuit, after obtaining a $1.05 million jury verdict for Fourteenth Amendment familial interference claims arising from the fatal police shooting of the plaintiffs' son. (*Woods v. Fagan*, C.D. Cal., 9th Cir.)

- 2017: Obtained $1.67 million settlement arising from the fatal police shooting of an unarmed homeless man. (*J.M. v. City of Santa Ana*, C.D. Cal.)

- 2016: Obtained $1.9 million settlement arising from the fatal police shooting of an unarmed man wanted for an armed robbery during a lengthy foot pursuit. (*N.W. v. City of Long Beach*, C.D. Cal.)

- 2016: Obtained $3.7 million settlement arising from the fatal police shooting of an unarmed man following a pursuit of a stolen vehicle. (*Hallstrom v. City of Santa Ana*, C.D. Cal.)

- 2016: Obtained complete affirmance of $7.9 million judgment on jury verdict obtained by Mr. Galipo in fatal police shooting case on appeal to the Ninth Circuit. (*Zerby v. City of Long Beach*, 9th Cir.)

- 2015: Obtained complete affirmance of $3.7 million judgment on jury verdict obtained by Mr. Galipo in fatal police beating case on appeal to the Ninth Circuit. (*P.C. v. City of Los Angeles*, 9th Cir.)

- 2015: Obtained complete affirmance of $6.6 million judgment on jury verdict obtained by Mr. Galipo in quadriplegic police shooting case in post-trial motions, on appeal, and in opposition to certiorari to the U.S. Supreme Court. (*Contreras v. City of Los Angeles*, C.D. Cal., 9th Cir., U.S.)

7.     I was selected to the Super Lawyers Rising Stars Southern California list each year between 2015 and 2019, reflecting my reputation among my peers. Each year, no more than 2.5 percent of the lawyers in the state are selected to

1  receive this honor.  I am also frequently asked to give presentations on civil rights

2  litigation to law students, fellow attorneys, and judges, including at national

3  conferences and symposia.

4       8.     In addition to my firm's own case load, I am frequently asked to

5  associate with co-counsel on pending or anticipated federal civil rights matters.  In

6  particular, Mr. Galipo and other attorneys have sought my counsel and services to

7  oppose post-trial motions and defend appeals in numerous cases such as this

8  involving the largest civil rights verdicts.  These high stakes opportunities typically

9  present themselves on short notice, demand substantial attention precluding other

10 opportunities, attract exceptionally zealous advocacy from adverse parties and

11 powerful *amici curiae* interests, carry a high degree of risk, and come with no

12 guarantee of any compensation.  Substantial plaintiff's verdicts are not infrequently

13 negated by a successful motion for judgment as a matter of law or new trial.  Even if

14 a plaintiff's verdict manages to survive post-trial motions, about half (48 percent) of

15 verdicts of over $1 million in large counties were reversed or modified on appeal

16 from 2001 to 2005, as opposed to 35 percent of those under $100,000.  *See* U.S.

17 Department of Justice Bureau of Justice Statistics, Special Report: Appeals from

18 General Civil Trials in 46 Large Counties, 2001–2005, at 6, *available at*

19 https://www.bjs.gov/content/pub/pdf/agctlc05.pdf (June 2006).  I believe that the

20 reversal rate for large civil rights verdicts is likely higher, particularly in light of the

21 Supreme Court's recent "beyond debate" formulation of the "clearly established"

22 prong of qualified immunity.  Typically, as in this case, my only compensation is

23 the potential statutory fee awarded for my work by the Court and paid if and when a

24 defendant has exhausted all appellate options and the judgment is enforceable.  My

25 representation of Plaintiff in this case involves significant risk and extremely high

26 stakes.  Nearly all of the clients I have represented in civil rights litigation have been

27 indigent, many have been minors, and all have been unable to afford my services on

28

1  a paid basis and therefore I routinely accept representations on a contingency basis

2  and advance litigation costs.  If statutory attorneys' fees in line with prevailing

3  market rates for similarly complex work were not available in cases such as this, I

4  would not be able to represent clients such as Plaintiff in pursuit of remedies for

5  violations of fundamental constitutional rights.  Based on my experience and

6  qualifications to practice federal civil rights litigation, my reputation, and the quality

7  of my work product as demonstrated by the results obtained in this case and others,

8  a reasonable 2022 rate for my professional services in this case is $850 per billable

9  hour.

10       I declare under penalty of perjury under the laws of the State of California

11 and the United States of America that the foregoing is true and correct, and that this

12 was executed on November 2, 2023, at Torrance, California.

13

14                    */s/ John Fattahi*

15                    John Fattahi

16

17

18

19

20

21

22

23

24

25

26

27

28