**RODNEY S. DIGGS, ESQ., (SBN 274459)**
Email: rdiggs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

Former Attorneys for Plaintiff, **TAMMY MURILLO**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MURILLO, an individual, and as Successor in Interest to JESSE MURILLO, deceased, | Case No: 2:21-CV-08738 FMO (AGRx) |
| Plaintiff, | **DECLARATION OF RODNEY S. DIGGS IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS FEES** |
| v. | |
| CITY OF LOS ANGELES, a GOV'T ENTITY; and DOES 1 to 50, inclusive, | |
| Defendants. | Complaint Filed: December 24, 2018 |

## DECLARATION OF RODNEY S. DIGGS

I, Rodney S. Diggs declare,

1.     I am an attorney at law fully licensed and admitted to practice before all courts of the State of California.  I am an Equity Partner with the firm Ivie McNeill Wyatt Purcell & Diggs, and prior counsel for Plaintiff's. The matters contained in this declaration are known to me personally, and if called upon to testify as to such matters under oath in a court of law, I could and would do so competently.

2.     I was attorney of record in this matter from April 2021 until September 2022.

## <u>MY REQUESTED HOURLY RATE IS REASONABLE</u>

3.    I have maintained contemporaneous time records reflecting the work activity and time spent on this case.  I have exercised billing judgment, and I have reduced or written off unproductive time or other time that would not ordinarily be charged to a fee-paying client. A copy of the time records for me and my associates, Darryl Meigs, Megan Gyongyos and my paralegal, Alice Williams, at my firm for this case is attached hereto as **Exhibit "A"**.

4.    All of the work done in this case was to advance the claims ultimately presented to the jury.

5.    I graduated with a B.A. from University of California Los Angeles in 2005.  I attended and graduated from Howard University School of Law in 2010.

6.    I have specialized in and have devoted the majority of my practice to civil rights and employment litigation, which I believe go hand-in-hand.  Over the course of my career, I have handled over 1500 cases.

7.    I have represented numerous plaintiffs in civil rights and employment cases against and I have spoken with hundreds more concerning potential cases that I ultimately did not take.  It is, in my experience, a rule without exception that such cases involve considerable time and labor in order to obtain a successful result for plaintiffs in matters employers, including large companies.

8.    This case was no exception.  Since 2021 my firm worked on this matter with a risk of no recovery.

9.    My firm was able to remove this matter to federal court and resurrecting the federal claims in this matter instead of where the case was initially – Van Nuys, CA.

10.    The removal of this matter to federal court with the federal causes of action that were not initially brought, I believe, assisted in Mr. Dale Galipo's office getting justice for Plaintiffs.   The assistance my firm played allowed for a successful resolution, among other things, which included skills and specific knowledge I acquired from representing hundreds of Plaintiffs in civil rights and

employment related matters.

11.     Taking on a case of this nature involves a significant amount of time and precludes me and my firm from accepting other clients.

12.     My office and residence are in Los Angeles County. I spent hundreds of hours working this case up and was going preparing for expert depositions and trial before my firm was substituted out. Due to my focus on this case, I was forced to turn away and not accept other matters which could have been potentially financially lucrative

13.     Defendants in this matter never offered a settlement, despite Plaintiff and Plaintiff's counsels' attempts to broach settlement discussions during the time my firm worked on the case.

14.     This was not an easy case.  This case was vigorously defended by Defendant every step of the way, including Defendants decision to not offer Plaintiff any money to settle this case.

15.     In January of 2011, I became an associate at Ivie, McNeill & Wyatt. In 2016, I was elevated to partner.  My firm has been in existence since 1943 and we maintain on average 20-30 attorneys.  Prior to becoming partner, the last person to be elevated to partner was 14 years prior to 2016.  In 2019, I was, again, elevated to named partner.

16.     In 2013, my second year of being an attorney at my firm, I tried my first 42 USC 1983 case as first chair *Rodney Sawyer v. City of Los Angeles, et al.* Case No. CV-12-10819.  The jury reached a 6-figure verdict for my client. For the last 7-years, I have gone to trial and been first chair 15 civil trials.

17.     Most notably, in 2019 I was lead attorney in the case *Sinuon Samantha Pream, et al. v. City of Long Beach, et al.,* Case No. CV 17-04295 TJH (FFMx).  I obtained a $9.1 million dollar verdict which was the largest verdict against The City of Long Beach in a shooting wrongful death case and the second largest in the United States District Court Central District in a civil rights shooting wrongful death case. This verdict was also top 10 civil rights verdict in California

for 2019.

18.     In 2022, I was lead attorney in *Ross v. Bassett Unified School District, et al.* Case No. 19STCV22820.  I obtained a $25 million dollar verdict which is the largest compensatory verdict for retaliation against a school district.

19.     In 2019 I obtained a Top 10 verdict in the U.S. and a Top 10 verdict in California.

20.     In 2020 I obtained a Top 50 verdict in California.

21.     In 2021 I obtained a Top 10 settlement in the U.S. and two (2) top 10 settlements in California.

22.     I have spoken at numerous seminars, and now virtual panels, over the years on employment related topics and on the realities of prosecuting plaintiff cases. Specifically, in 2018 I was a panelist for a trial boot camp for new and young attorneys that took place in Toronto, Canada by the National Bar Association and ABOTA.  I was also asked to serve as a speaker and panelist for 5-day long trial boot camp held at the University of Las Vegas but was subsequently postponed because of COVID-19.

23.     I was lead counsel and was published in the case *Reginald Mitchell v. California Department of Public Health* Case No. B265769 (Los Angeles Superior Ct. No. BC550911). I represented the Plaintiff in this case.  This published opinion changed the law in California regarding a FEHA lawsuit after the statute of limitations have passed if the principles of equitable tolling are present.

24.     I was also lead counsel and was published in the case *Department of Corrections and Rehabilitation v. State Personnel Board and Vickie Mabry-Height* Case No. C084698 (Superior Court No. 34-2014-80001862).  This case changed the way the burden shifts in discrimination cases.

25.     I have been selected by *Super Lawyers* to be named as a "Southern California Rising Star" in 2014 - 2022 for exhibiting excellence in practice. To be eligible for inclusion in *Rising Stars*, a candidate must be either 40 years old or younger or in practice for 10 years or less. This is remarkable because, while up to

5 percent of the lawyers in a state are named to Super Lawyers, no more than 2.5 percent are named to *Rising Stars.*

26.     I was named Super Lawyer in 2023.

27.     In 2023, I was named Leading Consumer Attorney by LA Times.

28.     In 2023, I was named Who's Who in Law by Los Angeles Business Journal.

29.     In 2022 and 2023 I was named Leaders of Influence by Los Angeles Business Journal.

30.     In 2022 and 2023 I was named Best Lawyers in America.

31.     In 2021, 2022 and 2023 I was named Top Labor & Employment Lawyer by the Daily Journal.

32.     In 2021 I was named Top Attorney of the Year by the International Association of Top Professionals.

33.     In 2020, I was named The Marquis Who's Who in American for my work in the legal field.

34.     In 2019, 2022 and 2023, I was named "Top 100 Lawyer in California" by the Daily Journal.  The annual feature recognizes leading attorneys who have done cutting-edge legal work over the past year, with a particular emphasis on the impact their work has on their clients and the legal profession. There are over 220,000 attorneys in California, making my achievement that much more remarkable. The award, one of the California legal profession's most coveted, is given to honor those whose superior achievement and stellar results place them in a super-elite category.

35.     In 2019, I was named The National Trial Lawyers Top 100 Attorney and Top 40 Under 40.

36.     In 2019, my firm, Ivie McNeill Wyatt Purcell & Diggs was designated one of the Top 20 Boutique (for litigation) in California by the Daily Journal.

37.     In 2018, I was named "Most Powerful Employment Lawyer" by Lawdragon.

38.    I have also been selected at as one of Los Angeles 100 Most Influential African Americans, The National Black Lawyers Top 40 under 40, The National Black Lawyers Top 100 Lawyer in California, The National Bar Association top 40 under 40 and received numerous recognition by the Assembly and County and City of Los Angeles for excellence in the profession of law.

39.    In 2015, I was selected as one of 25 attorneys out of 250 to be invited to American Board of Trial Advocates SideBar, part of the Los Angeles Chapter of ABOTA.

40.    I have represented numerous plaintiffs in civl rights and employment cases and I have spoken with hundreds more concerning potential cases that I ultimately did not take.  It is, in my experience, a rule without exception that such cases involve considerable time and labor in order to obtain a successful result for plaintiffs in matters against large companies.

41.    I have litigated hundreds of civil rights and employment law cases representing employees from all educational levels and professional status, including minimum wage earners from many different industries, to high level executives, physicians, lawyers, nurses, and other high wage-earning professionals. Several of my cases have gone to trial or arbitration award.  I have achieved multi-millions of dollars in settlements for my various clients, approximately over $200 million.  I believe that the high settlements and arbitration awards that I am able to obtain for many of my clients are a product of not only the dedication and many hours I devote to my cases, but also my legal skills and my ability to attract exceptional cases to my firm because of my reputation in the legal community.  In fact, clients are consistently referred to me not just by colleagues and community leaders, but also by opposing counsels and several judges from state and federal court.

42.    Most recently, a federal court judge appointed me to be the attorney for a plaintiff in a case I knew nothing about.  Although this is common in criminal matters, it is not common place in civil matters.

43.     In this matter I spent 148.50 hours of my own time. However, this figure does not include *each and every* telephone conference, internal meetings conducted and related activities.  All of the work undertaken and performed by me on this case was necessary and reasonable.

44.     The extensive number of hours I worked on this case definitely precluded me from working on the prosecution of other cases handled by my law firm.

45.     My reasonable billing rate is $1000.00.  This is reasonable based on my many years of experience as an attorney, my accolades and achievements, experience as a trial lawyer, the results obtained in jury trials, and my expertise in the area of employment and civil rights cases.

46.     On August 18, 2023, Judge Stephanie Bowick awarded my $850/hr. attorneys' fees in the case of *Ross v. Bassett Unified School District, et al.* Case No. 19STCV22820.

47.     On July 6, 2018 Judge Ann I. Jones awarded me $700/hr. attorneys' fees in the case of *Richard McCorkle, et al. v. American Textile Maintenance Company* Case No. BC495759.

48.     On March 28, 2017, the Court of Appeal issued a 10-page opinion affirming that Judge Mackey (trial court) was reasonable when he awarded me $500/hr. attorneys' fees in the case, *Ruiz v. U.S. Security Association*, B275201 (trial court case no. BC 542144).

49.     Judge Mackey awarded me $500/hr. rate, which was affirmed by the Court of Appeal, when I was an associate with my firm.  I am now an Equity Named Partner and Director of my law firm, the largest African American owned law firm in the nation.

50.     In January 2020, my hourly billing rate was approved by San Diego County Superior Court (then) Presiding Judge Hon. Kevin Enright at $850.00 per hour. My skills and experience have increased significantly from early 2020 to present.

51.     The successful result in this matter was achieved by Plaintiffs' attorneys through diligent and tireless effort, including preparing this case for trial and trial itself.  The work performed by myself and each attorney in furtherance of this action was reasonable and necessary.  All of the time was contemporaneously kept and was billed for legitimate, necessary activities such as: (1) meetings with client; (2) drafting pleadings; (3) preparing for, taking and defending numerous depositions and conducting written discovery; (4) drafting and opposing motions; (5) attending court proceedings and mediations; (6) reviewing extensive documentation and evidence; (7) locating and speaking with witnesses; (8) preparing pre-trial pleadings; (9) preparing for trial; and (10) trial.

52.     Given the above, and based on the difficulty of this case and the skill, experience and ability necessary to prevail on this case, I believe an hourly attorney fee rate for my services under the circumstances should be $1000 per hour.  I am respectfully requesting this hourly fee on the basis of my extensive trial experience, extensive experience in employment and civil rights cases, and based on my accomplishments and all the work performed in this case and other employment and civil rights cases.

53.     This case involved a number of complex issues. This case was vigorously defended by the Defendant.  From the outset, defendants contended that the decedent's death was within policy. Furthermore, Defendants did not make any settlement offer prior to going to trial.

54.     My associates Darryl Meigs and Megan Gyongyos and paralegal Alice Williams assisted me in the day-to-day management of this case. Each of their declarations is submitted concurrently with mine and the motion for attorney's fees. My associates and paralegal work primarily employment matters. I believe it would be appropriate to compensate my associate and paralegal the following hourly rates:

| Attorney | Rate | Hours | Total Amount |
|----------|------|-------|--------------|

| Rodney S. Diggs, Esq. | $1000.00/Hour | 148.50 | $138,400.00 |
|---|---|---|---|
| Darryl Meigs, Esq. | $500.00/Hour | 12.10 | $6,050.00 |
| Megan Gyongyos, Esq. | $700.00/Hour | 31.90 | $22,330.00 |
| Alice Williams | $250.00/Hour | 49.65 | $12,337.50 |
| | **Total** | 245.15 | **$190,042.50** |

55.     A true and correct copy of my firm's detailed billing records itemizing the date, hours and description of the nature of the work performed to date by each of the attorney and law clerk in my office, is attached hereto as **Exhibit "A**." Each attorney is identified by their initials.

56.     I also believe that a reasonable hourly rate for the professional services of Darryl Meigs, my associate, is $500.00 per hour and Megan Gyongyos, my associate, is $700.00 per hour and my paralegal, Alice Williams is $250.00. I am intimately familiar with their skills level and experience, and have worked exclusively with them during their employment with my firm, mostly on employment matters, and during this time, I have found their work ethic and commitment to this office and to our clients to be unparalleled. Mr. Meigs, Ms. Gyongyos and Ms. Williams handled many aspects of the day-to-day management of this case since its inception, as well as the day-to-day management of virtually every other employment case currently handled by this firm, and was primarily, if not exclusively, responsible for the preparation lots of the pleadings generated by this office on this case. The quality of their research and writing is the finest I have seen in my years of experience as an attorney, and I can competently state that their general skills as an advocate are as good as or better than most attorneys that I have encountered who have been in practice for 20 or 30 years. Their abilities in the area of trial preparation and general litigation support have made it possible for me to develop my abilities as a trial lawyer and trial strategist to a great extent,

which is directly responsible for the recent results articulated above.

57.     As stated herein above, I have substantive knowledge and experience obtained through reading, interaction with colleagues and my work in the legal field which allow me to opine on the reasonable contingency fee rate of the attorneys in my firm who have worked on this matter

58.     To date, my firm has received no compensation in this case and has advanced all costs.

## **Darryl Meigs and Megan Gyongyos**

59.     Mr. Meigs and Ms. Davis were both attorneys with my law firm of Ivie McNeill Wyatt Purcell & Diggs, prior attorneys of record for Plaintiffs. The foregoing facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

60.     Ms. Gyongyos graduated from Arizona State University and attend Southwestern Law School. Ms. Gyongyos was also counsel in the *Pream v. City of Long Beach* case as mentioned above.

61.     Ms. Gyongyos was responsible for reviewing Defendants' discovery responses and drafting meet and confer letters. She also researched and wrote Plaintiff's oppositions to Defendant's various motions and assisted in deposition preparation and took depositions.

62.     Ms. Gyongyos significantly assisted me in this matter in my capacity as an attorney with the law firm of Ivie McNeill Wyatt Purcell & Diggs.  Mr. Diggs was lead counsel for Plaintiff.

63.     Mr. Meigs graduated from Stanford University in June, 2003, and University of Virginia School of Law in July, 2016.  During law school he served over 100 hours of pro bono service helping individuals at the self-help resource centers located at the Santa Monica and Inglewood Superior Courthouses, as well as with the Jennesee Center, Inc., which is the oldest domestic violence intervention program in South Los Angeles.  Additionally, he worked as a summer law intern with the U.S. Attorney's Office, Los Angeles City Attorney's office,

and the Los Angeles County District Attorney's Office.

64.     During his time with the Los Angeles County District Attorney's office, Mr. Meigs worked in the Justice System Integrity Division, where he was able to observe and inspect the scene of multiple officer-involved shooting incidents.  Mr. Meigs became very familiar with the standards of review for police uses of force with regard to criminal charging decisions, and drafted multiple "declination letters" which explain, in considerable detail, the County's reasoning for declining to pursue criminal charges related to a police officer's use of force. Additionally, Mr. Meigs worked closely with Deputy District Attorney Gretchen Ford, and members of the LA County Sheriff's Internal Criminal Investigation Bureau on a 3-week trial of a former deputy sheriff that had been charged with filing a false police report.  This experience provided invaluable insight into the inner workings of law enforcement agencies, as well as the standards related to the proper performance of law enforcement officers job duties.

65.     Upon graduation Mr. Meigs worked as a Law Clerk to the Honorable Andre Birotte, Jr. from October 2017 until October 2018.  There, he performed research and drafted proposed orders on countless motions, many of which were dispositive, as well as multiple bench trials.  Mr. Meigs also had the opportunity to assist Judge Birotte with multiple jury trials, including one brought pursuant to 42 U.S.C. § 1983 for excessive force by police officers.

66.     Mr. Meigs joined Ivie, McNeill and Wyatt in October, 2018.  Since that time, he devoted a significant portion of his time to civil rights and employment litigation, and have closely assisted lead attorney, Rodney Diggs with multiple federal trials.

67.     Mr. Meigs significantly assisted me in this matter in my capacity as an attorney with the law firm of Ivie McNeill Wyatt Purcell & Diggs.  Mr. Diggs was lead counsel for Plaintiff.

68.     Specific instances of my significant work on this case are set forth in my detailed billing records itemizing the date, hours, and description of the nature

of the work performed to date included, but are not limited to the following:

a.      Significant hours spent analyzing and reviewing discovery produced by Defendants as well as Defendants' discovery responses.  This work helped informed Plaintiffs' trial strategy.

b.      Significantly assisted in preparing Plaintiff for his deposition along with assisting Mr. Diggs in the preparation of depositions of Defendants' witnesses;

c.      Assisting with the review and analysis of Defendants' written discovery requests to Plaintiff;

d.      Appearing, attending, and assisting in the preparations for and the depositions of Defendants and other witnesses in support of the defense;

e.      Significantly assisting in the preparation for trial including, but not limited to, developing, strategizing, organizing, drafting and/or revising, Defendants' cross-exam, trial/evidence strategy, defense impeachment, expert preparation/coordination, effective evidence presentation, opening and closing arguments.

f.      Participating in the trial by examining certain witnesses.

69.     By virtue of Mr. Meigs and Ms. Gyongyos' unique skillset as attorneys with a considerable education in the law, as well as vast knowledge regarding trial procedure and strategies, the extremely favorable outcome, and breadth of evidence and preparation needed for a successful outcome in this matter, they submit that all of the time and professional skills were reasonable and necessary to the successful prosecution of Plaintiffs' case, and the requested hourly rate is reasonable.

70.     In this matter Mr. Meigs and Ms Gyongyos spent at approximately **44** hours working on the case.  This figure *does not* include numerous telephone conferences, internal meetings, and related activities which were not billed.  All of the work undertaken and performed by me on this case was necessary and reasonable in lieu of the aforementioned significant amount of discovery,

litigation, and preparation for successful presentation of the case and Defendants' staunch and constant opposition to Plaintiffs' claims throughout the litigation of this action.  Attached as **Exhibit "A"** to Rodney Diggs' declaration is a true and correct copy of the detailed billing records itemizing the date, hours, and description of the nature of the work performed to date by me.

71.    I believe that a reasonable fee for Mr. Meigs professional services in this case is $500 per billable hour and Ms. Gyongyos reasonable rate is $700 per billable hour.

### Alice Williams

72.    Ms. Williams began working as a paralegal for over two years at my firm. She was responsible for reviewing Defendant's discovery responses and drafting meet and confer letters. As our the trial date approached, Ms. Williams committed much more time to the case. She was heavily involved in selecting participants in the focus group, as well as observing, analyzing, and making recommendations based on participants' reactions to the information attorney Rodney Diggs presented. She also researched and wrote summaries and memorandums related to oppositions to various motions filed by Defendant.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed on this 3rd day of November, 2023, at Los Angeles, California.


_Rodney S. Diggs_

Rodney S. Diggs, Declarant

13

EXHIBIT

A



444 S. Flower Street<br>
Suite 1800<br>
Los Angeles, CA 90071 USA<br><br>
Ph:213-489-0028        Fax:213-489-0552

Tammy MURILLO                                          November 2, 2023

3500 West Olive Avenue
#300
Burbank, CA
91505

File #:            821043
**Attention:**                                        Inv #:            Settle

**RE:**     MURILLO, Tammy v City of Los Angeles - 821-043

| DATE | DESCRIPTION | HOURS | RATE | AMOUNT | LAWYER |
|------|------------|-------|------|--------|--------|
| Apr-06-21 | review all documents and evidence produced by co-counsel | 5.10 | $1,000.00 | 5,100.00 | RSD |
|  | Review email exchange between RSD & co-counsel re upcoming depositions | 0.10 | $700.00 | 70.00 | MRG |
|  | Review email from co-counsel enclosing Notice of Association | 0.10 | $700.00 | 70.00 | MRG |
|  | Review email from co-counsel's assistant re sharing case materials via Dropbox | 0.10 | $700.00 | 70.00 | MRG |
|  | Review email from opposing counsel enclosing subpoenas for decedent's records | 0.10 | $700.00 | 70.00 | MRG |
| Apr-08-21 | review and analyze Los Angeles County DA Report | 2.10 | $1,000.00 | 2,100.00 | RSD |
|  | review and analyze BOPC findings | 1.40 | $1,000.00 | 1,400.00 | RSD |
|  | research applicable case law to determine if federal claims can relate back to state claims after the SOL | 2.70 | $1,000.00 | 2,700.00 | RSD |
|  | Review subpoenas for decedent's records forwarded by co-counsel | 0.10 | $700.00 | 70.00 | MRG |

| Date | Description | Hours | Rate | Amount | Initials |
|---|---|---|---|---|---|
| | Search BOPC website for BOPC Findings re OIS of Jesse Murillo | 0.10 | $700.00 | 70.00 | MRG |
| | Review Los Angeles County Justice System Integrity Division Report re OIS of Jesse Murillo | 0.30 | $700.00 | 210.00 | MRG |
| | Review Los Angeles Board of Police Commissioner's Findings re OIS of Jesse Murillo | 0.40 | $700.00 | 280.00 | MRG |
| Apr-12-21 | Review deposition transcript(s) of Plaintiff Tammy Murillo (continue review started 4/11/2021) to prepare for depo of Mark Guerrero | 3.60 | $1,000.00 | 3,600.00 | RSD |
| | Preparation of condensed notes from LAPD reports & deposition of Plaintiff for reference during tomorrow's depo of Mark Guerrero | 2.10 | $1,000.00 | 2,100.00 | RSD |
| | Telephone call from Luna Kurdy (co-counsel assistant) confriming RSD or MRG will appear at tomorrow's depo of Mark Guerrero | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence (email) from Luna Kurdy re confriming RSD or MRG will appear at tomorrow's depo of Mark Guerrero | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to (reply email) Luna Kurdy confirming RSD or MRG will appear at tomorrow's depo of Mark Guerrero and requesting link once available | 0.10 | $700.00 | 70.00 | MRG |
| | Telephone call to Luna Kurdy (co-counsel assistant) re RSD & MRG will not be speaking w/ Mark Guerrero in advance of his deposition | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence (email) from co-counsel's assistant Luna Kurdy enclosing link for deposition of Mark Guerrero | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence (email) from co-counsel's assistant Luna Kurdy re witness Mark Guerrero would like to know how long deposition will take | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to (email) co-counsel's assistant Luna Kurdy re we expect deposition of witness Mark Guerrero to be lengthy | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence (email) from co-counsel's assistant to defense counsel's | 0.10 | $700.00 | 70.00 | MRG |

| | | | | |
|---|---|---|---|---|
| | assistant re please add RSD and MRG to all future communications | | | | |
| | Review correspondence (email) from co-counsel's assistant Luna Kurdy re will we be contacting witness Mark Guerrero today to discuss deposition | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to (email) co-counsel's assistant re do they have audio of 911 calls/radio dispatches and other body cam videos | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence (email) from co-counsel's assistant re will search for requested items and upload to Dropbox if available | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence (email) from co-counsel's assistant re please check Dropbox now for requested items | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence (email) from co-counsel's assistant re please check Dropbox now and see 911 Calls folder | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to (email) co-counsel's assistant re let us know what you're able to locate, 911 call placed by witness Mark Guerrero would be most helpful for depo | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to (email) co-counsel's assistant re confirming can access 911 calls folder in Dropbox now | 0.10 | $700.00 | 70.00 | MRG |
| | Review of 911 calls in preparation for deposition of witness Mark Guerrero, make detailed notes of what was reported by each 911 caller including Mark Guerrero | 1.60 | $700.00 | 1,120.00 | MRG |
| | Review of Intradepartmental Correspondence from LAPD Chief to BOPC in preparation for depo of witness Mark Guerrero | 0.30 | $700.00 | 210.00 | MRG |
| | Review of photos produced by City in preparation for depo of witness Mark Guerrero | 0.20 | $700.00 | 140.00 | MRG |
| Apr-13-21 | discuss with attorney Gyongyos regarding deposition of Plaintiff's boyfriend and strategy to prosecute the case | 1.00 | $1,000.00 | 1,000.00 | RSD |

| Date | Description | Hours | Rate | Amount | Atty |
|------|-------------|-------|------|--------|------|
| | Attend deposition(s) of witness Mark Guerrero | 2.60 | $700.00 | 1,820.00 | MRG |
| Apr-22-21 | Amend and finalize 2-200 agreement and send to co-counsel | 0.10 | $700.00 | 70.00 | MRG |
| Apr-30-21 | appear for deposition of Mark Guerrero | 2.60 | $1,000.00 | 2,600.00 | RSD |
| May-10-21 | Review correspondence from opposing atty re proposed amendment to complaint to add 1983 claims | 0.10 | $700.00 | 70.00 | MRG |
| May-15-21 | reveiw and analyze defendants jotion to compel decedent's va records | 1.10 | $1,000.00 | 1,100.00 | RSD |
| May-16-21 | Review of Defendant City's Motion to Compel Decedent's VA Records | 0.40 | $700.00 | 280.00 | MRG |
| | Preparation of Opposition to Defendant City's Motion to Compel Decedent's VA Records, including research conducted while preparing opposition | 4.00 | $700.00 | 2,800.00 | MRG |
| May-17-21 | review and amend opposition to motion to compel VA medical records | 3.20 | $1,000.00 | 3,200.00 | RSD |
| | Preparation of Opposition to Defendant City's Motion to Compel Decedent's VA Records, including research conducted while preparing opposition | 7.00 | $700.00 | 4,900.00 | MRG |
| May-20-21 | Review correspondence from co-counsel re status of service of process on defendant officers | 0.10 | $700.00 | 70.00 | MRG |
| May-21-21 | Review correspondence from opposing atty (first email) re preparation of Joint Witness List in advance of upcoming TSC | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence from opposing atty (second email) re prepataion of Joint Witness List in advance of upcoming TSC | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence from co-counsel to opposing atty (email) re information to be included in Joint Witness List | 0.10 | $700.00 | 70.00 | MRG |
| May-24-21 | Preparation of draft of Joint Witness List requested by Court in advance of upcoming TSC (including review of file to ascertain witnesses) | 2.40 | $700.00 | 1,680.00 | MRG |

| | | | | | |
|---|---|---|---|---|---|
| | Review correspondence from co-counsel re changes to Joint Witness List | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to co-counsel (email) enclosing initial draft of Joint Witness list | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to co-counsel (email) enclosing revised draft of Joint Witness List | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence from co-counsel (email) re do not recall if Court needs total examination time estimates | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to co-counsel (email) re willl send defense counsel draft of Joint Witness List and ask if he recalls if Court wants total examination estimates | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to opposing atty (email) enclosing draft of Joint Witness List | 0.10 | $700.00 | 70.00 | MRG |
| | Review correspondence from co-counsel re will check with clerk to see if total examination time estimates are needed | 0.10 | $700.00 | 70.00 | MRG |
| May-25-21 | review proposed witness list | 0.30 | $1,000.00 | 300.00 | RSD |
| | Review correspondence from co-counsel (email) re clerk in Dept. T says only general times estimates need to be in Joint Witness List | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to co-counsel (email) re will modify draft of Joint Witness List to include only general time estimates once defense additions are received | 0.10 | $700.00 | 70.00 | MRG |
| May-26-21 | review and analyze complaint, to add 1983 claim | 2.30 | $1,000.00 | 2,300.00 | RSD |
| | review amended/updated joint witness list | 0.30 | $1,000.00 | 300.00 | RSD |
| | Review correspondence from opposing atty (email) re defense additions to draft of Joint Witness List | 0.10 | $700.00 | 70.00 | MRG |
| | Review of Defendants' additions to Joint Witness List for upcoming TSC | 0.10 | $700.00 | 70.00 | MRG |

| Date | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|
| | Correspondence to opposing atty (email) re finalization of Joint Witness List & Trial Availability | 0.20 | $700.00 | 140.00 | MRG |
| | Review correspondence from opposing atty (email) re trial availability and November 2020 conflict | 0.10 | $700.00 | 70.00 | MRG |
| | Amend and finalize draft of Joint Witness List | 0.10 | $700.00 | 70.00 | MRG |
| | Review of Defendant Officers' Answer to Complaint | 0.10 | $700.00 | 70.00 | MRG |
| | Review of Defendant City's Reply in support of Motion to Compel Decedent's VA Records and research cases cited | 0.50 | $700.00 | 350.00 | MRG |
| May-27-21 | Research applicable law and statutes re: whether Evidence Code Section 999 exception applies to psychotherapist-patient communications and whether there is any similar exception specific to psychotherapist-patient communications | 3.20 | $1,000.00 | 3,200.00 | RSD |
| | Prepare forHearing on Defendant City's Motion to Compel Decedent's VA Records - prepare notes on cases holding Evidence Section 999 does not apply to psychotherapist-patient privilege | 1.50 | $700.00 | 1,050.00 | MRG |
| | Review of Tentative Rulng on Defendant City's Motion to Compel Decedent's VA Records | 0.20 | $700.00 | 140.00 | MRG |
| | Review correspondence from Defendant City's court reporting service enclosing Tentative Ruling on Defendant City's Motion to Compel Decedent's VA Records | 0.10 | $700.00 | 70.00 | MRG |
| | Correspondence to co-counsel re did decedent leave a will or were there any probate proceedings following his death, and confirming IMWPD will appear at 5/28/21 hearing on Defendant City's Motion to Compel Decedent's VA Records | 0.10 | $700.00 | 70.00 | MRG |
| May-28-21 | Prepare forHearing on Defendant City's Motion to Compel Decedent's VA Records | 0.20 | $700.00 | 140.00 | MRG |
| | Appear for Hearing on Defendant City's Motion to Compel Decedent's VA Records | 1.30 | $700.00 | 910.00 | MRG |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | Review correspondence from co-counsel re outcome of hearing on Defendant City's Motion to Compel Decedent's VA Records and requesting phone call | 0.10 | $700.00 | 70.00 | MRG |
|  | Correspondence to co-counsel re available for call now and what number should be used | 0.10 | $700.00 | 70.00 | MRG |
|  | Telephone conference with co-counsel re outcome of hearnig on Defendant City's Motion to Compel Decedent's VA Records and other issues in case | 0.20 | $700.00 | 140.00 | MRG |
| Jun-01-21 | Research docket to confirm continuance of 6/3 TSC | 0.10 | $700.00 | 70.00 | MRG |
| Jun-03-21 | Review correspondence from court reporter (email) forwarding rate sheets in event there is need to order transcript of hearing on Defendant City's Motion to Compel Decedent's VA Records | 0.10 | $700.00 | 70.00 | MRG |
| Jun-07-21 | Review correspondence from court reporting service enclosing link to deposition of Mark Guerrero | 0.10 | $700.00 | 70.00 | MRG |
| Jun-08-21 | meeting with trial team to discuss status, strategies and necessary tasks for case | 3.50 | $1,000.00 | 3,500.00 | RSD |
|  | Meeting with Partner Rodney Diggs and Associate Attys to discuss status, strategies and necessary tasks for case | 3.50 | $500.00 | 1,750.00 | DAM |
|  | Attorney meeting. re case status/strategy | 3.50 | $700.00 | 2,450.00 | MRG |
|  | Correspondence to court reporting service (email) re do not need hard copies of Mark Guerrero's depo | 0.10 | $700.00 | 70.00 | MRG |
| Jul-01-21 | Preparation of notes for RSD re case status/to-dos for transition of case to other Team RSD members after last day on 7/2/2021 | 0.20 | $700.00 | 140.00 | MRG |
| Jul-02-21 | Meeting with CLIENT CONSULTATION MRG re: case status and brief review of file | 0.40 | $500.00 | 200.00 | DAM |
| Aug-01-21 | Review file documents in preparation for mtg w/supervisor | 0.50 | $500.00 | 250.00 | DAM |
| Aug-16-21 | Prepare amended complaint | 1.70 | $1,000.00 | 1,700.00 | RSD |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | Prepare motion to amend complaint | 3.40 | $1,000.00 | 3,400.00 | RSD |
|  | Confer with co-counsel and client re motion | 0.60 | $500.00 | 300.00 | DAM |
|  | Preparation of First Amended Complaint | 3.00 | $250.00 | 750.00 | ADW |
| Aug-19-21 | review and amend motion to leave to file amended complaint and proposed amended complaint | 2.00 | $1,000.00 | 2,000.00 | RSD |
| Aug-25-21 | Receipt and review of court order and correspondence with counsel | 1.20 | $500.00 | 600.00 | DAM |
| Sep-10-21 | file review/correspondence re: stipulation to amend complaint to add federal claims | 0.70 | $1,000.00 | 700.00 | RSD |
|  | finalize motion to amend complaint | 0.50 | $1,000.00 | 500.00 | RSD |
| Sep-13-21 | review e-mail from opposing counsel regarding stip regarding stip to amend complaint | 0.50 | $1,000.00 | 500.00 | RSD |
| Sep-14-21 | review and analyze joint stip and order to amend complaint and hold in camera review for VA documents | 0.30 | $1,000.00 | 300.00 | RSD |
| Sep-18-21 | finalize opposition to motion compel va records | 2.30 | $1,000.00 | 2,300.00 | RSD |
| Sep-21-21 | team meeting to discuss case file, trial strategy and upcoming tasks | 0.40 | $500.00 | 200.00 | DAM |
| Sep-28-21 | appear for motion to amend and VA Records hearing | 1.50 | $1,000.00 | 1,500.00 | RSD |
| Oct-19-21 | Preparation of medical documents. Print and serve. | 2.00 | $250.00 | 500.00 | ADW |
| Nov-15-21 | Review file re case management. researched and updated case information. Logged events on spreadsheet. | 0.45 | $250.00 | 112.50 | ADW |
| Jan-19-22 | Draft/revise Jt Rule 26(f) Report | 3.00 | $1,000.00 | 3,000.00 | RSD |
| Jan-20-22 | review and amend joint rule 26 | 0.50 | $1,000.00 | 500.00 | RSD |
| Jan-26-22 | finalize and amend joint rule 26 report | 1.20 | $1,000.00 | 1,200.00 | RSD |

| Jan-27-22 | Draft/revise Joint Rule 26f Report | 0.50 | $250.00 | 125.00 | ADW |
| Jan-31-22 | Draft/revise Initial Disclosures | 1.90 | $1,000.00 | 1,900.00 | RSD |
| Feb-01-22 | Review/analyze file documents | 1.50 | $250.00 | 375.00 | ADW |
| | Research | 1.50 | $250.00 | 375.00 | ADW |
| | Draft/revise Initial disclosurs | 1.80 | $250.00 | 450.00 | ADW |
| | Draft/revise initial disclosures | 1.00 | $250.00 | 250.00 | ADW |
| Feb-03-22 | finalize initial disclosures | 1.80 | $1,000.00 | 1,800.00 | RSD |
| Feb-08-22 | Preparation of Request for Production to Defendant City of LA | 1.50 | $250.00 | 375.00 | ADW |
| Feb-18-22 | Review/analyze case file | 0.90 | $250.00 | 225.00 | ADW |
| Feb-21-22 | Review File and Scheduling Orders, calendar dates and schedule tasks | 1.50 | $1,000.00 | 1,500.00 | RSD |
| Feb-28-22 | Review/analyze case management of file | 0.40 | $250.00 | 100.00 | ADW |
| Mar-01-22 | Review/analyze case file review | 0.30 | $250.00 | 75.00 | ADW |
| Mar-11-22 | Review/analyze production of docs to [P] from defendants | 2.70 | $250.00 | 675.00 | ADW |
| Mar-15-22 | review case file and scheduling order, analyze and outline tasks | 1.00 | $500.00 | 500.00 | DAM |
| Apr-12-22 | further Review documents, Supplemental Request for Production responses form City of Los Angeles.  Determine if responses and documents produced are sufficient and complete. | 4.00 | $1,000.00 | 4,000.00 | RSD |
| Apr-21-22 | meeting with trial team to discuss case file, litigation schedule, tasks and legal strategy | 4.30 | $1,000.00 | 4,300.00 | RSD |
| | meeting with supervisor to discuss case file, litigation schedule, tasks and legal stategy | 0.80 | $500.00 | 400.00 | DAM |
| Apr-22-22 | Review/analyze calendar for deposition dates | 0.30 | $250.00 | 75.00 | ADW |

| | | | | | |
|---|---|---|---|---|---|
| | Communicate (in firm) RSD and Darryl re proposed deposition dates for officers | 0.30 | $250.00 | 75.00 | ADW |
| Apr-29-22 | Communicate (in firm) w/team re defendants availability for deposition | 0.30 | $250.00 | 75.00 | ADW |
| May-03-22 | Review/analyze autopsy report and photos | 0.50 | $1,000.00 | 500.00 | RSD |
| | Email correspondence with opposing counsel re proposed depo dates for officers | 0.30 | $250.00 | 75.00 | ADW |
| | Draft/revise depo notice re Officer Montage | 0.50 | $250.00 | 125.00 | ADW |
| | Draft/revise depo notice re Officer Sigman | 0.40 | $250.00 | 100.00 | ADW |
| | Review/analyze [D] Respones to [P] RFP | 1.45 | $250.00 | 362.50 | ADW |
| | Review/analyze [D] Production of documents and things to [P] | 2.00 | $250.00 | 500.00 | ADW |
| | Review/analyze deposition transcript of Mark Guerra | 0.50 | $250.00 | 125.00 | ADW |
| May-04-22 | Review/analyze [D] RFP, Set One (federal responses) | 1.00 | $250.00 | 250.00 | ADW |
| | Review/analyze [D] RFP, Set One - Supplemental Responses | 0.30 | $250.00 | 75.00 | ADW |
| | Research re Federal Rules of Evidence re privilege information | 1.00 | $250.00 | 250.00 | ADW |
| | Research re Federal Rules of Evidence re privacy rights | 0.60 | $250.00 | 150.00 | ADW |
| | Research re Fed Rules re internal affairs records | 0.60 | $250.00 | 150.00 | ADW |
| | Review/analyze production of docs to Maro B. from defendants (i.e., police reports, incident reports, etc.) | 2.00 | $250.00 | 500.00 | ADW |
| | Draft/revise 1st draft of Meet and Confer re Request for Production of Docs | 1.00 | $250.00 | 250.00 | ADW |
| | Email correspondence with opposing counsel re proposed depo dates | 0.30 | $250.00 | 75.00 | ADW |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | Draft/revise Notice of depositions for defendant officers | 0.50 | $250.00 | 125.00 | ADW |
| May-06-22 | review and amend protective order | 1.40 | $1,000.00 | 1,400.00 | RSD |
|  | Draft/revise Protective Order | 0.50 | $250.00 | 125.00 | ADW |
| May-09-22 | Communicate (in firm) RSD - reminder to review meet & confer and protective order | 0.30 | $250.00 | 75.00 | ADW |
| May-10-22 | amend and finalize meet and confer regarding request for prodution of responses set no. 1 | 2.30 | $1,000.00 | 2,300.00 | RSD |
|  | review and finalize protective order | 1.60 | $1,000.00 | 1,600.00 | RSD |
| May-11-22 | Communicate (in firm) w/RSD re meet and confer re defendants responses to RFPs | 0.30 | $250.00 | 75.00 | ADW |
|  | Draft/revise finalized meet and confer re defendants responses to RFPs | 0.60 | $250.00 | 150.00 | ADW |
|  | Draft/revise protective order | 0.60 | $250.00 | 150.00 | ADW |
| May-15-22 | prepare for deposition of defendant officers for 5.17 depo | 6.10 | $1,000.00 | 6,100.00 | RSD |
| May-16-22 | Prepare for deposition(s) of Defendant Officers (i.e., review investigative reports, police reports, policies, autopsy reports, etc) | 6.10 | $1,000.00 | 6,100.00 | RSD |
|  | Prepare for deposition(s) of Defendant Officers (i.e. review written discovery reponses from defendants) | 3.10 | $1,000.00 | 3,100.00 | RSD |
| May-26-22 | strategize with co-counsel regarding evidence and filing plaintiff's MSJ | 0.60 | $1,000.00 | 600.00 | RSD |
| May-27-22 | meeting with supervisor and team re: case status, strategy and schedule | 0.50 | $500.00 | 250.00 | DAM |
| Jun-02-22 | Review/analyze supplemental discovery received from defense counsel | 1.50 | $250.00 | 375.00 | ADW |
|  | Communicate (in firm) LC re supplmental discovery | 0.30 | $250.00 | 75.00 | ADW |
| Jun-03-22 | Communicate (other outside counsel) co-counsel - responses to lengthy email. | 0.50 | $250.00 | 125.00 | ADW |

| | | | | |
|---|---|---|---|---|
| | Communicate (in firm) RSD/DM/Maro re defendant officers depositions | 0.30 | $250.00 | 75.00 | ADW |
| | Email correspondence with opposing counsel re proposed dates for defendants deposition | 0.30 | $250.00 | 75.00 | ADW |
| Jun-06-22 | Review and analyze calendar for depositions of party and nonparty witnesses | 0.30 | $250.00 | 75.00 | ADW |
| Jun-07-22 | Communicate (in firm) team RSD re deposition of medical examiner | 0.30 | $250.00 | 75.00 | ADW |
| | Communicate (other outside counsel) co-counsel re additional discovery received from defense | 0.30 | $250.00 | 75.00 | ADW |
| | Preparation of subpoena to Dr. Lawrence Nugyen | 0.40 | $250.00 | 100.00 | ADW |
| | Draft/revise Notice of deposition re Dr. Lawrence Nugyen | 0.40 | $250.00 | 100.00 | ADW |
| Jun-08-22 | Review/analyze case file in preparation for expert materials | 3.40 | $1,000.00 | 3,400.00 | RSD |
| | Email correspondence with opposing counsel re confirmation of deposition dates for defendants | 0.30 | $250.00 | 75.00 | ADW |
| Jun-09-22 | Communicate (in firm) RSD re deposition dates for defendant officers | 0.30 | $250.00 | 75.00 | ADW |
| | Draft/revise deposition notices re Officer Montage and Officer Sigman | 0.50 | $250.00 | 125.00 | ADW |
| Jun-13-22 | Communicate (in firm) re check request for coroner's office | 0.30 | $250.00 | 75.00 | ADW |
| | Email correspondence with coroner re deposition | 0.30 | $250.00 | 75.00 | ADW |
| Jun-14-22 | Email correspondence with medical examiner's officer re deposition | 0.30 | $250.00 | 75.00 | ADW |
| | Communicate (in firm) check request for coroner | 0.30 | $250.00 | 75.00 | ADW |
| Jun-17-22 | Communicate (in firm) w/RSD re additional body worn camera footage from co-counsel | 0.30 | $250.00 | 75.00 | ADW |

| Date | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|
| Jul-05-22 | Draft/revise Stipulation to Extend Discovery Dates | 1.00 | $250.00 | 250.00 | ADW |
| Jul-06-22 | Email correspondence with opposing counsel re stipulation to extend discovery | 0.30 | $250.00 | 75.00 | ADW |
| | Draft/revise finalized supplemental designation of expert witness | 0.50 | $250.00 | 125.00 | ADW |
| | Review/analyze (review file to prepare expert materials folder) | 1.50 | $250.00 | 375.00 | ADW |
| Jul-07-22 | Draft/revise Objections to Notices of depo re all experts | 0.75 | $250.00 | 187.50 | ADW |
| | Communicate (other outside counsel) conference call with Maro | 0.50 | $250.00 | 125.00 | ADW |
| Jul-09-22 | Preparation of Proposed Order to Stipulation to modify pretrial dates | 0.50 | $250.00 | 125.00 | ADW |
| Jul-10-22 | Communicate (other outside counsel) Maro re Stipulation | 0.30 | $250.00 | 75.00 | ADW |
| Jul-23-22 | Email correspondence with medical examiner re deposition | 0.30 | $250.00 | 75.00 | ADW |
| Aug-02-22 | prepare for deposition of medical examiner | 5.30 | $1,000.00 | 5,300.00 | RSD |
| | Communicate (in firm) RSD re deposiiton dates for defendant officers and witnesses | 0.30 | $250.00 | 75.00 | ADW |
| | Email correspondence with opposing counsel re redacted police report | 0.30 | $250.00 | 75.00 | ADW |
| Aug-03-22 | further preparation for deposition of medical examiner | 2.00 | $1,000.00 | 2,000.00 | RSD |
| | take deposition of medical examiner | 2.50 | $1,000.00 | 2,500.00 | RSD |
| | attend deposition of Coroner | 2.50 | $500.00 | 1,250.00 | DAM |
| Aug-05-22 | Draft/revise Notice of deposition of Officer Sigman | 0.50 | $250.00 | 125.00 | ADW |
| Aug-11-22 | prepare for deposition of Officer Sigman | 8.00 | $1,000.00 | 8,000.00 | RSD |
| Aug-12-22 | deposition of Officer Sigman | 2.50 | $1,000.00 | 2,500.00 | RSD |

Case 2:21-cv-08738-FMO-AGR   Document 135-9   Filed 11/07/23   Page 28 of 30   Page ID #:3691

| Date | Description | Hours | Rate | Amount | Atty |
|------|-------------|-------|------|--------|------|
| Aug-29-22 | Communicate (in firm) Melissa re exhibits to deposiiton of Officer Sigman | 0.30 | $250.00 | 75.00 | ADW |
| Aug-30-22 | Team Meeting to discuss trial strategy, pretrial calendar and upcoming tasks | 0.70 | $500.00 | 350.00 | DAM |
| Sep-01-22 | Communicate (in firm) w/RSD re depo confirmation of defendants | 0.30 | $250.00 | 75.00 | ADW |
| Sep-03-22 | prepare for depositions of Officers Montague and Vidal | 7.40 | $1,000.00 | 7,400.00 | RSD |
| Sep-04-22 | Review/analyze auido of officer Montague | 0.80 | $1,000.00 | 800.00 | RSD |
|  | Review/analyze audio of officer Sigman | 1.30 | $1,000.00 | 1,300.00 | RSD |
|  | Draft/revise summary of audio of officer Vidal | 1.50 | $1,000.00 | 1,500.00 | RSD |
| Sep-05-22 | Review/analyze audio of officer Vidal | 1.10 | $1,000.00 | 1,100.00 | RSD |
|  | Draft/revise summary of audio of officer Montague | 1.10 | $1,000.00 | 1,100.00 | RSD |
|  | Review/analyze production of documents produced by defendants with outline summary | 3.10 | $1,000.00 | 3,100.00 | RSD |
| Sep-06-22 | take depositon of officer Montague | 2.00 | $1,000.00 | 2,000.00 | RSD |
|  | take deposition of officer Vidal | 0.60 | $1,000.00 | 600.00 | RSD |
|  | prepare for depositions of Officers Vege and Babaian | 6.70 | $1,000.00 | 6,700.00 | RSD |
|  | Review/analyze body warn camera videos of defendant officers | 1.30 | $1,000.00 | 1,300.00 | RSD |
|  | Review/analyze body warn camera videos of witness officers | 1.00 | $1,000.00 | 1,000.00 | RSD |
|  | Review/analyze  audio transcript of Officer Babaians | 1.00 | $1,000.00 | 1,000.00 | RSD |
|  | Review/analyze audio transcript of Officer Montague | 1.00 | $1,000.00 | 1,000.00 | RSD |
|  | Email correspondence with Dick Bryce re expert fees | 0.30 | $250.00 | 75.00 | ADW |

Invoice #:        Settle                    Page 2                              November 2, 2023

| Date | Description | Hours | Rate | Amount | Atty |
|------|-------------|-------|------|--------|------|
| Sep-07-22 | Review/analyze Officer BWC Video (for deposition) | 0.80 | $1,000.00 | 800.00 | RSD |
| | take deposition of officer Vege | 1.40 | $1,000.00 | 1,400.00 | RSD |
| | take deposition of officer babaian | 0.40 | $1,000.00 | 400.00 | RSD |
| | Email correspondence with Dick Bryce re invoice | 0.30 | $250.00 | 75.00 | ADW |
| Sep-08-22 | Email correspondence with court reporter re exhibits (bates stamp 873-877, and 894) | 0.30 | $250.00 | 75.00 | ADW |
| | Email correspondence with court reporter re Exhibit 6 | 0.30 | $250.00 | 75.00 | ADW |
| | Email correspondence with Plaintiff's expert Jonathan Cherney | 0.30 | $250.00 | 75.00 | ADW |
| Sep-23-22 | Other reviewed file, downloaded files to send to new counsel | 1.00 | $250.00 | 250.00 | ADW |
| | Email correspondence with new counsel re Plaintiff's file | 0.30 | $250.00 | 75.00 | ADW |
| Oct-05-22 | Telephone call from Dick Bryce re expert materials | 0.30 | $250.00 | 75.00 | ADW |
| | Telephone call to opposing counsel re expert materials | 0.30 | $250.00 | 75.00 | ADW |
| Oct-07-22 | Email correspondence with opposing counsel re deposition transcripts | 0.30 | $250.00 | 75.00 | ADW |
| May-08-23 | Other - searched and pulled medical records to send to new counsel of record; created one note link | 0.50 | $250.00 | 125.00 | ADW |
| | Email correspondence with Shannon Leap re VA medical records | 0.30 | $250.00 | 75.00 | ADW |
| Aug-31-23 | Email correspondence with outside counsel re RSD's declaration and cost | 0.10 | $250.00 | 25.00 | ADW |
| Sep-14-23 | Communicate (in firm) with LC re tax cost | 0.30 | $250.00 | 75.00 | ADW |
| Sep-18-23 | calculate hours and draft declaration in support attorney fees motion | 5.00 | $1,000.00 | 5,000.00 | RSD |

Invoice #: Settle                                                          November 2, 2023

|                | 245.15 | $190,042.50 |
|----------------|--------|-------------|
| Totals         |        |             |

**Total Fees & Costs**                                    **$190,042.50**

**Balance Now Due**                                       **$190,042.50**

TAX ID Number        95-2689585