# EXHIBIT 20

# CAROL A. SOBEL
725 Arizona Avenue• Suite 300 • Santa Monica, CA 90401 •
Tel. 310 393-3055 • Email carolsobellaw@gmail.com

## Employment:

| | |
|---|---:|
| **LAW OFFICE OF CAROL A. SOBEL** | APRIL, 1997 TO PRESENT |

Solo civil rights law firm.

| | |
|---|---:|
| **SENIOR STAFF COUNSEL** | 1990 TO APRIL, 1997 |

*ACLU Foundation of Southern California*

Responsible for conducting civil rights and civil liberties litigation in state and federal courts in California; supervise litigation by ACLU volunteer counsel and other ACLU legal staff.

| | |
|---|---:|
| **STAFF ATTORNEY** | 1985 TO 1990 |

*ACLU Foundation of Southern Califonria*

Civil liberties litigation, primarily in the areas of Establishment Clause and Free Exercise violations, as well as other First Amendment rights.

| | |
|---|---:|
| **ASSOCIATE DIRECTOR** | 1979 TO 1985 |

*ACLU Foundation of Southern California*
*American Civil Liberties Union of Southern California*

Under the direction of the Executive Director, responsible for administration of two non-profit organizations, including working with Boards of Directors on development of policy on civil liberties issues. Engaged in litigation and assisted Legal Director in coordination and supervision of pro bono attorneys.

| | |
|---|---:|
| **DEVELOPMENT DIRECTOR** | 1977 TO 1979 |

*ACLU Foundation of Southern California*
*American Civil Liberties Union of Southern California*

Responsible for conducting a variety of fundraising efforts to meet a million-dollar plus annual budget for a 501(c)(3) and a 501(c)(4).

## Admitted to Practice:

| | |
|---|---:|
| California Supreme Court | November, 1978 |
| United States Supreme Court | September, 1991 |
| Ninth Circuit Court of Appeals | August, 1986 |
| U.S.D.C. Central District of California | February, 1986 |
| U.S.D.C. Eastern District of California | June, 1990 |

## Litigation Experience:

### Federal courts:   (Partial listing of published opinions and significant cases)

*CPR for SKID ROW*,
779 F.3d 1098 (9th Cir. 2015)
Partial reversal of summary judgment in favor of the Defendant and holding that California Penal Code §403 could not lawfully be applied to criminalize the expressive activity of the Plaintiffs for protesting on Skid Row.
(Lead counsel and argued on appeal)

*Desertrain v. City of Los Angeles*
754 F.3d 1114 (9th Cir. 2014)
Reversal of summary judgment in favor of the Defendants and holding that Los Angeles Municipal Code §85.02, prohibiting parking a vehicle on public streets or parking lots any time of day or night if a person "lives" in the vehicle, is unconstitutionally vague.
(Lead counsel and argued on appeal)

*Lavan v. City of Los Angeles*
693 F.3d 1022 (9th Cir. 2012), *affirming* grant of preliminary injunction 797 F.Supp.2d 1005 (C.D. Cal. 2011)
Preliminary injunction barring City from confiscating and immediately destroying the property of homeless individuals on Los Angeles' Skid Row.
(Lead Counsel)

*Long Beach Area Peace Network v. City of Long Beach*
522 F.3d 1010 (9th Cir. 2008), as amended July 24, 2009
Upholding and reversing in part on appeal a decision of the district court granting Plaintiffs' request for a preliminary injunction to enjoin a municipal parade ordinance that included vague permit standards setting, *inter alia*, advance-notice requirements police charges based on the past unlawful conduct of third parties without adequate standards to limit the discretion of public officials charged with implementing the parade ordinance.
(Lead counsel)

*Fitzgerald v. City of Los Angeles*
485 F.Supp.2d 1137 (CD CA 2008)
Extending injunction against police sweeps of homeless persons on Los Angeles' Skid Row on the grounds of searching for parole and probation violations. See below for discussion of permanent injunction in 2003.
(Co-Counsel)

*Multi-Ethnic Immigrant Worker Organizing Network (MIWON) v. City of Los Angeles*
246 F.R.D. 621 (C.D. Cal. 2007)
Order granting class certification in challenge to police assault on a lawful assembly of immigrant rights supporters by the Los Angeles Police Department on May Day, 2007.
(Class Co-Counsel)

*Edward Jones, et al., v. City of Los Angeles*,
444 F.3d 1118 (9th Cir. 2006), vacated pursuant to settlement 505 F.3d 1006 (2007)
Challenge to City of Los Angeles Municipal Code §41.18(d), prohibiting sitting, lying or sleeping on any street or sidewalk anywhere in the City at any time of day or night. Plaintiffs, all of whom are homeless persons, brought an 8th Amendment as-applied challenge to their arrests and citations for violating the ordinance when their was no available adequate shelter.
(Co-counsel)

*Terry Tipton-Whittingham, et al. v. City of Los Angeles*
316 F.3d 1059 (9thCir. 2003)
Challenge by City of Los Angeles to interim fee award granting plaintiffs' fees as "catalysts" under state civil rights fee shifting statutes. Following oral argument, the Ninth Circuit certified issue of continued availability of "catalyst" fees under California law after adverse decision by the United States Supreme Court rejecting catalyst fee doctrine under federal law absent express legislative authorization. Certified for hearing before the California Supreme Court and ultimately upheld the catalyst fee doctrine under California law.
(Co-counsel*;* argued in Ninth Circuit)

*Fitzgerald v. City of Los Angeles*
2003 U.S. Dist. LEXIS 27382 (CD CA 2003)
Permanent injunction enjoining Fourth Amendment violations by the Los Angeles Police Department (LAPD). The injunction prevents the LAPD from engaging in stops of homeless persons for parole and probation sweeps on Skid Row without reasonable suspicion to believe that specific individuals are on parole or probation and subject to a search condition, or that the individual has engaged in, or is about to commit a crime.
(Lead counsel)

*Khademi v. South Orange County Community College District*
194 F.Supp.2d 1011 (C.D. CA 2002)
First Amendment facial challenge invalidating college policy regulating time, place and manner of student speech on campus.
(Lead counsel)

*Mardi Gras of San Luis Obispo v. City of San Luis Obispo*
189 F. Supp.2d 1018 (C.D. Cal. 2002)
Preliminary injunction to enjoin a municipal parade ordinance that required lengthy advance-notice requirement and permitted high insurance and police charges based on the past unlawful conduct of third parties without adequate standards to limit the discretion of public officials charged with implementing the parade ordinance.

*Bauer v. Sampson*
261 F.3d 775 (9th Cir. 2001)
First Amendment challenge to disciplinary action against college professor for publication of an alternative newsletter criticizing elected and appointed public officials and disclosing wrongdoing by college officials and personnel. The college sought to discipline the professor for violating the district's policies on discrimination and work-place violence. The polices were declared unconstitutional as applied to the professor's speech.

*H.C. v. Koppel*
203 F.3d 610 (9th Cir. 2000)
Dismissal of federal civil rights action filed in federal court against state court judge and appointed counsel for minor in family law matter. Circuit held that Younger Abstention applied and non-custodial parent had adequate state court remedy.

*Justin v. City of Los Angeles*
2000 U.S. Dist. LEXIS (CD Cal. 2000)
Class action to enjoin police sweeps of homeless population on Los Angeles' Skid Row. Permanent injunction stipulated to in settlement following certification of the injunctive relief class.
(Lead counsel)

*Los Angeles Alliance for Survival, et al. v. City of Los Angeles*
987 F. Supp. 819 (1997); 157 F.3d 1162 (9th Cir. 1998); on certification to the California Supreme Court, 22 Cal.4th 352 (2000); 224 F.3d 1076 (9th Cir. 2000)
Injunction issued in challenge to municipal ordinance barring so-called "aggressive solicitation" in broad areas of traditional public fora. Preliminary injunction entered by district court based on California Constitution. On appeal, the Ninth Circuit certified the California Constitution question to the California Supreme Court. Following decision by the California Supreme Court, the Ninth Circuit upheld the original injunction.
(Co-counsel)

*Service Employees International Union 660 v. City of Los Angeles*
114 F. Supp.2d 966 (C.D. Cal. 2000)
Challenge to the "no-protest zone" at the Democratic National Convention in Los Angeles in 2000, as well as a preliminary injunction to enjoin the City of Los Angeles parade ordinance.
(Co-counsel)

*United States v. Wunsch*
54 F.3d 579 (9th Cir. 1995);84 F.3d 1110 (9th Cir. 1996) (reargument)
First Amendment challenge to discipline of male attorney for "gender bias" in sending note to female Asst. U.S. Attorney after she successfully moved to disqualify him as defense counsel in a criminal case. Ninth Circuit invalidated the penalty and declared unconstitutional California's "offensive personality" regulation on attorneys' professional conduct. (Argued and briefed on appeal).

*American Jewish Congress v. City of Beverly Hills*
65 F.3d 1539 (9th Cir. 1995);90 F.3d 379 (9th Cir. 1996) (en banc)
First Amendment challenge to display of a religious symbol on public property and to permit scheme for expressive activities in public fora in the City of Beverly Hills. The en banc panel held the permit scheme unconstitutional and found that a preference had occurred for the display of a particular religious symbol. The en banc decision was unanimous. (Argued and briefed on appeal)

*Baca v. Moreno Valley Unified School District*
936 F. Supp. 719 (C.D. Cal. 1996)
First Amendment challenge to school board regulations preventing speakers from making disparaging remarks about public employees during public board meetings.

*Wallin v. City of Los Angeles*,
1194 U.S. App. LEXIS 2343 (9th Cir. 2004)

Circuit dismissed appeal of defendant City and law enforcement officers from denial of qualified immunity. Appellee, a female officer with the Los Angeles Police Department, alleged that appellants violated her right to equal protection, due process and right to petition the government because they violated LAPD confidentiality regulations and delayed the investigation into her allegations of co-worker rape.

(Lead counsel)


*National Abortion Federation v. Operation Rescue*
8 F.3d 680 (9th Cir. 1993)
Class-action state-wide injunction against blockades of women's health care clinics by anti-abortion activists. First case decided under the "frustrate and hinder" clause of 42 U.S.C. § 1985(3), the 1871 Ku Klux Klan Act. Appeals court held cause of action under "frustrate and hinder" clause was properly plead and reversed 12(b)(6) ruling on that claim.

(Co-lead counsel throughout; argued on appeal)

*Hewitt v. Joyner*

940 F.2d 1561 (9th Cir. 1991)

Establishment Clause challenge to Christian theme park, Desert Christ Park, owned and operated by San Bernardino County.  Ninth Circuit held County ownership and operation of the park violated the Establishment Clause.

(Lead counsel throughout litigation; argued on appeal).


*Standing Deer v. Carlson*

831 F.2d 1525 (9th Cir. 1986)

First Amendment challenge for Native Americans at Lompoc Federal Penitentiary to regulation barring religious headbands in the dining facilities for purported health reasons.

(Argued and briefed on appeal)


*Burbridge v. Sampson*

74 F.Supp.2d 940 (C.D. Ca. 1999)

First Amendment challenge to community college policy regulating student speech in public fora on campus. Court issued a preliminary injunction, declaring the college's speech regulations unconstitutional.


*Rubin v. City of Santa Monica*

823 F.Supp. 709 (C.D. Ca. 1993)

First Amendment challenge to city permit scheme limiting access to public parks for protected expressive activities.  Court issued a preliminary injunction and declared the permit scheme unconstitutionally on vagueness grounds and procedural due process grounds.  (Lead counsel)


State Court

*Terry Tipton-Whittingham, et al. v. City of Los Angeles*

34 Cal.4th 604 (2002)

California continues to recognize "catalyst" fee awards to prevailing parties under the private attorney-general statute (Cal. Code of Civ. Proc. §1021.5) and Fair Employment and Housing Act (FEHA) despite change in federal civil rights fee-shifting law.  Under California law, there is no requirement of a judicial determination establishing a change in the legal obligations of the parties.

(Co-counsel and argued at California Supreme Court)


*Los Angeles Alliance for Survival v. City of Los Angeles*

22 Cal.4th 352 (2000)

Ordinance restricting certain activity as "aggressive solicitation" was not content-based under California Constitution

(co-counsel)

*Williams v. Garcetti*

5 Cal.4th 561 (1993), *sub nom Williams v. Reiner*, 13 Cal.App.4th 392 (1991)

Challenge on due process grounds to portion of STEPP law which imposed a criminal penalty on parents of minor children engaged in or at risk of delinquent conduct.

(Argued and brief on appeal to California Supreme Court)


*Sands v. Morongo Unified School District*

53 Cal.3d 863 , *cert denied*, 112 U.S. 3026 (1991)

225 Cal.App.3d 1385 (1989)

Establishment Clause challenge invalidating prayers at public high-school graduations.

(Argued and briefed as lead counsel throughout litigation)

*Walker v. Superior Court of Sacramento*
47 Cal.3d 112 (1988)
Establishment Clause/Free Exercise/Due Process challenge to criminal prosecution of Christian Science parents for death resulting from use of prayer instead of traditional medicine in treatment of ill child. (Wrote amicus brief on due process issues).

*Irvine Valley College Academic Senate, et al. v. South Orange County Community College District*
129 Cal.App.4th 1482 (2005)
Statutory construction of plain language of Education Code §87360, bolstered by legislative intent, requires actual joint agreement and mutual development of revisions to faculty hiring policies.
(co-counsel, drafted final briefs on appeal)

*Fashion 21, et al. v. Coalition for Humane Immigrant Rights (CHIRLA), et al.*
111 Cal.App.4th 1128 (2004)
Special motion to strike defamation complaint by retainer against garment worker advocates must be granted as the plaintiff retailer could not establish a probability of prevailing on the merits of their claims. Garment worker advocates properly relied on draft labor commission regulations suggesting retailer could be liable for sweatshop conditions of manufacturing of its retail goods.
(lead counsel at all stages)

*Gonzalez v. Superior Court*
33 Cal.App.4th 1539 (1995)
Challenge to discovery order in sexual harassment case requiring plaintiff to disclose name of confidential informant who provided her with photographic evidence of harassment. "After-acquired evidence" rule applied to require disclosure.
(Lead counsel in trial court and appeal)

*Lantz. v. Superior Court of Kern County*
28 Cal.App.4th 1839 (1994)
Privacy rights challenge to interpretation of Consumer Personnel Records Statute (CCP $§$ 1985(3), requiring strict adherence to statutory procedures and limiting exemption of local government agencies from adhering to statutory requirements.
(Lead counsel throughout litigation)

*Rudnick v. McMillan*
25 Cal.App.4th 1183 (1994)
Defamation verdict involving public figure plaintiff and local environmentalist author of letter to editor overturned on basis that letter was protected opinion and public figure subject to constitutional malice proof burden. Wrote amicus brief which formed basis of appellate ruling.

*Westside Sane/Freeze v. Hahn*
224 Cal.App.3d 546 (1990)
Challenge to restrictions on First Amendment petition activities in shopping center.
(Co-counsel, co-wrote appeal)

*City of Glendale v. Robert George*
208 Cal.App.3d 1394 (1989)
Reversal of trial court order imposing prior restraints on speech of "Presidential Santa" on the basis that he constituted a public nuisance to his neighbors in a residential area.
(Argued and briefed on appeal)

*McCarthy v. Fletcher*
207 Cal.App.3d 130 (1989)
Challenge to removal of textbooks from school reading list based on community-based religious objections. Court of Appeal reversed summary judgment decision, holding that there was sufficient evidence of constitutionally impermissible factors in evaluation of appropriateness of class-room reading materials.
(Argued and brief on appeal)

*Fiske v. Gillespie*

200 Cal.App.3d 130 (1988)

Challenge to sex-based actuarial presumptions in insurance industry rate for particular types of life insurance and annuity benefits.

(Co-Counsel, Argued on appeal)

# Publications:
# (Partial listing)s

*Catalyst Fees After Buckhannon*
Civil Rights Litigation and Attorney Fees Annual Handbook
(January 2006)

*Free Speech and Harassment: An Overview*
*in the Public Employee Sector*
CPER: CALIFORNIA PUBLIC EMPLOYEE RELATIONS
Institute of Industrial Relations - UC Berkeley
June 1999  No. 136

*Defeating Employer Defenses to Supervisor Liability*
*After* Ellerth *and* Faragher
ADVOCATE, October 1998

*Student Expression Under California Law*
UCLA Journal of Education
Volume 3, pp. 127-137 (1989)

*Should Attorneys Be Disciplined For Gender Bias*
Point/Counterpoint ABA Journal   August, 1995

*Fight Illegal Police Practices in State Court*
Los Angeles Daily Journal
March 6, 1992

*Judicial Oversight Limited by Supreme Court*
Los Angeles Daily Journal
May 6, 1991

*Jury Nullification is Conscience of Community*
Los Angeles Daily Journal
August 31, 1990

*A Basic Right Merits Shield From The Mob*
Los Angeles Times
August 11, 1991 p.M5

*Prop 115 revisited: Police charged with crimes deserve fair trials too*
Los Angeles Daily News
May 7, 1991

*Prayer Doesn't Belong at Graduation*
USA Today
May 15, 1991 p. A10

*Killea Tactic Can Only Hurt the Church in the Long Run*
Los Angeles Times (San Diego)
November 20, 1989 p.B7

*The Fifth is a Shield for All*
Los Angeles Times
August 6, 1988   II8
(authored for Exec. Dir. ACLU)

*Which Way Will Rehnquist Court Turn?*
Los Angeles Daily News
June 18, 1986 p.21

*Constitution Exacts Cost for Religious Freedom*
Los Angeles Daily News
June 8, 1986 FOCUS   p.3

## Education:

| | |
|---|---:|
| Peoples College of Law | J.D.  May, 1978 |
| Douglass College.For Women, Rutgers University | B.A .  June, 1968 |

## Professional and Community Activities:

| | |
|---|---:|
| Adjunct Professor - Loyola Law School<br>Civil Rights Advocacy Practicum | 2007-present |
| Blue Ribbon Panel on LAPD Rampart Inquiry, Member | 2004-2006 |
| Ninth Circuit Gender Bias Task Force<br>Convenor, Advisory Committee on Employment Law | 1992-1993 |
| Ninth Circuit Conference on "Ethnicity, Race, and Religion in the Ninth Circuit"<br>Member, Working Subcommittee | 1993 |
| Los Angeles Public Interest Law Journal<br>Advisory Board | 2007-present |

| | |
|---|---|
| Los Angeles Center for Law and Community Action<br>Member, Board of Directors | 2015-present |
| National Police Accountability Project<br>Member, Advisory Board and Board of Directors | 2006-present |
| National Lawyers Guild, Los Angeles - President | 2001-2008 |
| National Lawyers Guild - National Executive Vice President | 2009-2011 |
| National Lawyers Guild Far West Regional Vice-President | 2003-2005 |
| National Lawyers Guild, National Executive Committee | 2003-2012 |
| NLG National Mass Defense Committee, Co-chair | 2003-2012 |
| Women Lawyers Association of Los Angeles<br>Member, ProChoice Committee | 1985-2002 |
| The California Anti-SLAPP Project<br>Member, Board of Directors | 1995-2010 |

Awards:

(Partial listing)

| | |
|---|---|
| PEN Freedom to Write Award | 1991 |
| American Jewish Congress Tzedek Award | 1992 |
| Planned Parenthood Los Angeles, Distinguished Service Award | 1990 |
| Freethought Heroine Award | 1992 |
| National Lawyers Guild - Los Angeles | 1999 |
| ACLU of Southern California Pro Bono Attorney Award | 2001 |
| Asian Pacific American Legal Center Pro Bono Award | 2003 |
| California Lawyer: Super Lawyer -Civil Rights/Constitutional Law | 2004-2019 |
| ACLU of Southern California Freedom of Expression Award | 2007 |
| Daily Journal Top 100 Most Influential Lawyers in California | 2007 |

| | |
|---|---|
| National Lawyers Guild - Ernie Goodman Award | 2007 |
| Angel Award - California Lawyer Magazine Award for pro bono work | 2007 |
| CLAY Award (California Lawyer of the Year - civil rights) - California Lawyer Magazine | 2008 |
| Top 75 Women Litigators in California - Daily Journal | 2008, 2013 |
| California Super Lawyers - Top 50 Women Lawyers in Southern California | 2014 |
| National Lawyers Guild, Los Angeles Law for the People Award | 2014 |
| ACLU Lifetime Achievement Award | 2017 |