# EXHIBIT 23

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
 – and –
SPENCER A. BURKHOLZ (147029)
THEODORE J. PINTAR (131372)
LUKE O. BROOKS (212802)
ERIC I. NIEHAUS (239023)
JEFFREY J. STEIN (265268)
ERIKA OLIVER (306614)
NATALIE F. LAKOSIL (322836)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlw.com
tedp@rgrdlaw.com
lukeb@rgrdlaw.com
eniehaus@rgrdlaw.com
jstein@rgrdlaw.com
eoliver@rgrdlaw.com
nlakosil@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GREG FLEMING, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMPAX LABORATORIES INC., et al.,<br><br>Defendants. | Case No. 4:16-cv-06557-HSG<br><br>CLASS ACTION<br><br>DECLARATION OF LUKE O. BROOKS FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES<br><br>DATE: March 31, 2022<br>TIME: 2:00 p.m.<br>CTRM: 2, 4th Floor<br>JUDGE: Honorable Haywood S. Gilliam, Jr. |

4869-4996-0199.v1

I, LUKE O. BROOKS, declare as follows:

1. I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm"). I am submitting this declaration in support of my Firm's application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2. This Firm is Lead Counsel of record for Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund, class representative Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada and the Class herein.

3. The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business. I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation. In addition, I believe that these expenses are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4. After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 4,718.00. A breakdown of the lodestar is provided in the attached Exhibit A. The lodestar amount for attorney/paraprofessional time based on the Firm's 2021 rates is $3,815,664.75. The hourly rates shown in Exhibit A are the Firm's regular 2021 rates in contingent cases set by the

Firm for each individual. These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts during 2021 in other securities class action litigation. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5. The Firm seeks an award of $176,501.78 in expenses and charges in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in the attached Exhibit B.

6. The following is additional information regarding certain of these expenses:

(a) Filing, Witness and Other Fees: $2,273.35. These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who either: (i) served process of the complaint or subpoenas; or (ii) obtained copies of court documents for plaintiffs. The vendors who were paid for these services are set forth in the attached Exhibit C.

(b) Transportation, Hotels & Meals: $3,834.77. In connection with the prosecution of this case, the Firm has paid for travel expenses to attend court hearings. The date, destination and purpose of each trip is set forth in the attached Exhibit D.

(c) Court Hearing Transcripts: $256.75. The vendors who were paid for these services are listed in the attached Exhibit E.

(d) Consultants/Investigators: $97,882.00.

(i) Tasta Group (dba Caliber Advisors, Inc.) ("Caliber"): $55,387.50. Lead Plaintiff retained the services of Caliber, a valuations and economic consulting firm and its managing director, Bjorn Steinholt, CFA, to assist in financial analysis of materiality, loss causation, market efficiency, and damages. Caliber specializes in financial analyses and related economic

7. The expenses pertaining to this case are reflected in the books and records of this Firm. These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses.

8. The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of January, 2022, at San Diego, California.

*s/Luke O. Brooks*
LUKE O. BROOKS

consulting services with Mr. Steinholt having more than 25 years of experience providing capital markets consulting. Mr. Steinholt provided Lead Counsel with substantial assistance in its economic analysis of market efficiency, materiality, loss causation and damages. Lead Counsel worked closely with Mr. Steinholt throughout the mediation process with Judge Phillips and, after reaching the Settlement, Mr. Steinholt assisted Lead Counsel in developing the proposed plan for allocating the settlement proceeds to eligible Class Members as set forth in the Notice.

(ii) Gryphon Investigations (dba Gryphon Strategies) ("Gryphon"): $20,665.00. Gryphon is a private investigative firm retained by Lead Counsel to assist in the factual investigation of the claims alleged in the Second Amended Complaint. Gryphon's investigators reviewed and analyzed materials in preparation for the investigation, assisted in researching, identifying, and confirming the employment status of prospective witnesses, and conducted interviews with targeted witnesses, and prepared witness interview memoranda in connection with the Second Amended Complaint.

(iii) Fideres Partners LLP ("Fideres"): $15,000.00. Fideres is a leading provider of economic analysis with specialization in antitrust matters. Fideres assisted Lead Counsel in understanding the structure of the generic drug market, and how that structure facilitated the alleged conspiracy. Fideres also provided statistical analyses related to various aspects of the generic drug market that were used in the First and Second Amended Complaints, and assisted in quantifying the impact of the alleged conspiracy.

(iv) Soundview Intelligence LLC ("Soundview"): $6,829.50. Soundview is a private investigative firm retained by Lead Counsel to assist in the factual investigation of the claims alleged in the First Amended Complaint. Soundview's investigator reviewed and analyzed materials in preparation for the investigation, assisted in researching, identifying, and confirming the

employment status of prospective witnesses, conducted interviews with targeted witnesses, and prepared witness interview memoranda in connection with the First Amended Complaint.

(e) Outside Photocopies: $248.65. The Firm paid $248.65 to an outside vendor for blowback printing and coil binding.

(f) Online Legal and Financial Research: $9,556.98. This category includes vendors such as LexisNexis Products, Thomson Financial, and Westlaw. These resources were used to obtain access to SEC filings, factual databases, legal research and for cite-checking of briefs. This expense represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation. The charges for these vendors vary depending upon the type of services requested. For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services. When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated. At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period. As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients. For example, the "market rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(g) Mediation Fees (Phillips ADR Enterprises, P.C.): $62,097.50. The parties retained former United States District Judge, Layn Phillips of Phillips ADR, to serve as mediator. Judge Phillips conducted a full-day mediation, followed by additional mediation sessions and negotiations leading to the settlement of the Litigation.

# EXHIBIT A

# EXHIBIT A

*Fleming v. Impax Laboratories Inc., et al.*, Case No. 4:16-cv-06557-HSG
Robbins Geller Rudman & Dowd LLP
Inception through January 13, 2022

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Alba, Mario | (P) | 38.60 | 870 | $     33,582.00 |
| Brooks, Luke O. | (P) | 844.80 | 945 | 798,336.00 |
| Burkholz, Spencer A. | (P) | 47.50 | 1200 | 57,000.00 |
| Daley, Joseph D. | (P) | 6.10 | 970 | 5,917.00 |
| Gusikoff Stewart, Ellen A. | (P) | 6.00 | 1080 | 6,480.00 |
| Lau, Angel P. | (P) | 908.80 | 760 | 690,688.00 |
| Love, Andrew S. | (P) | 48.50 | 1150 | 55,775.00 |
| Niehaus, Eric I. | (P) | 597.45 | 840 | 501,858.00 |
| Pintar, Theodore J. | (P) | 163.90 | 1100 | 180,290.00 |
| Robbins, Darren J. | (P) | 26.65 | 1325 | 35,311.25 |
| Stein, Jeffrey J. | (P) | 304.55 | 780 | 237,549.00 |
| Lakosil, Natalie F. | (A) | 17.10 | 425 | 7,267.50 |
| McGuire, Sean C. | (A) | 15.00 | 450 | 6,750.00 |
| Oliver, Erika L. | (A) | 446.30 | 520 | 232,076.00 |
| Tull, Joseph J. | (A) | 8.30 | 175 | 1,452.50 |
| Alexander, Susan K. | (OC) | 570.50 | 1150 | 656,075.00 |
| McCormick, Tricia | (OC) | 28.50 | 935 | 26,647.50 |
| Schroder, Stephanie M. | (OC) | 48.00 | 895 | 42,960.00 |
| Walton, David C. | (OC) | 2.50 | 1080 | 2,700.00 |
| Koelbl, Terry R. | (FA) | 159.00 | 600 | 95,400.00 |
| Barhoum, Anthony J. | (EA) | 20.20 | 430 | 8,686.00 |
| Cabusao, Reggie F. | (EA) | 18.75 | 335 | 6,281.25 |
| Uralets, Boris | (EA) | 10.20 | 415 | 4,233.00 |
| Roelen, Scott R. | (RA) | 17.80 | 295 | 5,251.00 |
| Lewis, Bradley P. | (LS) | 5.00 | 150 | 750.00 |
| Torres, Michael | (LS) | 8.60 | 375 | 3,225.00 |
| Paralegals | | 327.65 | 275-350 | 109,861.25 |
| Document Clerks | | 21.75 | 150 | 3,262.50 |
| *TOTAL* | | *4,718.00* | | *$ 3,815,664.75* |

(P) Partner  (EA) Economic Analyst
(A) Associate  (RA) Research Analyst
(OC) Of Counsel  (LS) Litigation Support
(FA) Forensic Accountant