# EXHIBIT 26

Electronically FILED by Superior Court of California, County of Los Angeles on 07/01/2020 06:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Coleman,Deputy Clerk

GREENBERG TRAURIG, LLP
Eric V. Rowen (SBN 106234)
Matthew R. Gershman (SBN 253031)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:   (310) 586-7700
Facsimile:    (310) 586-7800
Email:          RowenE@GTlaw.com
                    GershmanM@GTlaw.com
Attorneys for Respondents and Cross-Petitioners

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ANN M. SIMONS, individually and as the Designated Representative of Family 3,<br><br>Petitioner,<br><br>v.<br><br>THE ENTERPRISE, a business enterprise, GILAD LUMER, individually and as the Designated Family Representative of Family 1, HARRY LUMER, SR., individually and as the Designated Family Representative of Family 2, STUART RUBIN, individually and as a Representative of Family 4, and DAVID WANK, individually and as the Representative of Family 5,<br><br>Respondents.<br><br>AND RELATED CROSS-ACTION. | CASE NO. 19STCP01994<br>[Related to Case No. BS127141]<br><br>[Assigned for all purposes to Hon. Randolph M. Hammock, Dept. 47]<br><br>**DECLARATION OF ERIC V. ROWEN IN SUPPORT OF RESPONDENTS/CROSS-PETITIONERS' MOTION FOR ATTORNEYS' FEES**<br><br>[Filed Concurrently with Notice of Motion and Motion for Attorneys' Fees and [Proposed] Order]<br><br>Date:<br>Time:<br>Dept.:<br><br>**RESERVATION NO. _____**<br><br>Action filed:  May 21, 2019 |

DECLARATION OF ERIC V. ROWEN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

*ACTIVE 51167828*

# DECLARATION OF ERIC V. ROWEN

I, Eric V. Rowen, declare as follows:

1. I am an attorney at law duly licensed to practice by the State of California and before this Court. I am a shareholder at Greenberg Traurig, LLP, and am counsel responsible for the representation of Respondents and Cross-Petitioners The Enterprise, Gilad Lumer, Harry Lumer, Sr., Stuart Rubin, and David Wank ("Respondents"). As such, I have personal knowledge of the following facts, except as to those matters which are based on information and belief, as to which I believe them to be true, and I would competently testify thereto if necessary.

## The Enterprise Agreement and underlying arbitration

2. Respondents and Petitioner Ann Simons ("Petitioner") entered into an Enterprise Agreement in 2001. In 2008, the Enterprise Agreement was amended to provide for a reorganization and termination of Petitioner's position as Vice President. Attached hereto as **Exhibit 1** is a copy of the Enterprise Agreement.

3. In 2008, Petitioner filed the underlying arbitration, seeking to unwind the amendment to the Enterprise Agreement, and Justice John Zebrowski (Ret.) was appointed as the arbitrator in early 2009. The parties agreed to proceed with the arbitration in phases, with issues relating to governance and the validity of the Amendment to be resolved first in Phase 1. On March 3, 2010, Justice Zebrowski issued a Partial Final Award for the first phase, which confirmed the validity of the amendment to the Enterprise Agreement and new management structure. Attached hereto as **Exhibit 2** is a copy of the March 3, 2010 Phase 1 Partial Final Award.

## This Court confirms Justice Zebrowski's Phase I Partial Final Arbitration Award.

4. In June 2010, Respondents filed a petition to confirm the Phase 1 Partial Final Award, a copy of which is attached hereto as **Exhibit 3**. After Petitioner filed a peremptory challenge and asserted that the initial judge, the Honorable Ronald M. Sohigian, was prejudiced, the action was reassigned to the Honorable Gregory W. Alarcon, who, on October 7, 2010, entered an Order in favor of Respondents and against Petitioner. Attached hereto as **Exhibit 4** is a copy of Petitioner's Affidavit of Prejudice Peremptory Challenge to Judicial Officer. Attached hereto as **Exhibit 5** is a copy of this Court's (Hon. Judge Alarcon) Order confirming the Phase I Partial Final Award.

2
DECLARATION OF ERIC V. ROWEN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
ACTIVE 51167828

**Petitioner tries and fails to replace Justice Zebrowski in the arbitration.**

5.     After a multi-year respite to explore settlement negotiations failed, the arbitration proceedings resumed in 2014. Unhappy with the prior outcome from Phase I, Petitioner sent a letter requesting disqualification of Justice Zebrowski in 2014, a copy of which is attached hereto as **Exhibit 6.** Petitioner also initially refused to pay the deposit for her share of the fees, in an apparent attempt to get Justice Zebrowski to resign. Both efforts were unsuccessful.

**Justice Zebrowski orders a further phasing of the arbitration.**

6.     In 2015, after Petitioner's improper attempts to replace the arbitrator failed, Justice Zebrowski asked the parties to provide updated statements identifying the issues to be tried in Phase II. On May 15, 2015, both sides updated their arbitration claims. Attached hereto as **Exhibit 7** is copy of Petitioner's updated claims. Attached hereto as **Exhibit 8** is a copy of Respondents' updated counterclaims. On August 5, 2015, Petitioner updated her claims again, filing an Updated Summary of Claims/Issues to be Pursued in Phase II, a copy of which is attached hereto as **Exhibit 9.**

7.     After briefing and argument, and in order to expedite the separation of the two side's respective business interests, Justice Zebrowski ordered further phasing and determined that the separation issues would be adjudicated before any claims for monetary relief. A copy of Justice Zebrowski's Order explaining that is attached hereto as **Exhibit 10.**

**Phase II concludes with Justice Zebrowski issuing the Phase II Partial Final Arbitration Award.**

8.     Phase II evidentiary hearings were held in December 2015, as well as an additional 18 days spanning August 2017 to August 2018. After closing briefing and argument, and after receiving and considering comments from both sides about a tentative ruling, Justice Zebrowski issued his Phase II Partial Final Arbitration Award, a copy of which is attached hereto as **Exhibit 11.**

**Petitioner unsuccessfully seeks to vacate the Phase II Partial Final Arbitration Award.**

9.     On May 21, 2019, Petitioner filed a 480-page petition to vacate the Phase II Partial Final Award attaching exhibits A through double-C. Rather than file her petition in the action in which Judge Alarcon previously confirmed the Phase I Partial Final Award, as required, Petitioner instead sought a new judge by filing her petition as a new action. Accordingly, Respondents filed a Notice of Related Cases, a copy of which is attached hereto as **Exhibit 12.** Petitioner responded with a 104-page

3

DECLARATION OF ERIC V. ROWEN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
ACTIVE 51167828

1  opposition with exhibits to the related case notice.  Attached hereto as **Exhibits 13 and 14** are copies of
2  Petitioner's Opposition and Respondents' Reply, respectively, regarding the Notice of Related Cases.
3  Ultimately, the Court ordered the cases related and ordered this action reassigned to Judge Alarcon.
4  Attached hereto as **Exhibit 15** is a copy of the Court's July 12, 2019, Order relating the two cases.
5  Attached hereto as **Exhibit 16** is copy of the Court's July 12, 2019, Order reassigning this case to Judge
6  Alarcon.

7        10.     Meanwhile, Respondents had to respond to the petition to vacate and did so by cross-
8  petitioning for confirmation of the Phase II Partial Final Arbitration Award.  Though Petitioner already
9  had filed a lengthy petition to vacate at the outset of this action, Petitioner filed an additional motion to
10 vacate and supporting declaration that now ballooned to 552 pages with Exhibits A through double-G.

11       11.     On July 29, 2019, Petitioner sought to challenge the related-case and judicial
12 reassignment orders, filing a writ petition with the Court of Appeal (Case No. B299523) (the "Writ
13 Petition').  My firm, on behalf of Respondents, filed a preliminary opposition with the Court of Appeal,
14 a copy of which preliminary opposition is attached hereto as **Exhibit 17.**  On August 15, 2019, the Court
15 of Appeal issued a two-sentence Order denying that Writ Petition.  A copy of that Order is attached
16 hereto as **Exhibit 18.**

17       12.     After reassignment of this case to Judge Alarcon, and at the same time she filed her Writ
18 Petition, Petitioner also filed a C.C.P. § 170.6 challenge against him, which triggered further rounds of
19 briefing because the challenge was untimely.  A copy of Petitioner's challenge is attached hereto as
20 **Exhibit 19**.  A copy of Judge Alarcon's subsequent acceptance of the challenge and order to transfer the
21 case to Department 1 is attached hereto as **Exhibit 20**.  On August 12, 2019, Department 1 reassigned
22 this case (and the related confirmation action) to Department 96.  A copy of that order is attached hereto
23 as **Exhibit 21**.

24       13.     The parties then filed their respective opposition papers to the cross-petitions.  To refute
25 Petitioner's motion to vacate and correct the record, Respondents had to present a full picture going
26 back to the beginning of the arbitration that began over a decade before, assembling 48 exhibits in the
27 process.  Petitioner filed an opposition and supporting declaration over 690 pages long with exhibits A
28

through double-H. In addition to their respective reply papers, the briefing also included rounds of filings triggered by Petitioner's serial evidentiary objections.

14. On December 2, 2019, Judge Mohr recused himself, and this matter was reassigned—again—this time to this Department. A copy of that order is attached hereto as **Exhibit 22.** On February 27, 2020, this Department heard the matter and—based on Petitioner's false assertions at the hearing—ordered supplemental briefing. A copy of that order is attached hereto as **Exhibit 23.** The parties then filed their respective supplemental briefs, along with ancillary briefing regarding Petitioner's objections to Respondent's brief.

15. On April 7, 2020, this Court issued its ruling, denying Petitioner's petition and motion to vacate, and granting Respondents' cross-petition to confirm the Phase II Partial Final Arbitration Award. Attached hereto as **Exhibit 24** is a copy of the Court's April 7, 2020 Minute Order. Respondents submitted a proposed form of judgment, to which Petitioner did not object, and, on May 12, 2020, almost a full year after this action began, this Court entered Judgment in Respondents' favor, providing that "Respondents are the prevailing parties" and "may seek their attorneys' fees for this action by motion." Attached hereto as **Exhibit 25** is a copy of the Notice of Entry of Judgment.

**Respondents' Requested Attorneys' Fees Are Reasonable.**

16. Respondents had a core team of attorneys during this action. The team for the trial court action consisted of myself, shareholder Matthew R. Gershman, and associates Christopher Ramos, Jamie Vogel, and Kelsey Sherman. The team for dealing with Petitioner's related failed Writ Petition in the Court of Appeal consisted of myself, shareholders Matthew R. Gershman and Karin Bohmholdt, and associate Kelsey Sherman.

17. I am a commercial civil litigation shareholder at Greenberg Traurig, LLP, and the Co-Chair of the Real Estate Litigation Practice and Chair of the Western Region Real Estate Litigation Group. I have particular experience in litigation involving real estate, real estate financing, commercial real estate leasing, real estate related bankruptcies, and trusts holding vast real estate assets, as well as experience in litigation and pre-litigation counseling involving securitized loan portfolios, bond financings, loan and loan portfolio workouts and restructurings, construction financing, partnership and joint venture disputes, complex eminent domain, lease disputes, entitlements, title issues, title insurance,

and real property related environmental matters. Attached hereto as **Exhibit 26** is a copy of my biography pulled from the firm's website. I have been lead counsel in the underlying arbitration and related court proceedings since inception in 2008 and have headed up the litigation team in this action, setting overall strategy, developing the facts and arguments, supervising drafting of briefing, handling court appearances, and otherwise directing the litigation.

18. Matthew R. Gershman is a shareholder in Greenberg Traurig, LLP's litigation and appellate groups, with particular experience in disputes involving real estate, family trust management, copyright and trademark claims, and class actions. Attached hereto as **Exhibit 27** is a copy of Mr. Gershman's biography pulled from the firm's website. Mr. Gershman had primary responsibility in this action for drafting the briefing and attending all court appearances, developing case strategy, and for managing the case on a day-to-day basis. For the majority of this action, Mr. Gershman and I were the two attorneys handling the case, with additional assistance of other attorneys as appropriate and as discussed below.

19. Karin Bohmholdt is a shareholder in Greenberg Traurig and the Co-Chair of Greenberg Traurig's Los Angeles Litigation Practice. She has particular experience in appellate work in both state and federal courts, including writs and permissive appeals. Ms. Bohmholdt graduated *magna cum laude* from Loyola Law School in Los Angeles in 2004, and she clerked for the Hon. Stephen S. Trott on the U.S. Court of Appeals for the Ninth Circuit. Attached hereto as **Exhibit 28** is a copy of Ms. Bohmholdt's biography pulled from the firm's website. Ms. Bohmholdt aided with respect to analyzing Petitioner's Writ Petition filed with the Court of Appeal, and with revising Respondents' preliminary opposition thereto.

20. Three litigation associates provided additional assistance. Christopher Ramos and Kelsey Sherman assisted in this action while associate Jamie Vogel was on a leave of absence in 2019. Mr. Ramos was responsible for research and analysis in support of briefing in this action, as well as preliminary drafting of the reply in support of Respondents' Cross-Petition to Confirm the Arbitration Award. Ms. Sherman also assisted with research and analysis in support of briefing in this action, as well as preliminary drafts of Respondents' opposition to Petitioner's peremptory challenge and response to Petitioner's objections to the declaration filed in support of Respondents' opposition to the motion to

vacate.  Jamie Vogel provided research and analysis in support of late-stage briefing in this action and was assisted with preparation for the hearing on the Petition to Vacate and Respondents' Cross-Petition to Confirm the Arbitration Award.  Mr. Ramos is no longer with the firm and attached hereto as **Exhibit 29** is an archived copy of Mr. Ramos's biography from the firm's website.  Attached hereto as **Exhibit 30** is a copy of Ms. Vogel's biography from the firm's website.  Attached hereto as **Exhibit 31** is a copy of Ms. Sherman's biography from the firm's website.

21. To be clear, care was taken in the staffing and delegation of responsibility to avoid overlap and duplication. Thus, Mr. Gershman ran point on the briefs and was the lead drafter on the team, while I supervised overall strategy, attended hearings, and had final review on briefs and other drafted documents.  Ms. Bohmholdt aided in dealing with the Writ Petition in the Court of Appeal, and the other junior attorneys contributed primarily in support and research roles, and occasionally with preliminary drafting, as detailed above.  Other billing timekeepers—such as paralegal support—have not been included here in this fee request.

22. I have reviewed the time entries for this matter to determine how much time was billed by each attorney timekeeper in the core team (and the year in which that time was billed).  The total hours incurred by each such attorney—**with respect to this action in the trial court**—are as set forth in the chart below:

| Attorney Timekeeper | Title | Law School graduation year | Hours (and year in which hours worked) |
| --- | --- | --- | --- |
| Eric Rowen | Shareholder | 1982 | 37.5 (2019) |
| | | | 8.0 (2020) |
| Matthew Gershman | Shareholder | 2007 | 90.7 (2019) |
| | | | 16.4 (2020) |
| Christopher Ramos | Associate | 2014 | 63.6 (2019) |
| Jamie Vogel | Associate | 2015 | 11.7 (2019) |
| Kelsey Sherman | Associate | 2018 | 59.8 (2019) |

The total hours incurred by each such attorney—**with respect to dealing with Petitioner's failed Writ Petition in the Court of Appeal**—are as set forth in the chart below:

7

DECLARATION OF ERIC V. ROWEN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
ACTIVE 51167828

| Attorney Timekeeper | Title | Law School graduation year | Hours (and year in which hours worked) |
|---|---|---|---|
| Eric Rowen | Shareholder | 1982 | 4.1 (2019) |
| Karin Bohmholdt | Shareholder | 2004 | 1.9 (2019) |
| Matthew Gershman | Shareholder | 2007 | 5.0 (2019) |
| Kelsey Sherman | Associate | 2018 | 0.7 (2019) |

23. Respondents' core team of professionals each charged the following hourly rates comparable to the prevailing rates of attorneys of similar skill and experience:

| Attorney Timekeeper | Title | Law School graduation year | Hourly Rate(s) (and year in which hourly rate applied) |
|---|---|---|---|
| Eric Rowen | Shareholder | 1982 | $1,250 (2019) |
| | | | $1,315 (2020) |
| Karin Bohmholdt | Shareholder | 2004 | $880 (2019) |
| Matthew Gershman | Shareholder | 2007 | $830 (2019) |
| | | | $890 (2020) |
| Christopher Ramos | Associate | 2014 | $695 |
| Jamie Vogel | Associate | 2015 | $580 |
| Kelsey Sherman | Associate | 2018 | $445 |

24. Thus, the total amount of fees incurred for these services—**with respect to this action in the trial court**—based on the hours and rates identified above, are as set forth in the chart below:

| Attorney Timekeeper | Hours (and year in which hours worked) | Hourly Rate(s) (and year in which hourly rate applied) | Fees |
|---|---|---|---|
| Eric Rowen | 37.5 (2019) | $1,250 (2019) | $46,875.00 |
| | 8.0 (2020) | $1,315 (2020) | $10,520.00 |
| Matthew Gershman | 90.7 (2019) | $830 (2019) | $75,281.00 |
| | 16.4 (2020) | $890 (2020) | $14,596.00 |

8
DECLARATION OF ERIC V. ROWEN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
ACTIVE 51167828

| Christopher Ramos | 63.6 (2019) | $695 (2019) | $42,202.00 |
| Jamie Vogel | 11.7 (2019) | $580 (2019) | $6,786.00 |
| Kelsey Sherman | 59.8 (2019) | $445 (2019) | $26,611.00 |
| **TOTAL** | **287.7** | | **$222,871.00** |

The total amount of fees incurred for these services—**with respect to dealing with Petitioner's failed Writ Petition in the Court of Appeal**—based on the hours and rates identified above, are as set forth in the chart below:

| Attorney Timekeeper | Hours (and year in which hours worked) | Hourly Rate(s) (and year in which hourly rate applied) | Fees |
|---|---|---|---|
| Eric Rowen | 4.1 (2019) | $1,250 (2019) | $5,125.00 |
| Karin Bohmholdt | 1.9 (2019) | $880 (2019) | $1,672.00 |
| Matthew Gershman | 5.0 (2019) | $830 (2019) | $4,150.00 |
| Kelsey Sherman | 0.7 (2019) | $445 (2019) | $311.50 |
| **TOTAL** | **11.7** | | **$11,258.50** |

Thus, the total amount of fees incurred for both the trial court litigation and with respect to dealing with Petitioner's failed Writ Petition in the Court of Appeal is **$234,129.50** ($222,871 + $11,258.50).

25. Where individual time entries included time incurred for both this proceeding as well as other tasks, such as work related to the arbitration, I conservatively trimmed the time entry to my best reasonable estimate of time incurred solely with respect to the work performed for this proceeding. Thus, the amount requested here represents my best calculation of the reasonable fees incurred as to this action, erring on the side of caution so as not to include any other time.

26. I personally reviewed the billings on which the summaries above are based, and I supervised the preparation of these summaries based on review of contemporaneous firm records reflecting total billings, and time records reflecting the work performed by our team on a month-by-month basis. I personally am familiar with the way in which such records are kept and can attest that our time records are inputted at or near the time of the events reflected therein and are kept and maintained electronically in the ordinary course of our firm's business.

9
DECLARATION OF ERIC V. ROWEN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
ACTIVE 51167828

27. The work involved in this action was substantial and has spanned over one year, causing Respondents to incur the fees requested due, in part, to Petitioner having filed (i) a 480-page petition to vacate with exhibits A through double-C, (ii) a 552-page motion to vacate and supporting declaration with exhibits A through double-G, (iii) a 690-page opposition to Respondents' cross-petition with exhibits A through double-H, (iv) a 104-page opposition to a Notice of Related Cases, (v) serial evidentiary objections throughout this litigation, (vi) an untimely C.C.P. § 170.6 challenge that necessitated further rounds of briefing, and (v) a failed Writ Petition with the Court of Appeal to challenge a related case ruling, which petition necessitated a preliminary opposition. Additionally, due to several judge reassignments, the hearings on Petitioner's Petition to Vacate and Respondents' Cross-Petition to Confirm were continued several times. That led to additional time and costs for preparing for oral argument, only for the hearing to be continued again and again.

28. All things considered, and as detailed herein and in the Motion, these fees were necessarily and reasonably incurred, especially considering the work involved, the experience and skill of the attorneys involved, and the prevailing rates at other comparable law firms in Los Angeles.

29. For context, Greenberg Traurig, LLP, was ranked in May 2017 as the largest U.S. law firm, with more than 35 locations at that time throughout the United States and abroad and more than 1,700 attorneys in the United States. Attached hereto as **Exhibit 32** is a copy of an article titled "Turning 50, Greenberg Traurig Tops the Law360 400," <www.law360.com/articles/929048>. The firm has grown now to have 41 offices worldwide. The Real Estate Litigation Practice Group that I chair was awarded 2017 "Law Firm of The Year – Real Estate Litigation," U.S. News—Best Lawyers.

30. With that context in mind, attached hereto as **Exhibit 33** is a copy of The National Law Journal's 2015 survey of hourly billing rates. According to the 2015 Survey, four years before this case was even filed, when rates were generally lower than those charged in 2019 and 2020, the average partner hourly rates at 49 other comparable firms ranged from $715 to $1,055, and the average associate hourly rates at those same firms ranged from $290 to $678.

31. By way of further example, in 2018 to support her own fee application in prior litigation between these same parties as evidence of reasonable hourly rates, Petitioner submitted a Thomson Reuters California Region survey from December 2016—which shows that three years before this case

10
DECLARATION OF ERIC V. ROWEN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
ACTIVE 51167828

was filed, when rates were generally lower than those charged in 2019 and 2020, partner hourly billing rates ranged from $675 (for a 6th-year partner) to $1,350 (for a 32-year partner), while associate hourly billing rates ranged from $675 to $995 (excluding one outlier 16-year associate's billing rate). While Petitioners' entire fee application from that prior action are in the Court's records, the filing exceeds 500 pages; accordingly, for the Court's convenience, attached hereto as **Exhibit 34** is a copy of the relevant portions of Petitioners' fee application from that prior action (Case No. BC667970), as well the Thomson Reuters California Region surveys on which Petitioner relied and that she submitted to the Court. Though the Court denied Petitioner's fee application in that prior litigation, it was because Petitioner was not a prevailing party in that matter either. Attached hereto as **Exhibit 35** is a copy of the Court's April 18, 2018 Minute Order denying Petitioner's fee application in that case on that ground.

32. Additionally, a June 2018 Report by PricewaterhouseCoopers LLP ("PWC Survey") further supports the conclusion that the above-referenced hourly rates are consistent with, or less than, the prevailing rates for attorneys with experience at other law firms of similar size and pedigree that operate offices in Los Angeles. I understand that Greenberg Traurig, LLP's subscription agreement with PricewaterhouseCoopers LLP does not permit me to include the PWC Survey as an exhibit to this declaration. However, according to the PWC Survey, at other firms of similar size and pedigree that operate offices in Los Angeles, (i) the 1st Quartile for the hourly rate of equity partners with 36-40 years' experience was $1,183, as compared to Mr. Rowen's hourly rates in 2019 and 2020 of $1,250 and $1,315, respectively, (ii) the 1st Quartile for the hourly rate of equity partners with 11-15 years' experience was $988, as compared to Mr. Gershman's hourly rates in 2019 and 2020 of $830 and $890, respectively, and to Ms. Bohmholdt's hourly rate in 2019 of $880, (iii) the 1st Quartile for the hourly rate of associates graduating law school in 2014 was $695, the same as Mr. Ramos's hourly rate in 2019, (iv) the 1st Quartile for the hourly rate of associates graduating law school in 2015 was $640, as compared for Ms. Vogel's hourly rate in 2019 of $580, and (v) the 1st Quartile for the hourly rate of 1st-year associates was $491, as compared to Ms. Sherman's hourly rate as a 1st-year associate of $445.

33. In sum, based on the PWC Survey, and consistent with his extensive experience and successful track record, Mr. Rowen's rates in 2019 and 2020 would rank in the top 25% of 2018 rates charged at comparable firms, though it still would be less than rates charged in 2016 by a partner with

lesser experience according to Petitioner's Thomson Reuters California Region Survey. Moreover, when comparing 2018 rates from comparable firms to Mr. Rowen's rates in 2019 or 2020, one must keep in mind that 2018 rates were generally lower than those charged in 2019 and 2020. As for the rest of the core team of professionals, based on the PWC Survey, all their rates during 2019 or 2020 would rank either exactly at or below the top 25% of 2018 rates charged at comparable firms—again, even though rates in 2018 were lower than rates in 2019 and 2020. The rates for Messrs. Gershman and Ramos, as well as Ms. Bohmholdt, Ms. Vogel, and Ms. Sherman also compare similarly to the rates noted in the surveys from several years prior in 2015 (by the National Law Journal) and 2016 (by Thomas Reuters).

34. Moreover, the fees requested here also are reasonable when considering the stakes. Namely, the arbitration award at issue concerned the in-kind allocation of assets based on relative equity values, where the Petitioner's expert in the arbitration opined the assets had a total equity value of $401,600,000, which opinion he revised later to $399,900,000. **Exhibit 36** is the relevant excerpt from Petitioner's expert's exhibit in the underlying arbitration, showing his original and revised opinions of total equity value. Respondents' expert in the arbitration opined the assets had a total equity value of $127,617,000, and a copy of the relevant excerpt from that report is attached as **Exhibit 37**. Either way, as shown in **Exhibit 11** (at pp. 9-11), Justice Zebrowski's Phase II Partial Final Arbitration Award awarded assets equal to 78% of the total equity value to Respondents, and assets equal to 22% of the total equity value to Petitioner.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of July 2020 at Malibu, California.

                                                                             _____/s/ Eric V. Rowen_____

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, California 90067**

On July 1, 2020, I served the **DECLARATION OF ERIC V. ROWEN IN SUPPORT OF RESPONDENTS/CROSS-PETITIONERS' MOTION FOR ATTORNEYS' FEES** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

| | |
|---|---|
| Gerald Sauer<br>Gregory Barchie<br>Sauer & Wagner LLP<br>1801 Century Park East, Suite 1150<br>Los Angeles, CA 90067<br>Telephone: (310) 712-8100<br>Facsimile:  (310) 712-8108<br>E-mail: gsauer@swattys.com<br>           gbarchie@swattys.com<br>           cyang@swattys.com | *Attorney for Ann Simons, individually and as Designated Registered Agent for Family 3* |

☒   **(BY ELECTRONIC MAIL)**

I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

☒   **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 1, 2020, at Los Angeles, California.

**CHRISTINE C. CRONKRITE**

PROOF OF SERVICE

ACTIVE 20277252v1