**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMMY MURILLO,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>   Defendants. | Case No. CV 21-8738 FMO (AGRx)<br><br><br>**ORDER RE: POST-TRIAL MOTION** |

  Having reviewed and considered all the briefing filed with respect to defendants' Motion for New Trial (Dkt. 132, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

  This action arises out of the fatal shooting on December 23, 2017, of Jesse Murillo ("decedent"), plaintiff Tammy Murillo's ("plaintiff") son, by LAPD officers Fred Sigman and Christopher Montague (collectively, the "officers"). (See Dkt. 1-83, First Amended Complaint ("FAC") at ¶¶ 1, 10). Plaintiff's original complaint, which was filed in state court, asserted the following state law claims: (1) wrongful death, Cal. Gov. Code §§ 815.2 & 820(a); (2) battery, Cal. Gov. Code §§ 815.2 & 820(a) and Code of Civ. Proc. § 377.30; and (3) violation of Article 1 under the California Constitution as a survival action, Cal. Civ. Code §§ 51 & 51.2(b) and Code of Civ.

Proc. § 377.30.  (See Dkt. 1-2, Complaint).  On October 7, 2021, plaintiff filed the operative FAC asserting the following additional federal claims pursuant to 42 U.S.C. § 1983: (4) excessive force; (5) substantive due process; and (6) and unconstitutional policy, practice or custom.  (See Dkt. 1-83, FAC).  On November 5, 2021, defendants timely removed the action to federal court.  (See Dkt. 1, Notice of Removal).

On August 25, 2023, following a four-day jury trial, defendants were found liable for all claims and the jury awarded approximately $23 million in damages.  (See Dkt. 125, Redacted Jury Verdict at 4).  With the instant Motion, defendants seek a new trial pursuant to Federal Rule of Civil Procedure 59(a).[1]  (See Dkt. 132, Motion at 1-2).

## **LEGAL STANDARD**

A motion for new trial under Rule 59(a) may be granted "only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (internal quotation marks omitted).  "The district court's denial of the motion for a new trial is reversible only if the record contains no evidence in support of the verdict."  Id. (internal quotation marks omitted).  The court has "the duty to weigh the evidence as the court saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence . . . [or] to prevent, in the sound discretion of the trial judge, a miscarriage of justice[.]"  Tortu v. Las Vegas Metro. Police Dep't, 556 F.3d 1075, 1087 (9th Cir. 2009) (Smith, J., concurring and dissenting in part) (internal quotation and alteration marks omitted).  However, grant of a new trial is a form of "extraordinary relief[,]" Lincoln Benefit Life Co. v. Dallal, 520 F.Supp.3d 1237, 1239 (C.D. Cal. 2021), that may be issued only if "the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed[.]"  Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir. 1987) (internal quotation marks omitted).  Finally, "unless the amount of damages is grossly

---

[1] All further "Rule" references refer to the Federal Rules of Civil Procedure unless otherwise indicated.

excessive, unsupported by the evidence, or based solely on speculation, the reviewing court must uphold the jury's determination of the amount." Morgan v. Woessner, 997 F.2d 1244, 1258 (9th Cir. 1993) (internal quotation and alteration marks omitted).

## DISCUSSION

Defendants' Motion challenges the amount of damages awarded by the jury. (See Dkt. 132, Motion at 6-12). Defendants make three arguments in support of their Motion: (1) the evidence of decedent's "long-term drug and alcohol use, history of paranoia, and criminal activity, was" wrongly excluded, (id. at 6-8); (2) the jury's award of $12 million for wrongful death was not supported by the evidence, (id. at 8-11); and (3) the jury's award of $5.3 million for loss of life was excessive. (Id. at 11-12).

I. COURT'S RULINGS ON MOTIONS IN LIMINE.

Defendants' first argument is that "the court imprudently granted Plaintiff's motions in limine" and excluded evidence of decedent's "past and concurrent drug and alcohol use, including a prior DUI, other prior criminal convictions and experiences with law enforcement . . . [which] was directly relevant to Plaintiff's damages claims and the wholesale exclusion of all such evidence was unfairly prejudicial and contributed to the excessive damages awarded." (Dkt. 132, Motion at 6). This argument simply repeats defendants' briefing on the motions in limine, (compare Dkt. 132, Motion at 6-8, with Dkt. 52, Defendants' Opposition ("MIL 1 Opp.") at 7-11; Dkt. 55, Defendants' Opposition ("MIL 2 Opp.") at 14-16; and Dkt. 57, Defendants' Opposition ("MIL 3 Opp.") at 6-11), which the court previously addressed. (See Dkt. 107, Court's Order of August 21, 2023). Defendants make no new arguments concerning this evidence, (see, generally, Dkt. 132, Motion at 6-7), and the court sees no reason to reconsider its Order of August 21, 2023. See, e.g., PSM Holding Corp. v. Nat'l Farm Fin. Corp., 2008 WL 11434495, *4 (C.D. Cal. 2008) (declining to grant new trial motion where defendants' challenges to court's in limine rulings constituted nothing more than "re-argument"); Cunning v. Skye Bioscience, Inc., 2023 WL 6370931, *5 (C.D. Cal. 2023) (holding that Rule 59 is not an appropriate vehicle to challenge rulings on motions in limine where the defendant "does not advance meaningfully different arguments than they advanced in support

of their motion in limine"); Barranco v. 3D Sys. Corp., 2018 WL 4323895, *6 (D. Haw. 2018) (same).

## II.    WRONGFUL DEATH DAMAGES.

Defendants advance three arguments in support of their position that the wrong death award was excessive: (1) the court wrongly excluded certain evidence about decedent's alleged drug use and criminal history, (see Dkt. 132, Motion at 9); (2) the jury relied on inappropriate evidence about plaintiff's emotional distress, (id. at 9-10); and (3) the amount of damages is disproportionate to amounts awarded in other cases. (Id. at 10-11). Defendants' first argument is without merit for the reasons discussed above. See supra at § I.

As to defendants' second argument, the court is not persuaded that the evidence – i.e., a relatively brief selection of plaintiff's direct examination, as well as a few lines of closing argument, (see Dkt. 132, Motion at 9-10) – was wrongfully admitted or had any bearing on the jury's verdict; nor do defendants provide any authority to the contrary. (See, generally, id.). Further, the jury was instructed that "[i]n determining Tammy Murillo's loss," it could "not consider: 1. Tammy Murillo's grief, sorrow, or mental anguish; 2. Jesse Murillo's pain and suffering; or 3. The poverty or wealth of Tammy Murillo." (Dkt. 119, Jury Instructions With Authority at 40). The jury was also instructed that it "must not speculate or guess in awarding damages." (Id.). Given that "in all cases, juries are presumed to follow the court's instructions[,]" CSX Transp., Inc. v. Hensley, 556 U.S. 838, 841, 129 S.Ct. 2139, 2141 (2009); United States v. Reyes, 660 F.3d 454, 468 (9th Cir. 2011) (same), the court is persuaded that even if the challenged testimony and argument were wrongly permitted, it would nevertheless deny defendants' Motion.

Indeed, the jury in the instant case was presented with ample evidence from which they could have concluded that $12 million was an appropriate award for wrongful death damages. (See Dkt. 132-1, Motion, Exh. A, Excerpts from Realtime Transcript ("R. Tr.")). For example, plaintiff testified that her son provided around $2,000 a month in direct financial support, (id. at 10), bought her expensive gifts, (id. at 14), did repairs around the house, (id. at 12), and he "was . . . and still is a big part of [her] life[.]" (Id. at 16-17).

Defendants' final argument, that the amount of wrongful damages was excessive in light awards in other case, (see Dkt. 132, Motion at 10-11), is also unpersuasive. Somewhat

inexplicably, defendants' only citations in support of their position are to cases in which the wrongful death damages were upheld. (Id.). They do not identify a single case in which a comparable damages amount has been overturned. (See, generally, id.). Moreover, other than noting the age and gender of the decedents in their cited cases, defendants provide no argument as to how any of those cases are comparable to the case at bar. (Id.). In short, the court is not persuaded by defendants' argument that the damages amount was excessive in light of comparable verdicts, or that "there is nothing to support the excessive award of $12,000,000." (Dkt. 132, Motion at 9).

III.   ENJOYMENT OF LIFE DAMAGES.

Defendants also argue that the award of $5.3 million in for enjoyment of life damages was excessive. (See Dkt. 132, Motion at 11-12). In support of their position, defendants repeat their disagreement with the court's ruling on the parties' motions in limine, (see id. at 11), which, as noted above, see supra at § I., is unpersuasive. Defendants also make a passing remark that "[t]he jury was given no guidance on what to consider when determining an award for Jesse's loss of enjoyment of life," (Dkt. 132, Motion at 11), but provide no argument regarding why they believe the jury instruction that was given – which was taken verbatim from the Ninth Circuit Manual of Model Civil Jury Instructions, (see Dkt. 119, Jury Instructions With Authority at 39) – was inadequate. (See, generally, Dkt. 132, Motion at 11).

Additionally, defendants contend that counsel's argument in summation that decedent may have married and had kids was unsupported by the record. (See Dkt. 132, Motion at 11). The court disagrees. This was proper argument based on, among other things, the testimony of decedent's mother. (See, e.g., Dkt. 132-1, R. Tr. at 14-17); Herring v. New York, 422 U.S. 853, 862, 95 S.Ct. 2550, 2555 (1975) (noting that trial courts have "great latitude" to "ensure that argument does not stray unduly from the mark"). Moreover, even if defense counsel's comment were improper, it would not have been sufficiently prejudicial as to warrant a new trial. See Interstate Markings, Inc. v. Mingus Constructors, Inc., 941 F.2d 1010, 1015 (9th Cir. 1991) ("[T]he trial court is presumed to be in a better position than the court of appeals to gauge the prejudicial effect of improper comments.").

1      Finally, the court is not persuaded by defendants' argument that "[a] comparison of similar verdicts confirm these damages are excessive." (Dkt. 132, Motion at 11). As with defendants' argument concerning wrongful death damages, defendants provide no analysis as to how their cited cases are comparable in any manner to the case at bar. (See, generally, id. at 11-12); see supra at § II.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT defendants' Motion **(Document No. 132)** is **denied**.

Dated this 5th day of April, 2024.

/s/
Fernando M. Olguin
United States District Judge